George Wentz, Jr. (*Pro hac vice application forthcoming*)
**The Davillier Law Group, LLC**
414 Church St., Suite 308
Sandpoint, ID 83864
208-920-6140
Email:
gwentz@davillierlawgroup.com

Alexander Kolodin (030826)
Arno Naeckel (026158)
**Davillier Law Group, LLC**
3443 N. Central Ave., Suite 1009
Phoenix, AZ 85012-2222
602-730-2985
Email:
akolodin@davillierlawgroup.com
anaeckel@davillierlawgroup.com
phxadmin@davillierlawgroup.com (file copies)

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ryan Cox, individually and on behalf of all others similarly situated;<br><br>Plaintiffs;<br>v.<br><br>CoinMarketCap OpCo, LLC, Binance Capital Management Co., Ltd. d/b/a Binance and Binance.com, BAM Trading Services Inc. d/b/a Binance.US, Changpeng Zhao, Catherine Coley, Yi He, Ted Lin, and Does I-X;<br><br>Defendants; | **Case No.**: 3:21-cv-08197-SMB<br><br>**PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE**<br>**[Defendants Changpeng Zhao, Yi He, and Ted Lin]** |

Plaintiff, Ryan Cox *et al*., by and through his attorneys, Arno Naeckel and The Davillier Law Group, LLC, moves this Honorable Court to allow service of process upon Defendants Changpeng Zhao, Yi He, and Ted Lin (the "Individual Defendants"), by alternative method and states:

## INTRODUCTION

Binance has been described as the "archetype" of the lightly regulated cryptocurrency "casino" that "hop[s] around from jurisdiction to jurisdiction to avoid the watchful eyes of regulators" and claiming that it has "a devil-may-care attitude toward compliance, KYC/AML, wash trading, and reporting[1]. Although Plaintiff has been successful in personally serving the three corporate defendants (CoinMarketCap OpCo, LLC, Binance Capital Management, and BAM Trading Services Inc.), the Individual Defendants have gone to ground and are international "ghosts," which allow them to avoid regulators and dodge litigation. Defendants Changpeng Zhao, Yi He and Ted Lin are Chinese nationals whose country of domicile cannot be definitively ascertained. Ms. Coley was once domiciled in the United States but has vanished.[2, 3]

## FACTS

Binance's CEO, defendant Changpeng Zhao, founded Binance in China but shortly thereafter moved Binance's headquarters to Japan, in advance of the Chinese government's ban on cryptocurrency trading.[4]

In March 2018, because of increasing regulatory scrutiny in Japan, Binance moved its nominal headquarters to Malta[5]. However, Zhao has stated that: "Binance.com has always operated in a decentralized manner as we reach out to our users across more than 180 nations worldwide. As well as pushing the envelope in experimenting on how to become a true DAO (decentralized autonomous organization)."[6]

---

[1] Nic Carter, *The Dark Underbelly of Cryptocurrency Markets*, NIC CARTER (Sept. 3, 2018) https://medium.com/s/the-crypto-collection/a-glimpse-into-the-dark-underbelly-ofcryptocurrency- markets d1690b761eaf (last visited September 13, 2021).

[2] Plaintiff has recently begun the process of serving her by publication pursuant FRCP 4(e) (service may be made by any of the means allowed in state court) and ARCP 4.2(f) (allowing for defendants located in other states to be served by publication).

[3] Henry Chia, *The Police Say Former Binance.US CEO Catherine Coley 'not reported missing'*, AsiaMarkets.com (October 13, 2021), https://www.asiamarkets.com/the-curious-case-of-catherine-coley/ (last visited November 11, 2021).

[4] Matthew Ds Saro, *Japan's FSA warns Binance Again for Operating Without a License,* Yahoo.com (June 25, 2021), https://Yahoo.finance.com/news/japan-fsa-warns-binance-again-194000041.html (last visited November 11, 2021).

[5] Paul Andrew, *Binance Moving to Malta*, Coin Central.com (23 March 2021), https://www.coincentral.com/binance-moving-to-malta/ (last visited November 11, 2021).

