George Wentz, Jr. (*Pro hac vice*)
**The Davillier Law Group, LLC**
414 Church St., Suite 308
Sandpoint, ID 83864
208-920-6140
Email: gwentz@davillierlawgroup.com

Alexander Kolodin (SBN 030826)
Arno Naeckel (SBN 026158)
**The Davillier Law Group LLC**
3443 N. Central Ave., Suite 1009
Phoenix, AZ 85012
620-730-2985
Email: akolodin@davillierlawgroup.com
        anaeckel@davillierlawgroup.com
        phxadmin@davillierlawgroup.com (file copies)

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ryan Cox, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> CoinMarketCap OpCo, LLC, Binance Capital Management Co., Ltd. d/b/a Binance and Binance.com, BAM Trading Services Inc. d/b/a Binance.US, Changpeng Zhao, Catherine Coley, Yi He, Ted Lin, and Does I-X; <br><br> Defendants. | Case No.: 3:21-cv-08197-SMB <br><br><br> **PLAINTIFFS' MOTION FOR EXTENSION OF TIME FOR SERVICE [Defendants Changpeng Zhao, Catherine Coley, Yi He, And Ted Lin]** |

Plaintiff, Ryan Cox *et al*., by and through his attorneys, Arno Naeckel and the

Davillier Law Group LLC, moves this Honorable Court to extend the time to serve

- 1 -

Defendants Changpeng Zhao, Catherine Coley, Yi He, and Ted Lin (the "Individual Defendants"), based upon the argument below:

### FACTS

On November 15, 2021, Plaintiffs filed Plaintiffs' Motion for Alternative Service [DE 24] on Changpeng Zhao, Yi He, and Ted Lin (the "Individual Defendants").[1] Among the reasons for the request before this Court was Plaintiffs' information and belief that the Individual Defendants had "gone to ground," and were evading regulators and litigation by avoiding traditional business structures and domiciles. As described in detail in Plaintiffs' Motion for Alternative Service, Plaintiffs' have engaged in substantial investigation to locate the Individual Defendants for service but have not been able to serve them as of this date. Counsel for all three of the corporate Defendants—CoinMarketCap OpCo, LLC ("CoinMarketCap"), Binance Capital Management Co., Ltd. d/b/a Binance and Binance.com ("Binance"), and BAM Trading Services, Inc., d/b/a Binance.US ("Binance.US") have engaged in the litigation by way of their joint stipulation filed November 3, 2021 with Plaintiffs regarding the deadline for their response to the Plaintiffs' Complaint. [DE 16]. The Court is still considering Plaintiffs' Motion for Alternative Service as of this date.

---

[1] The Motion for Alternative Service did not address Catherine Coley because she was being served by publication for the reasons set forth therein. Plaintiff expects to file a certificate of service by publication for Catherine Coley later today. Plaintiff asks for an extension of time as to Coley only out of an abundance of caution.

**LEGAL STANDARD**

Time for service must be extended for an "appropriate period" upon a showing of good cause for failure to serve within the specified time. F.R.C.P. 4(m). "District courts have broad discretion to extend time for service under Rule 4(m)." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). "In making extension decisions under Rule 4(m) a district court may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service. *Id.*, at 1041 (citing *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)) (internal quotation marks omitted). Service under Rule 4 is "a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Scott v. Sebelius*, 379 F. App'x 603, 604 (9th Cir. 2010) (internal citation omitted).

**ARGUMENT**

Plaintiffs' have taken reasonable and substantial measures to locate and serve the Individual Defendants in this matter, as described in Plaintiffs' Motion for Alternative Service. *See generally,* [DE 24], p. 5, ln. 9-23; [DE 24], Ex. A. Upon Plaintiffs' information and belief, Binance.US is owned in significant portion by Binance and/or Defendant Changpeng Zhao, and, as alleged by Plaintiffs in their Complaint, it is unclear whether there is "any meaningful distinction between the two at all." [DE 1], at ¶ 67. Additionally, especially as all three of the corporate Defendants have engaged in the litigation, it is reasonable to assume that, based upon the facts as alleged in Plaintiffs' Motion for Alternative Service, the Individual Defendants have had actual notice of the complaint, and that their inaccessibility for service is a

purposeful tactic to avoid American justice for their anticompetitive and fraudulent acts as alleged in Plaintiffs' Complaint. Therefore, in the interest of both judicial efficiency—given that the Plaintiffs' previous motion is still under consideration by this Court—and in the interest of justice, with due eye to the broad discretion given to the district court to extend time for service under F.R.C.P. 4(m), Plaintiffs respectfully request this court grant Plaintiffs' Motion for Extension of Time for Service.

Respectfully submitted this 10th day of December, 2021.

/s/ Alexander Kolodin
Alexander Kolodin
DAVILLIER LAW GROUP, LLC
3443 N. Central Ave. Ste 1009
Phoenix, AZ 85012

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this Motion, which is 4 pages, does not exceed the page limit set forth by LRCiv 7.2(e)(1) of 17 pages.


                                    Dated this 10th day of December, 2021.

                                              /s/ Alexander Kolodin
                                         DAVILLIER LAW GROUP, LLC
                                          3443 N. Central Ave. Ste 1009
                                              Phoenix, AZ 85012

1

2

## **CERTIFICATE OF SERVICE**

3

4   I hereby certify that on December 10th, 2021, I electronically submitted the foregoing

5   document to the Clerk's Office using the CM/ECF system for filing and transmittal of

6   a Notice of Electronic Filing to the CM/ECF registrants on record.

7

8

9                                         Dated this 10th day of December, 2021.

10                                         /s/ Alexander Kolodin
                                          Alexander Kolodin
11                                         DAVILLIER LAW GROUP, LLC
                                          3443 N. Central Ave. Ste 1009
12                                         Phoenix, AZ 85012

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28