**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ryan Cox, | No. CV-21-08197-PCT-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| CoinMarketCap OpCo LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for Alternative Service. (Doc. 24.) The Court has reviewed the motion and applicable law and now issues this ruling denying the motion.

## I. BACKGROUND

Plaintiff, Ryan Cox, filed a Complaint with this Court against CoinMarketCap OpCo, LLC ("CoinMarketCap.com"), Binance Capital Management Co. Ltd. ("Binance"), and Bam Trading Services Inc. d/b/a Binance.US ("BAM"), as well as individuals Changpeng Zhao, Catherine Coley, Yi He, Ted Lin, and Does I–X for artificially suppressing the value of the cryptocurrency HEX and artificially inflating the value of other cryptocurrencies. (Doc. 1 ¶ 3.) Plaintiff notes that Binance has been described as an international cryptocurrency exchange that hops around from jurisdiction to jurisdiction to avoid regulators. (Doc. 24 at 2.)

Plaintiff has successfully served process on the corporate entities in this lawsuit but has failed to serve each of the individual Defendants, who Plaintiff notes are Chinese

nationals whose country of domicile cannot be ascertained. (*Id.* at 2.) Defendant Zhao, the CEO of Binance, has been on record as stating, "Binance.com has always operated in a decentralized manner as we reach out to our users across more than 180 nations worldwide. As well as pushing the envelope in experimenting on how to become a true DAO (decentralized autonomous organization)." (*Id.*) Plaintiff has taken extensive action to locate the whereabouts of the individual Defendants, who are officers of Binance. (*Id.* at 5.) All of Plaintiff's efforts have been fruitless. (*Id.* at 5.) Plaintiff describes these individual Defendants as "international ghosts." (*Id.* at 2 (internal quotation marks omitted).) A private investigator hired by Plaintiff could not even identify the country of residency for a single Binance officer. (*Id.*; Doc. 24-1 at 2.) The private investigator was, however, able to identify the Twitter accounts associated with Defendants Zhao, Ted Lin, and Yi He. (Doc. 24-1 at 6–7.) On November 12, 2021, undersigned counsel tweeted a copy of the summons and a link to the Complaint in this case to all three Twitter accounts. (Doc. 24 at 6.) Twitter has verified each individual account, and Plaintiff notes that each user utilizes their account on a regular basis. (*Id.* at 7.)

## II.  LEGAL STANDARD

Rule 4(f) provides three methods of serving an individual in a foreign country: (1) "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents" ("Hague Convention"); (2) "if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice …"; or (3) "by other means not prohibited by international agreement, as the court orders."

District courts are given discretion to determine when the particularities and necessities of a given case require alternative service of process under Rule 4(f). *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). A party does not need to attempt to serve process under Rule 4(f)(1) and (2) before requesting to serve under Rule 4(f)(3); it stands independently. *See id.* at 1014–1015 ("[S]ervice of process

under Rule 4(f)(3) … is merely one means among several which enables service of process on an international defendant."). A court may order service under Rule 4(f)(3) so long as the service (1) comports with constitutional notions of due process and (2) is not prohibited by international agreement. *Id.* at 1015.

### III. DISCUSSION

As Plaintiff has exhausted all other methods of service, he asks to serve Chengpeng Zhao, Yi He, and Ted Lin via Twitter. In support of this request, Plaintiff cites to district court cases where the court authorized plaintiffs to serve via social media under Rule 4(f)(3). *See, e.g.*, *WhosHere, Inc. v. Orun*, No. 1:13-cv-00526-AJT-TRJ, 2014 WL 670817 (E.D. Va. Feb. 20, 2014) (authorizing service on an individual in Turkey by email and through Facebook and LinkedIn); *see also FTC v. PCCare247 Inc.*, No. 12 Civ. 7189(PAE), 2013 WL 841037 (S.D.N.Y. Mar. 7, 2013) (authorizing service on individuals in India by email and through Facebook).

In *St. Francis Assisi v. Kuwait Finance House*, the district court authorized service of an individual in Kuwait via his Twitter account because service via Twitter was reasonably calculated to give notice and was not prohibited by international agreement. No. 3:16-CV-3240-LB, 2016 WL 5725002, at *1 (N.D. Cal. Sept. 30, 2016). In making this determination, the district court noted that Kuwait was not a signatory to the Hague Convention. *Id.*

Here, Plaintiff is unable to locate the country in which the individual Defendants reside. Plaintiff merely speculates that Defendant Zhao may reside in either Taiwan or Singapore. (Doc. 24 at 9.) Singapore is a signatory to the Hague Convention, but Taiwan is not. (*Id.*) Without further proof of the country of residency for the individual Defendants, the Court cannot accommodate Plaintiff's request to serve via Twitter. The Court can only speculate as to whether service by Twitter is prohibited by international agreement as the country of residency cannot be identified. Moreover, in each case where a court approved service via social media, the district court knew the country of residency of the person to be served or—where uncertain—was presented with only one potential

country of residency. *See, e.g.*, *WhosHere, Inc.*, 2014 WL 670817, at *3 (explaining that the defendant was allegedly residing in Turkey); *PCCare247 Inc.*, 2013 WL 841037, at *1 (noting that all individual defendants resided in India); *St. Francis Assisi*, 2016 WL 5725002, at *1 (explaining that the defendant was a Kuwait national whose current location was unknown). Unlike those cases, here, Defendants are alleged to be Chinese nationals with potential residences in a number of countries, including Taiwan, Singapore, Malta, or the United States—to name a few. (*See* Doc. 24 at 2, 9; Doc. 24-1 at 6–7.) Plaintiff has not presented the Court with enough information to determine the country in which Defendants reside or, by extension, determine if service via Twitter would violate international law.

Accordingly, the Court must deny Plaintiff's request.

IV.  **CONCLUSION**

Accordingly,

**IT IS ORDERED** denying Plaintiff's Motion for Alternative Service. (Doc. 24.)

Dated this 13th day of December, 2021.

_____
Honorable Susan M. Brnovich
United States District Judge