Ann-Elizabeth Ostrager (*pro hac vice application pending*)
William S. Wolfe (*pro hac vice application pending*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000
ostragerae@sullcrom.com
wolfew@sullcrom.com

*Attorneys for Defendant Catherine Coley*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ryan Cox, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>CoinMarketCap OpCo, LLC; Binance Capital Management Co., Ltd. d/b/a Binance and Binance.com; BAM Trading Services Inc. d/b/a Binance.US; Changpeng Zhao; Catherine Coley; Yi He; Ted Lin; and Does I-X;<br><br>Defendants. | Case No.: 21-cv-08197-PCT-SMB<br><br>**MOTION TO DISMISS FOR LACK OF SERVICE AND MEMORANDUM IN SUPPORT OF SAME** |

Defendant Catherine Coley, by and through her undersigned attorney, and pursuant to Fed. R. Civ. P. 12(b)(5), and the Court's September 16, 2021 Order (ECF No. 6), moves for dismissal of all claims against Ms. Coley on the basis that she was never properly served.

## MEMORANDUM OF POINTS AND AUTHORITIES

Catherine Coley, through her counsel, has filed a limited appearance (without consenting to jurisdiction, service of process, or sufficiency of process) in order to move this Court to dismiss all claims against her pursuant to the Court's September 16, 2021

Order (ECF No. 6), which directed Plaintiff Ryan Cox to "serve each Defendant in your case with the Summons and Complaint within 90 days from the date the Complaint is filed" or to request an extension if there is "good cause" for failing to timely effectuate service. Because Ms. Coley has not been served for the reasons explained below, and given that there is no good cause for Plaintiff's failure to effectuate service, Plaintiff's Motion for Extension of Time For Service (ECF No. 27) should be denied as to Ms. Coley, and the Court's Order "directing the Clerk of Court to terminate any or all Defendants in this matter, without further notice, that have not been served within the time required by Fed. R. Civ. P. 4(m) on December 13, 2021" (ECF No. 6 at 2) should be enforced such that Ms. Coley is dismissed from this case.[1]

**Factual Background**

Plaintiff filed his Complaint—which is devoid of any specific factual allegations connecting Ms. Coley with the alleged misconduct—over three months ago, on September 13, 2021. (ECF No. 1.) Three days later, on September 16, 2021, the Court issued an Order giving clear notice to Plaintiff about his obligation to timely serve Ms. Coley. (ECF No. 6.) Among other things, the Order provided:

> Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, you must serve each Defendant in your case with the Summons and Complaint **within 90 days** from the date the Complaint is filed, unless you obtain a waiver of service pursuant to the requirements of Fed. R. Civ. P. 4(d). If, for good reason, you cannot serve your Summons and Complaint on a Defendant within 90 days, you may, prior to the expiration of the 90-day period, file with the Court a request for an extension of time in which to serve your Summons and Complaint. (*Id*. (emphasis in original).)

---

[1] Because Ms. Coley has not been served for the reasons explained herein, she has no current obligation to respond to the allegations in the Complaint (ECF No. 1). For the avoidance of doubt, Ms. Coley reserves all rights to file a responsive pleading if necessary, and/or to assert any defenses that she may be entitled to assert, including defenses that must be asserted pursuant to Fed. R. Civ. P. 12(b).

Next, in bold, capitalized text, the Order reiterated:

> **THIS CONSTITUTES YOUR NOTICE UNDER RULE 4(m) THAT IF YOU HAVE NOT APPROPRIATELY SERVED ANY DEFENDANT WITHIN 90 DAYS FROM THE FILING OF YOUR COMPLAINT THAT DEFENDANT WILL BE DISMISSED WITHOUT PREJUDICE FROM YOUR LAWSUIT.** (*Id.* (emphasis in original).)

Finally, the Order "direct[ed] the Clerk of Court to terminate any or all Defendants in this matter, without further notice, that have not been served within the time required by Fed. R. Civ. P. 4(m) on **December 13, 2021**." (*Id.* (emphasis in original).)

