George Wentz, Jr. (*Pro hac vice*)
**The Davillier Law Group, LLC**
414 Church St Suite 308
Sandpoint, ID 83864
208-920-6140
Email: gwentz@davillierlawgroup.com

Alexander Kolodin (SBN 030826)
Arno Naeckel (SBN 026158)
**The Davillier Law Group LLC**
3443 N. Central Ave., Suite 1009
Phoenix, AZ 85012
620-730-2985
Email: akolodin@davillierlawgroup.com
       anaeckel@davillierlawgroup.com
       phxadmin@davillierlawgroup.com (file copies)

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ryan Cox, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CoinMarketCap OpCo, LLC, Binance Capital Management Co., Ltd. d/b/a Binance and Binance.com, BAM Trading Services Inc. d/b/a Binance.US, Changpeng Zhao, Catherine Coley, Yi He, Ted Lin, and Does I-X;<br>　　　　　Defendants. | Case No.: 3:21-cv-08197-SMB<br><br>**PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS FOR LACK OF SERVICE** |

Plaintiff, Ryan Cox *et al.*, by and through his attorneys, Arno Naeckel and the Davillier Law Group LLC, respectfully requests this Honorable Court deny Defendant

Catherine Coley's Motion to Dismiss for Lack of Service of December 15, 2021, Docket Entry #32, based upon the argument below:

## FACTS

On December 10, 2021, Plaintiffs filed its Motion for Extension of Time to Serve Defendants Zhao, Coley, He, and Lin. [DE 27].

Also on December 10, 2021, Plaintiffs filed an Affidavit of Service by Publication, demonstrating that service had been perfected by publishing the summons and a statement describing how a copy of the pleading being served may be obtained once a week for four weeks, on November 19, 2021, November 26, 2021, December 3, 2021, and December 10, 2021 [DE 28].

On December 15, 2021, Defendant Catherine Coley filed her Motion to Dismiss for Lack of Service. [DE 32].

On December 16, this Court entered an order granting Plaintiff's Motion for Extension of Time and setting the deadline for Plaintiffs to perfect service upon Defendants Changpeng Zhao, Catherine Coley, Yi He, and Ted Lin as sixty days after the Court's order denying Plaintiff's Motion for Alternative Service via Social Media, which was December 14, 2021. [DE 33]; [DE 29]. The deadline for Plaintiffs to perfect service upon Defendant Catherine Coley is therefore Monday, February 14, 2022.

## LEGAL STANDARD

Ariz. R. Civ. P. 4.2(f)(1) provides a party may serve by publication only if

(A) the last-known address of the person to be served is outside Arizona but:
(i) the serving party, despite reasonably diligent efforts, has not been able to ascertain the person's current address; or

(ii) the person has intentionally avoided service of process; and
(B) service by publication is the best means practicable in the circumstances for providing notice to the person of the action's commencement.

Service is accomplished by publishing the summons and "a statement describing how a copy of the pleading being served may be obtained at least once a week for 4 successive weeks in a newspaper published in the county where the action is pending." Ariz. R. Civ. P. 4.2(f)(2)(A). The party making service must prepare an affidavit which, if in compliance with the requirements, constitutes prima facie evidence of compliance with the requirements for service by publication. Ariz. R. Civ. P. 4.2(f)(4).

"Rule 12(b)(5) allows a party to move to dismiss claims against it for insufficient service of process." *Kinsey v. Dep't of Veterans Affs.*, 2019 WL 4228478, at *2 (D. Ariz. Sept. 5, 2019) (Brnovich, J.). Fed. R. Civ. P. 4(m) provides 90 days to serve defendants after a complaint is filed, and that "the court must dismiss the action without prejudice or order that service be made within a specified time;" however, if "the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

## ARGUMENT

**A. Defendant Coley has been served by publication.**

The affidavit from Plaintiffs' investigator, Dave Zinn [DE 24-1] demonstrates clearly that the serving party has not been able to "ascertain the person's current address." Contrary to the arguments of Defendant Coley, a list of possible addresses of family and relatives, without any certainty or additional information to clarify whether the

addresses are related or not, does not constitute ascertainment of Defendant Coley's address. The list of possible phone numbers, aliases, and relatives, without any confirmed information, demonstrates the reasonable diligence of the Plaintiffs in attempting to locate Defendant Coley. Defendant Coley cites to *Furst v. Mayne* in support of its proposition, but in that case, the court was focused on the fact that the plaintiffs there had "successfully served Linda in a different case at her Idaho residence on November 5, 2020, well within the service deadline for this case," and so it was clearly unreasonable to say her address was unknown for the case in question. *Furst v. Mayne*, No. CV-20-01651-PHX-DLR, 2021 U.S. Dist. LEXIS 128801, at *5 (D. Ariz. Jan. 29, 2021). Even so, the court in *Furst* denied those defendants' motion to dismiss and extended the deadline for service. *Id.*, at *7. Here, diligent investigation has turned up no confirmed information, only speculation, and thus service by publication is an acceptable alternative.