[6] Binance CEO Dismisses Malta Controversy: "This is Old News", SUPERCRYPTONEWS

Malta for its part has announced that Binance is not under its jurisdiction. "Since then Binance has not said just where, exactly, it is now headquartered."[7]

Coindesk has reported on Zhao's 2020 response to one questioner who asked where Binance was headquartered:

> *Then it hit. Shin asked the one question Zhao really didn't want to have to answer, but many want to know: Where is Binance's headquarters? . . .*
>
> *Little wonder that when asked Zhao reddened; he stammered. He looked off camera, possibly to an aide. 'Well, I think what this is is the beauty of the blockchain, right, so you don't have to ... like where's the Bitcoin office, because Bitcoin doesn't have an office,' he said.*
>
> *The line trailed off, then inspiration hit. 'What kind of horse is a car?' Zhao asked. Binance has loads of offices, he continued, with staff in 50 countries. It was a new type of organization that doesn't need registered bank accounts and postal addresses.*[8]

Nic Carter, a partner at venture capital firm Castle Island Ventures, and cofounder of CoinMetrics.io has called Binance the "archetype" of the lightly regulated cryptocurrency "casino" that "hop[s] around from jurisdiction to jurisdiction to avoid the watchful eyes of regulators" and claiming that it has "a devil-may-care attitude toward compliance, KYC/AML, wash trading, and reporting."[9]

Binance's corporate structure is not transparent. Its holding company is registered in the Cayman Islands, according to British court documents and the Malaysian Securities

---

(Feb. 24, 2020), https://www.supercryptonews.com/binance-malta-controversy/ (last visited Aug. 31, 2021).

[7] Paddy Baker, Binance Doesn't Have a Headquarters Because Bitcoin Doesn't, Says CEO, COINDESK (May 8, 2020) (updated Aug. 24, 2021), https://www.coindesk.com/binance-doesnt-have-a-headquarters-because-bitcoin-doesntsays-ceo (last visited Aug. 31, 2021).

[8] Paddy Baker, Binance Doesn't Have a Headquarters Because Bitcoin Doesn't, Says CEO, COINDESK (May 8, 2020) (updated Aug. 24, 2021), https://www.coindesk.com/binance-doesnt-have-a-headquarters-because-bitcoin-doesntsays-ceo (last visited Aug. 31, 2021).

[9] Nic Carter, The Dark Underbelly of Cryptocurrency Markets, NIC CARTER (Sept. 3, 2018) https://medium.com/s/the-crypto-collection/a-glimpse-into-the-dark-underbelly-ofcryptocurrency- markets d1690b761eaf (last visited September 13, 2021).

Regulatory Authority.[10]

On July 1, 2021, the Cayman Islands Monetary Authority issued a statement titled, "Binance Not Authorized by CIMA to Operate Crypto-Currency Exchange."[11] The Authority asserted that, "Binance, the Binance Group and Binance Holdings Limited are not registered, licensed, regulated or otherwise authorized by the Authority to operate a crypto-currency exchange from or within the Cayman Islands."[12] However, in its statement the Authority hedges is position by stating, "[t]he Authority is currently investigating whether Binance, the Binance Group, Binance Holdings Limited or any other company affiliated with this group of companies has any activities operating in or from within the Cayman Islands which may fall within the scope of the Authority's regulatory oversight."[13]

Dunn & Bradstreet, a global authority in providing the most comprehensive and continuously updated service of business entities, world-wide, lists Binance's location at a Caribbean PO Box, specifically Suite 5-204, 23 Lime Tree Bay Avenue, P.O. GEORGE TOWN, GRAND CAYMAN, KY11104.[14]

Further mudding the waters, are recent reports that Binance CEO, Changpeng Zhao is organizing his company in Ireland.[15] Needless to say, no one know exactly where Binance is headquartered or where its officers may be found.