Rather than working to promptly serve Ms. Coley, Plaintiff waited approximately **two months** to present a summons for Ms. Coley to the Clerk of the Court, which was docketed on November 12, 2021. (ECF No. 22.) On November 15, 2021, Plaintiff then filed a Motion for Alternative Service with respect to Defendants Changpeng Zhao, Yi He, and Ted Lin, but **not** Ms. Coley. (ECF No. 24.) That motion explained that Plaintiff had elected to serve Ms. Coley "by publication pursuant [*sic*] FRCP 4(e) . . . and ARCP 4.2(f)." (*Id.* at 2 n.1.) Plaintiff explained that the reason for his decision was purportedly that "Ms. Coley was once domiciled in the United States but has vanished." (*Id.* at 2.) But that signed representation that Ms. Coley has "vanished" is plainly contradicted by the affidavit of Plaintiff's private investigator, Dave Zinn, which Plaintiff attached to his motion. (ECF No. 24-1.) The Zinn affidavit clearly lists three "possible current addresses" for Ms. Coley, multiple phone numbers, email addresses, relatives, and social media profiles, and it includes the investigator's recommendation that Plaintiff serve Ms. Coley "at [her] parents' address, [Puerto Rico] address, and all social media." (*Id.* at 3.) Thus, the Zinn affidavit shows: (i) Plaintiff was well-aware that Ms. Coley had not "vanished," as he represented to the Court; and (ii) Plaintiff has apparently elected **not** to serve Ms. Coley using any of his private investigator's recommended service methods.

Instead of pursuing the methods of service recommended by Mr. Zinn, on December 10, 2021, Plaintiff filed a Motion for Extension of Time For Service (ECF No.

27), which stated with respect to Ms. Coley that "Plaintiff asks for an extension of time as to Coley only out of an abundance of caution." Notably, Plaintiff provided no justification for his significant delay, nor any explanation as to why he did not pursue traditional methods of serving Ms. Coley. Plaintiff later that same day also filed an "Affidavit of Publication" from the Arizona Capitol Times stating that a summons for Ms. Coley was purportedly published on November 19, November 26, December 3, and December 10, 2021. (ECF No. 28.)

The Arizona Capitol Times newspaper is published once a week on Fridays, and its website states that it "covers state politics and policy with a focus on the daily activities of the Arizona Senate, Arizona House of Representatives and the state's top elected officials, including the Governor's Office,"[2] and that it only reaches about "5,250 readers per issue."[3] This Court has previously referred to the Arizona Capitol Times as "a self-described 'niche' political newspaper." *Furst* v. *Mayne*, 2021 WL 2517957 at *2 (D. Ariz. Jan. 29, 2021) (Rayes, J.).

As confirmed by the affidavit of Plaintiff's own private investigator, Ms. Coley is not an Arizona resident, has never worked in the State of Arizona, and does not have any family or close friends living in Arizona. (ECF No. 24-1.)

### Legal Standard

"Rule 12(b)(5) allows a party to move to dismiss claims against it for insufficient service of process." *Kinsey* v. *Dep't of Veterans Affs.*, 2019 WL 4228478, at *2 (D. Ariz. Sept. 5, 2019) (Brnovich, J.) (dismissing complaint for lack of service). "A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Graham* v. *United States*, 79 F. App'x 992, 993 (9th Cir. 2003) (dismissing action for insufficient service of process, even where

---

[2] Arizona Capital Times, "About Us," *available at* https://azcapitoltimes.com/about-us/ (last accessed December 12, 2021).

[3] Arizona Capital Times, "Advertising," *available at* https://azcapitoltimes.com/advertising/ (last accessed December 14, 2021).

defendant had notice of the complaint). Fed. R. Civ. P. 4(m) provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time," unless the plaintiff "shows good cause for the failure." Fed. R. Civ. P. 4(m). "The serving party bears the burden of establishing the validity of service." *Le* v. *U.S. Dep't of Agric.*, 2021 WL 5811809, at *2 (D. Ariz. Dec. 7, 2021) (Collins, J.).