The statute in question, Ariz. R. Civ. P. 4.2(f)(1)(A) permits service by publication if the serving party has not been able to ascertain the person's current address *or* the person has intentionally avoided service of process. Plaintiffs allege, and provided the investigator's report as proof, that they have not been able to ascertain Defendant Coley's current address. Further, the lack of any confirmed addresses belies Defendant Coley's contention that the statute required mailing of a copy of the pleading in addition to service by publication. Defendant Coley alleges that the affidavit is silent on the matter of mailing efforts, but the affidavit does include information that Catherine

Coley's address is unknown in the information that was published for four consecutive weeks in the Arizona Capitol Times.

Finally, Defendant Coley argues from Ariz. R. Civ. P. 4.2(f)(2)(D) that service of process would not be effective under this method until January 9, 2022. Defendant Coley acknowledges a different possible date in a footnote, which is in fact the accurate reading of the statute, which states that service of process by publication is complete "30 days after the summons and statement is *first published*." Ariz. R. Civ. P. 4.2(f)(2)(D). December 19, 2021 is when service was perfected, within the time granted by this Court upon Plaintiffs' request for an extension.

### B. Service by publication has fulfilled minimum notice requirements.

"[P]ublication satisfies due process minimum notice requirements if it is the best means of notice under the circumstances and it is reasonably calculated to apprise the interested parties of the pendency of the action. *Master Fin., Inc. v. Woodburn*, 208 Ariz. 70, 73, 90 P.3d 1236, 1239 (Ct. App. 2004).

Indeed, Defendant Coley has appeared through counsel, demonstrating that, whatever Defendant Coley's arguments as to due process, actual notice of the proceedings, and therefore the opportunity "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" has been provided. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 657 (1950).

Given the circumstances as outlined in the Complaint—those of stateless individuals living without established footprint due to their cryptocurrency holdings—

service by publication is, under the circumstances, the best means of notice due to the uncertain nature of any of the findings of the investigation.

**C. This Court found good cause for an extension.**

Defendant Coley finally argues that Plaintiff does not have good cause for not yet perfecting service. However, this Court, upon Plaintiffs' request for additional time to serve Defendants Changpeng Zhao, Catherine Coley, Yi He, and Ted Lin, found good cause for an extension of time and granted it, giving Plaintiffs until February 14, 2022 to perfect service upon these Defendants. As such, Defendant Coley's arguments that she has not been served are moot, as the Court has granted additional time. Defendant Coley's argument that good cause does not exist has been rejected by this Court in this Court's finding of good cause.

There now remain approximately one and a half months for service of process upon Catherine Coley. Plaintiffs may elect service by a variety of methods as established by local rules and the Federal Rules of Civil Procedure. If, at such time as service is perfected, Defendant Coley contests its adequacy, that argument could be made at the proper time. For the present, however, Plaintiffs respectfully request this Court deny Defendant Catherine Coley's Motion to Dismiss for Lack of Service.

Respectfully submitted this 29th day of December, 2021.

/s/ Arno Naeckel
Arno Naeckel
DAVILLIER LAW GROUP, LLC
3443 N. Central Ave. Ste 1009
Phoenix, AZ 85012

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this Motion, which is 6 pages, does not exceed the page limit set forth by LRCiv 7.2(e)(1) of 17 pages.

Dated this 29th day of December, 2021.

/s/ Arno Naeckel
Arno Naeckel
DAVILLIER LAW GROUP, LLC
3443 N. Central Ave. Ste 1009
Phoenix, AZ 85012

## CERTIFICATE OF SERVICE

I hereby certify that on December 29th, 2021, I electronically submitted the foregoing document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

Dated this 29th day of December, 2021.

/s/ Arno Naeckel
Arno Naeckel
DAVILLIER LAW GROUP, LLC
3443 N. Central Ave. Ste 1009
Phoenix, AZ 85012