As discussed above, Changpeng Zhao is Binance's Chief Executive Officer ("CEO"). Defendant Changpeng Zhao, founded Binance in China but shortly thereafter moved Binance's headquarters to Japan, in advance of the Chinese government's ban on

---

[10] Dun & Bradstreet, https://dnb.com/business-directory/company-profoles_limited_holdings.4c5e5e9fe1cb37cf1e43e9dc3be92377.html (last visited November 11, 2021).
[11] Binance Not Authorised by CIMA to Operate Crypto-Currency Exchange (Jul. 1, 2021), https://www.cima.ky/binance-not-regulated-by-cima (last visited Oct. 13, 2021).
[12] Binance Not Authorised by CIMA to Operate Crypto-Currency Exchange (Jul. 1, 2021), https://www.cima.ky/binance-not-regulated-by-cima (last visited Oct. 13, 2021).
[13] Binance Not Authorised by CIMA to Operate Crypto-Currency Exchange (Jul. 1, 2021), https://www.cima.ky/binance-not-regulated-by-cima (last visited Oct. 13, 2021).
[14] Dunn & Bradstreet, Binance Holdings Limited, https://www.dnb.com/business-directory/company profiles.binance_holdings_limited.4c5e5e9fe1cb37cf1e43e9dc3be92377.html#related-companies (last viewed Oct. 17, 2021).
[15] Sharla Hamblin, Binance May Open Headquarters In Ireland | Blockchain24, SHARLA HAMBLIN (Oct. 8, 2021), https://thegoaspotlight.com/2021/10/08/binance-may-open-headquarters-in-ireland-blockchain24/ Sharla Hamblin (last visited Oct. 17, 2021).

cryptocurrency trading.

Yi He is the Chief Marketing Officer ("CMO") of Binance and cofounded Binance along with Zhao and Wang. In her role as CMO, she oversees "all marketing efforts" and has touted that she increased "Binance's global influence to become a top cryptocurrency exchange."[16]

Ted Lin has been the Chief Growth Officer of Binance since September 2018. According to his LinkedIn profile, his responsibilities include, among other things, "aligning strategic partners worldwide."[17]

Despite diligent efforts, Zhao's, He's, and Lin's locations and their respective residences remain unknown. Prior to filing this motion for alternative service, Plaintiffs contracted with private Dave Zinn of Venator Services, Inc. to locate Zhao, He, and Lin to effectuate service of process upon them.

Investigator Zinn has been a private investigator for over ten years. **Exhibit A** ¶ 4. He holds an Arizona private investor's license through the Arizona Department of Public Safety. *Id*. ¶ 5. As a private investigator he has participated in multiple successful attempts to track down, and conduct surveillance on, foreign individuals. *Id*. ¶ 6. Prior to that, he worked as a bounty hunter for six years and served in the US Marine Corps for eight years. *Id*. ¶ 7. As a marine, he served in Iraq where he led the provincial governor of Kut's personal security detail and provided security for, among other things, classified information, diplomatic personnel, and property. *Id*. ¶ 8.

Investigator Zinn's results and findings are detailed in his report ("Report"). **Exhibit A** ¶ 10. Despite his exhaustive efforts, Investigator Zinn was unable to definitively ascertain even in which country Changpeng Zhao, Yi He, and Ted Lin were located. *Id*. ¶ 11.

It is within Investigator Zinn's knowledge and training that highly technologically sophisticated individuals such as Changpeng Zhao, Yi He, and Ted Lin have the expertise and knowledge to conceal or erase their digital footprints to live and remain virtually

---

[16] Binance, BLOCKDATA, https://www.blockdata.tech/profiles/binance (last visited Aug. 31, 2021).
[17] Ted Lin, LINKEDIN, https://www.linkedin.com/in/ted-lin-545a4491/ (last visited Aug. 31, 2021).

undetectable, especially to private parties without the resources of law enforcement. **Exhibit A** ¶ 12.