## **Argument**

Even though Plaintiff has admitted that he is aware of three "current addresses" for Ms. Coley, as well as a veritable "kitchen sink" of other potential methods of locating her, he apparently elected **not** to attempt service on Ms. Coley using any of the traditional methods, and instead sought to serve her by publication in a weekly "niche" political newspaper, which circulates in a state in which Ms. Coley has never resided. Plaintiff's decision to purport to serve Ms. Coley in this way ensured only one thing—that Ms. Coley would never see that notice.

As explained further below, the claims against Ms. Coley should be dismissed because Ms. Coley has not been timely served in compliance with Ariz. R. Civ. P. 4.2(f) and Fed. R. Civ. P. 4. Additionally, Plaintiff's decision to attempt to serve Ms. Coley—a non-resident—via publication in an Arizona newspaper fails to satisfy the minimum requirements of constitutional due process. Because Plaintiff has not provided any reasons, much less "good cause," for his delay in effectuating proper service upon Ms. Coley, Plaintiff should not be granted an extension of time to do so.

**A. Ms. Coley Has Not Been Served.**

Plaintiff has not satisfied the statutory requirements to serve Ms. Coley by publication. Plaintiff's attempt at service is governed by Ariz. R. Civ. P. 4.2(f) ("Service by Publication"), which provides for service by publication of a non-resident "only if . . . (i) the serving party, despite reasonably diligent efforts, has not been able to ascertain the person's current address; or (ii) the person has intentionally avoided service of

process." Moreover, service by publication is only available if it is the "best means practicable in the circumstances for providing notice to the person of the action's commencement." Ariz. R. Civ. P. 4.2(f). Additionally, "[i]f the serving party knows the address of the person being served, it must, on or before the date of first publication, mail to the person the summons and a copy of the pleading being served, postage prepaid." Ariz. R. Civ. P. 4.2(f)(3). Even if Plaintiff had complied with these statutory requirements, which he has not, service would still be untimely, given that the last required publication[4] occurred on December 10, 2021, and service is not complete until "30 days **after** the summons and statement is first published in all newspapers where publication is required." Ariz. R. Civ. P. 4.2(f)(2)(D) (emphasis added).

*First*, Plaintiff has in fact been able to ascertain information that would allow him to locate Ms. Coley. The affidavit of Plaintiff's private investigator, Dave Zinn (ECF No. 24-1), clearly indicates that Plaintiff had detailed information about Ms. Coley roughly a month before the deadline for service expired on December 13, 2021. The affidavit identified potential current addresses in Puerto Rico and North Carolina, as well as a potential address for Ms. Coley's parents in Florida. It also identified three phone numbers for Ms. Coley, multiple email addresses, social media accounts, and a list of five potential relatives and addresses for those relatives. Given this information, Plaintiff cannot credibly argue that "despite reasonably diligent efforts, [Plaintiff] has not been able to ascertain the person's current address." Ariz. R. Civ. P. 4.2(f)(1)(A)(i). On the contrary, Plaintiff apparently made no effort to locate Ms. Coley using his private investigator's findings or to serve her by any means that would be reasonably likely to provide notice of his litigation. *See Furst*, 2021 WL 2517957, at *2 (finding that "Plaintiffs have not shown that they were unable to ascertain Linda's current address" where evidence indicated that plaintiffs knew of defendant's out-of-state address).

---

[4] "Service by publication is accomplished by publishing the summons and a statement describing how a copy of the pleading being served may be obtained at least once a week for 4 successive weeks in a newspaper published in the county where the action is pending." Ariz. R. Civ. P. 4.2(f)(2)(A).

*Second*, there is no evidence that Ms. Coley has intentionally avoided service. Plaintiff has not put forward any such evidence, and apparently, has not even attempted personal service on Ms. Coley. *See Jes Solar Co. Ltd.* v. *Tong Soo Chung*, 725 F. App'x 467, 471 (9th Cir. 2018) ("Plaintiffs wholly failed to comply with Arizona Rule of Civil Procedure 4.2(f)" where "[t]here is no . . . evidence Kim was evading service."); *Furst*, 2021 WL 2517957, at *2 ("Nor have Plaintiffs shown that Linda has intentionally avoided service of process. Plaintiffs made one attempt to serve Linda via certified mail in California before attempting service by publication.").