Investigator Zinn was able to collate many relevant, current, and active social media accounts of Changpeng Zhao, Yi He, and Ted Lin. **Exhibit A** ¶ 13. Some of the social media accounts identified in the Report are constantly monitored and posted on by Changpeng Zhao, Yi He, and Ted Lin, and these are noted in the report. *Id*. After surveying the numerous social media profiles he located for these Defendants, Investigator Zinn has ascertained that service on the following accounts is most reasonably calculated to provide notice:

*. Chengpeng Zhao: https://twitter.com/cz_binance/

*. Yi He: https://twitter.com/heyibinance

*. Ted Lin: https://twitter.com/Teddy_Lin

*Id*. Notice may be delivered to these accounts by making a mention of them (AKA tweeting at them). A mention is a Tweet that contains another person's username anywhere in the body of the Tweet.[18] Everyone mentioned in a Tweet "will see your tweet in their Notifications tab.".[19]

On November 12, 2021, undersigned counsel's office tweeted a copy of the summons and a link to the Complaint at of these accounts, thereby causing Defendants Zhao, He, and Lin to receive notification of the same. **Exhibit B** ¶¶ 4-6.

By following the links above it can be observed that each of these profiles identifies the user as an officer of Binance. Defendant Zhao's profile identifies him as CEO of Binance, Defendant He's profile identifies her as Co-founder and CMO of Binance, and Defendant Lin's profile identifies him as Chief Growth Officer of Binance. **Exhibit B** ¶ 7. However, these profiles do not identify where the Individual Defendants are located. Rather, as of November 15, 2021, Defendant Zhao's profile did not list a location, Defendant He listed his location as "Decentralized" and Defendant Lin's profile listed her location as

---

[18] *About replies and mentions*, TWITTER, https://help.twitter.com/en/using-twitter/mentions-and-replies (last visited November 9th, 2021).
[19] *Id*.

"Mars". *Id*. Further, these links demonstrate that both Defendant Zhao and Defendant He tweeted from these profiles as recently as November 15, 2021 and that Defendant Lin last utilized his profile no less recently than November 11, when he "liked" a post. *Id*.

## LEGAL STANDARD

To serve process upon an individual in a foreign country, a federal plaintiff must comply with both constitutional due process notice requirements and Rule 4(f). Where service of process and constitutional due process notice requirements are concerned, the methods of service must provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950). The determination of due process requires the balancing of "the vital interest of the State in bringing any issues as to its fiduciaries to a final settlement" against "the individual interest sought to be protected by the Fourteenth Amendment." *Id*. at 313-314, 70 S. Ct. at 657, 94 L. Ed. at 873.

Rule 4(f) governs service of process on an individual in a foreign country and provides three mechanisms of service: (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by [certain specified means outlined in the Rule] reasonably calculated to give notice . . .; or (3) by other means not prohibited by international agreement, "as the court orders.".

In applying Rule 4(f)(3) federal district courts are growing ever more comfortable with ordering electronic service when necessary, so long as it provides a reasonable assurance that defendant will be notified of the lawsuit *and* is not prohibited by international agreement. *See Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016-17 (9th Cir.2002).[20]

---

[20] *See also BP Prods. N. Am., Inc.*, 232 F.R.D. at 265 (E.D. Va. 2005); *Liberty Media Holdings, LLC v. Sheng Gan*, No. 11-CV-02754-MSK-KMT, 2012 U.S. Dist. LEXIS 5166, 2012 WL 122862 at * 2 (D. Colo. Jan. 17, 2012).