*Third*, service on Ms. Coley by publication in the Arizona Capitol Times is not the best means practicable in the circumstances for providing notice to Ms. Coley of the commencement of this action. Plaintiff has "provided no explanation for why the Arizona Capitol Times—a specialty publication geared toward 'government and business leaders in Arizona' that is only published once per week and reaches approximately 5,250 readers per issue is the publication most likely to come to [Ms. Coley's] attention." *Alpha Prop. & Cas. Ins. Co.* v. *Freedom Movers LLC*, 2020 WL 8991724, at *2 (D. Ariz. Mar. 4, 2020) (Lanza, J.) (finding that an "email address . . . would likely provide a better pathway to alternative service than publication"). The Arizona Capitol Times is "a self-described 'niche' political newspaper" that no one can reasonably expect Ms. Coley would have viewed. *Furst*, 2021 WL 2517957, at *2 ("Plaintiffs also have not shown that service by publication in the Arizona Capitol Times . . . was the best means practicable to notify Linda of this action, especially when Linda does not reside here.").

*Fourth*, Plaintiff did not comply with the statutory requirement to mail Ms. Coley a copy of the pleading being served, despite having multiple addresses linked to Ms. Coley. Service by publication under Ariz. R. Civ. P. 4.2(f)(3) requires that, "[i]f the serving party knows the address of the person being served, it must, on or before the date of first publication, mail to the person the summons and a copy of the pleading being served, postage prepaid," and Plaintiffs must file an affidavit stating as much. Plaintiff's affidavit is tellingly silent about his mailing efforts, and Ms. Coley has not received any

such mailings. *See* Ariz. R. Civ. P. 4.2(f)(4)(A) ("The party or person making service must prepare, sign and file an affidavit describing the manner and dates of the publication and mailing, and the circumstances warranting service by publication. If no mailing was made because the serving party did not know the current address of the person being served, the affidavit must state that fact.").

*Finally*, even if Plaintiff had complied with the requirements for service by publication (he has not), such service is still untimely. The statute requires that service by publication happen "at least once a week for 4 successive weeks in a newspaper." Ariz. R. Civ. P. 4.2(f)(2)(A). According to Plaintiff, those four required publications occurred on November 19, November 26, December 3, and December 10, 2021. (ECF No. 28.) Critically, however, the statute makes clear that "[s]ervice is complete 30 days after the summons and statement is first published in all newspapers where publication is required." Ariz. R. Civ. P. 4.2(f)(2)(D). Thus, the purported service by publication on Ms. Coley would not be effective until 30 days after December 10, which is January 9, 2022.[5] That plainly exceeds the Court's December 13, 2021 deadline for completing service. (ECF No. 6.) Plaintiff has no justification for his delay.

**B. Service by Publication in an Arizona Newspaper Would Be in Violation of Ms. Coley's Due Process Rights.**

A plaintiff attempting service by publication must comply not only with the statutory requirements, but also must meet the requirements of constitutional due process. Service by publication "satisfies due process minimum notice requirements if it is the best means of notice under the circumstances and it is reasonably calculated to apprise the interested parties of the pendency of the action . . . . [A] plaintiff who elects service by publication risks a future constitutional challenge." *Master Fin., Inc.* v. *Woodburn*, 90 P.3d 1236, 1239–40 (Ariz. Ct. App. 2004). This constitutional protection is especially relevant

---

[5] Even if the 30-day clock begins to run on the date of first publication, November 19, the service would still not be effective until December 19, 2021, which exceeds the December 13, 2021 deadline.

-8-

when service by publication happens for a non-resident, given that "[c]hance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper's normal circulation the odds that the information will never reach him are large indeed." *Mullane* v. *Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950). Because service by publication is inherently unlikely to be viewed by the intended audience, "a plaintiff servicing by publication should be prepared to explain why alternative service would be impracticable." *Ruffino* v. *Lokosky*, 425 P.3d 1108, 1113 (Ariz. Ct. App. 2018) (holding that publication in a local newspaper did not satisfy due process even for an in-state defendant, in part because "modern methods of communication, especially email, were more likely to give [defendant] notice of a suit than publication in a newspaper").