The decision whether to order alternative service of process under Rule 4(f)(3) rests solely within the sound discretion of the court. *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). Rule 4(f) does not establish a hierarchy of the three mechanisms of service of process. *Id*. at 1015. Under Rule 4(f) a plaintiff may request alternative service without requiring him to first attempt service pursuant to Rule 4(f)(1) or Rule 4(f)(2). *Id*.; *See also MorningStar v. Dejun*, 2013 U.S. Dist. LEXIS 17672, 2013 WL 502474, at *1 (C.D. Cal. Feb. 8, 2013). Service pursuant to Rule 4(f)(3) is "neither a last resort nor extraordinary relief, it is merely one means among several which enables service of process on an international defendant." *Rio Props. v. Rio Int'l Interlink* 284 F.3d at 1015. In applying Rule 4(f)(3), a district court may tailor the method of service to the circumstances so long as that method 1) is not prohibited by international agreement and 2) comports with constitutional notions of due process. *Id*. at 1015. Courts therefore have broad flexibly and latitude under Rule 4(f)(3) to authorize service by differing modes of electronic and online communications including email and social networking sites like LinkedIn or Twitter.[21] As the 9th Circuit has said:

> *Courts ... cannot be blind to changes and advances in technology. No longer do we live in a world where communications are conducted solely by mail carried by fast sailing clipper ... ships. Electronic communication via satellite can and does provide instantaneous transmission of notice and information. No longer must process be mailed to a defendant's door when he can receive complete notice at an electronic terminal inside his very office, even when the door is steel and bolted shut.*

*Rio Props. v. Rio Int'l Interlink*, 284 F.3d at 1017.

---

[21] *See, e.g.*, *WhosHere, Inc. v. Orun*, Civil Action No. 1:13-cv-00526-AJT-TRJ, 2014 U.S. Dist. LEXIS 22084, at *9 (E.D. Va. Feb. 20, 2014) (permitting service via two email accounts, Facebook and LinkedIn); *PCCare247 Inc.*, 2013 U.S. Dist. LEXIS 31969, 2013 WL 841037 at *3-4 (S.D.N.Y Mar. 7, 2013) (permitting service by email and Facebook); *In re Int'l Telemedia Associates, Inc.*, 245 B.R. 713, 720 (Bankr. N.D. Ga. 2000) (applying Rule 4(f)(3), to authorize service on defendant by fax and email address); *Rio Properties, Inc.*, 284 F.3d at 1016 (permitting service by email); *Chanel, Inc. v. acheterchanel.com*, 2012 U.S. Dist. LEXIS 115518, 2012 WL 3544844, at *3 (S.D. Fla. Aug. 16, 2012) (authorizing service of process by email pursuant to Rule 4(f)(3)).

**ANALYSIS**

At present, this plaintiff is confronted with attempting to locate valid physical addresses for Changpeng Zhao, Yi He, and Ted Lin, - but no one knows even where Binance's headquarters is located, let alone the Individual Defendants. Furthermore, Binance CEO, Changpeng Zhao has orchestrated a targeted media campaign to throw off would-be litigants and U.S. regulatory agencies.[22]

Arguably, when the Hague Service Convention applies, a court may choose to play it safe, requiring that a plaintiff must first comply with Rule 4(f)(1) before seeking alternative service under Rule 4(f)(3)—to ensure that the Hague Service Convention is not violated.[23] However, this is not the case here. Two incontrovertible facts exist here that permit this Court to order electronic service on the Individual Defendants via their social media accounts.

First, since Binance's headquarters are purposefully concealed and the Individual Defendants' have gone to ground, these locations are unknown. As such, there is no way of knowing if the Hague Service Convention applies or not to any Individual Defendant. For example, some reports place Zhao's residence in either Taiwan or Singapore.[24] Singapore is a signatory of the Hague Service Convention;[25] Taiwan is not a signatory of the Hague Service Convention.[26]

---

[22] Tom Shoenberg, Binance Faces Probe by U.S. Money-Laundering and Tax Sleuths (May 13, 2021), https://www.bloomberg.com/news/articles/2021-05-13/binance-probed-by-u-s-as-money-laundering-tax-sleuths-bore-in (last viewed Oct. 17, 2021).