Ms. Coley has never been a resident of Arizona, nor does she have any close friends or family in Arizona. There is no indication that Ms. Coley or anyone that she knows has ever read the Arizona Capitol Times. And importantly, Plaintiff had alternative means of service at his ready disposal, including personal service, as discussed above. No reasonable person could argue that such service by publication "satisfies due process minimum notice requirements [because] it is the best means of notice under the circumstances and it is reasonably calculated to apprise the interested parties of the pendency of the action." *Master Fin., Inc.*, 90 P.3d, at 1239.

**C. Plaintiff Does Not Have Good Cause for Failing to Timely Effectuate Proper Service.**

The Court has already ordered that Plaintiff will be granted an extension of time for service if Plaintiff is able to demonstrate a "good cause" "reason why [he has] not accomplished service." (ECF No. 6.) But Plaintiff has not provided any reasoning at all. Plaintiff's Motion for Extension of Time For Service states only that "Plaintiff asks for an extension of time as to Coley only out of an abundance of caution." (ECF No. 27 at 2 n.1.) Plaintiff has not made any other attempt at justifying his substantial delay. Accordingly, Plaintiff's request for an extension of time should be denied. *See DeGroote* v. *City of*

*Mesa*, 2009 WL 485441, at *2 (D. Ariz. Feb. 26, 2009) (Murguia, J.) ("Dismissal of a party is appropriate where a plaintiff fails to show good cause for delays in service. Good cause only exists in rare circumstances . . . . Absent a showing of good cause, Defendants must be dismissed.").[6]

Courts generally grant extensions of time to serve only when plaintiffs have demonstrated a genuine effort to effectuate service—circumstances that do not apply in this case. *See, e.g.*, *Furst*, 2021 WL 2517957 (granting extension where Plaintiffs previously filed multiple affidavits showing attempts at personal service and via certified mail); *Alpha Prop. & Cas. Ins. Co.*, 2020 WL 8991724, at *1 (granting extension where Plaintiff attempted to serve defendant with "six in-person attempts at two of [defendant's] known addresses" and also "mailed four packages to [defendant] (two to each address) containing a Notice and Request for Waiver of Service"). Because Plaintiff has made zero effort to serve Ms. Coley other than via publication in the Arizona Capitol Times, there is no good cause to grant an extension.

---

[6] Moreover, Plaintiff cannot argue that his failure to timely serve Ms. Coley is excused either by purported actual notice, or by his substantial compliance with the statutory and federal requirements. "Unless there is 'substantial compliance' with Rule 4, even actual notice will not provide personal jurisdiction." *Graham* v. *United States*, 79 F. App'x 992, 993 (9th Cir. 2003). Even though "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint[,] . . . . [i]n order for the sufficient notice exception to apply, there must be a justifiable excuse for the defect." *Id*. As discussed above, there are serious statutory and constitutional issues with Plaintiff's decision to attempt service on Ms. Coley by publication in the Arizona Capitol Times, and Plaintiff has no excuses for his delay.

## **Conclusion**

For the reasons stated above, the undersigned respectfully requests that (i) Plaintiff's Motion for Extension of Time for Service (ECF No. 27) be denied as to Ms. Coley, and (ii) the Court's December 13 Order (ECF No. 6) be enforced such that Ms. Coley be dismissed from this case.

December 15, 2021

/s/ *Ann-Elizabeth Ostrager*
Ann-Elizabeth Ostrager (*pro hac vice application pending*)

William S. Wolfe (*pro hac vice application pending*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000
ostragerae@sullcrom.com
wolfew@sullcrom.com

**Certificate of Service**

I hereby certify that on December 15, 2021, I electronically submitted the foregoing document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

December 15, 2021

/s/ *Ann-Elizabeth Ostrager*
Ann-Elizabeth Ostrager (*pro hac vice application pending*)

William S. Wolfe (*pro hac vice application pending*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000
ostragerae@sullcrom.com
wolfew@sullcrom.com