[23] *Facebook, Inc. v. 9 Xiu Network Shenzhen Tech. Co.*, 480 F. Supp. 3d 977, 986 (N.D. Cal. 2020) ("Critically, in discussing 4(f)(1), the Advisory Committee's notes confirm that '[u]se of the Convention procedures, when available, is mandatory if documents must be transmitted abroad to effect service.' Rule 4 Notes, subdivision (f)(1). This directive is consistent with the Convention, and it means that when the Convention applies—which it didn't in *Rio*—service under 4(f)(1) is indeed preferred over service under 4(f)(2) and 4(f)(3). Rule 4(f) may be silent on this preference, but the Convention and the Advisory Committee's notes are not.").

[24] Coinmarketcap.com, Changpeng Zhao (CZ), https://coinmarketcap.com/alexandria/glossary/changpeng-zhao-cz (last visited Oct. 17, 2021); Forbes, #22 Changpeng Zhao (Aug. 10, 2021) https://www.forbes.com/profile/changpeng-zhao/?sh=ec229136277b (last visited Oct. 17, 2021).

[25] *Singapore Judicial Assistance Information*, U.S. DEPARTMENT OF STATE, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Singapore.html (last visited Nov. 9, 2021).

[26] *Taiwan Judicial Assistance Information*, U.S. DEPARTMENT OF STATE, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Taiwan.html (last visited Nov. 9, 2021).

Second, Binance CEO Changpeng Zhao and Binance's headquarters are inextricably intertwined. Zhao is quoted stating publicly, "[w]herever I sit, is going to be the Binance office."[27] Thus, wherever Binance's headquarters is located is where Zhao is - and Binance's headquarters is nowhere to be found.

Considering the present facts and circumstances facing the Plaintiff, service of process via certified mail or a process server has been, and is likely to continue to be, ineffective due to the Individual Defendants' efforts to evade litigants and U.S. regulators, alike.

Because of the active use and participation by the above-named defendant on their respective social media accounts, posting notice of service of process to their social media accounts is a "reasonably calculated method" of service that ensures the delivery of adequate notice. In addition, because Binance itself has already been served, and retained counsel, it is a virtual certainty that the Individual Defendants, who are Binance's officers, are already aware of this action.

**CONCLUSION**

Plaintiff respectfully requests this Court to permit 1) service by publication and 2) electronic service of process upon Changpeng Zhao, Yi He, and Ted Lin at the following accounts:

*. Chengpeng Zhao: https://twitter.com/cz_binance/

*. Yi He: https://twitter.com/heyibinance

*. Ted Lin: https://twitter.com/Teddy_Lin

Further, because Defendants might be induced to delete their accounts or change their privacy settings on these accounts after this brief becomes public record, Plaintiffs have tweeted a copy of the summons, and a link to the complaint, at each of these profiles, prior to the filing of this motion. Therefore, Plaintiff requests that this Court Order Zhao, He, and

---

[27] Paddy Baker, Binance Doesn't Have a Headquarters Because Bitcoin Doesn't, Says CEO, COINDESK (May 8, 2020) (updated Aug. 24, 2021), https://www.coindesk.com/binance-doesnt-have-a-headquarters-because-bitcoin-doesntsays-ceo (last visited Aug. 31, 2021).

Lin to answer the Complaint within 21 days of its order approving alternative service. A proposed form of order is attached hereto.

Respectfully submitted this 15th day of November, 2021

/s/Arno Naeckel

Arno Naeckel
DAVILLIER LAW GROUP, LLC
3443 N. Central Ave. Ste 1009
Phoenix, AZ 85012

# **CERTIFICATE OF COMPLIANCE**

I hereby certify that this Motion, which is **11 pages**, does not exceed the page limit set forth by LRCiv 7.2(e)(1) of 17 pages.

Dated this 15th day of November, 2021

/s/Arno Naeckel

Arno Naeckel
DAVILLIER LAW GROUP, LLC
3443 N. Central Ave. Ste 1009
Phoenix, AZ 85012

## CERTIFICATE OF SERVICE

I hereby certify that on November 15th, 2021, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

Dated this 15th day of November, 2021

/s/Arno Naeckel

Arno Naeckel
DAVILLIER LAW GROUP, LLC
3443 N. Central Ave. Ste 1009
Phoenix, AZ 85012