Ann-Elizabeth Ostrager (admitted *pro hac vice*)
William S. Wolfe (admitted *pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
(212) 558-4000
ostragerae@sullcrom.com
wolfew@sullcrom.com

*Attorneys for Defendant Catherine Coley*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ryan Cox, individually and on behalf of all others similarly situated;<br><br>  Plaintiff,<br><br>  v.<br><br>CoinMarketCap OpCo, LLC; Binance Capital Management Co., Ltd. d/b/a Binance and Binance.com; BAM Trading Services Inc. d/b/a Binance.US; Changpeng Zhao; Catherine Coley; Yi He; Ted Lin; and Does I-X;<br><br>  Defendants. | Case No.: 21-cv-08197-PCT-SMB<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SERVICE** |

Defendant Catherine Coley, by and through her undersigned attorneys, hereby submits this reply to address arguments in Plaintiff's December 29, 2021 opposition ("Opposition"; ECF No. 36) and in further support of her December 15, 2021 motion to dismiss the claims against her for lack of service ("Motion"; ECF No. 32).

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff's Opposition sets forth arguments that contravene established rules of civil procedure, and each should be rejected. *First*, Plaintiff has failed to meet the statutory requirements for effective service by publication under Arizona law. *Second*,

even if Ms. Coley had actual notice of this case, that is not sufficient to overcome the plain requirements of Fed. R. Civ. P. 4 and the statutory requirements for service by publication, which do not turn on actual notice. *Third*, the Motion is not moot because it raises dispositive issues that were not considered when the Court subsequently granted Plaintiff's *ex parte* request to extend the time to serve Ms. Coley. (*See* ECF Nos. 27, 33.)

Accordingly, for the reasons described in the Motion and herein, Ms. Coley respectfully requests that the Court's September 16, 2021 Order (ECF No. 6) be enforced such that Ms. Coley be dismissed from this case. Ms. Coley further submits that a stay of the Court's December 16, 2021 Order (ECF No. 33) would be appropriate, pending resolution of the dispositive issues raised in the Motion.

## Argument

### A. Plaintiff Has Failed to Meet the Statutory Requirements for Service by Publication.

Plaintiff agrees that service by publication is available "only if . . . (i) the serving party, despite reasonably diligent efforts, has not been able to ascertain the person's current address; or (ii) the person has intentionally avoided service of process; and (B) service by publication is the best means practicable in the circumstances for providing notice to the person of the action's commencement." (Opposition at 2–3 (quoting Ariz. R. Civ. P. 4.2(f)(1)).) Neither option is applicable to this case. Plaintiff has provided no evidence that Ms. Coley has avoided service. To the contrary, Plaintiff admits that he hired a private investigator, Dave Zinn, who uncovered three "possible current addresses" for Ms. Coley in Puerto Rico, Florida, and North Carolina, as well as a slew of "possible phone numbers, aliases, and relatives." (Opposition at 3–4; ECF No. 24-1 at 3.) Importantly, moreover, Plaintiff does not deny that he never attempted service at any of these addresses, in direct contravention of his own investigator's recommendation to "sub-serve at parents' address, [Puerto Rico] address, and all social media." (ECF No. 24-1 at 5.) Despite these undisputed facts proving that Plaintiff had sufficient information to properly serve Ms. Coley, Plaintiff maintains that he "has not been able to 'ascertain [Ms. Coley's] current

address'" such that service by publication is available to him. (Opposition at 3.) This attempt to mislead the Court should not be countenanced.

Plaintiff next argues that Ms. Coley's reliance on *Furst* v. *Mayne*, 2021 WL 2517957 (D. Ariz. Jan. 29, 2021) is misguided, even though it establishes a framework for analyzing whether a plaintiff should be entitled to use the procedures for service by publication under Arizona law. In that case, the plaintiffs' attempts at personal service were far more meaningful: among other things, plaintiffs filed an "affidavit purporting to show that they had served [defendant] by certified mail at her home in California," and they filed an affidavit that plaintiff "personally served [defendant] at an address in Idaho." *Id*. at *1. Despite those thorough efforts to locate and serve the defendant at her potential addresses, the court held that "Plaintiffs have not shown that they were unable to ascertain [defendant's] current address" (which would entitle them to serve by publication), and further wrote that "with reasonably diligent efforts, Plaintiffs could have ascertained [defendant's] Idaho address and served her there." *Id*. at *2. For those reasons, as well as the court's finding that the Arizona Capitol Times was not the "best means practicable to notify [defendant] of this action," the court determined that the defendant had not been properly served. *Id*. The court decided to extend the time for service only because "[p]laintiffs did not file the suit and then sit on it." *Id*. at 3. Unlike *Furst*, however, filing this lawsuit and then "sitting on it" is exactly what the Plaintiff did in this case.

Plaintiff's remaining two arguments as to the sufficiency of the purported service by publication can be easily resolved by the plain text of the statute. *First*, Plaintiff argues that he complied with the mailing requirement for service by publication, because the affidavit of publication by the Arizona Capitol Times (ECF No. 28) "does include information that Catherine Coley's address is unknown." (Opposition at 4–5.) That is simply not true—the one-page affidavit says nothing about Ms. Coley's address. (*See* ECF No. 28.) In any event, the statute plainly states, "If no mailing was made because the serving party did not know the current address of the person being served, the affidavit

1  must state that fact." Ariz. R. Civ. P. 4.2(f)(4)(A). The affidavit makes no such representation.

*Second*, Plaintiff argues that the purported service by publication was timely. Not so. "Service is complete 30 days after the summons and statement is first published in all newspapers where publication is required." Ariz. R. Civ. P. 4.2(f)(2)(D). Even if the 30-day clock began to run on the date of first publication, November 19, service would not be effective until December 19, 2021, which exceeds the then-controlling December 13, 2021 deadline ordered by the Court. (ECF No. 6.) Thus, Plaintiff either knew or should have known that his attempt at service by publication would not be timely nearly a month before the December 13, 2021 deadline expired, and yet he did nothing to effectuate proper service.

**B. Purported Actual Notice Does Not Substitute for Compliance with Rule 4 of the Federal Rules of Civil Procedure.**

Plaintiff admits that "Publication satisfies due process minimum notice requirements if it is the best means of notice under the circumstances and it is reasonably calculated to apprise the interested parties of the pendency of the action." (Opposition at 5 (quoting *Master Fin., Inc.* v. *Woodburn*, 208 Ariz. 70, 73 (Ariz. Ct. App. 2004)).) But rather than arguing that publication in "a self-described 'niche' political newspaper" (*see* Motion at 4) is the "best means of notice" to serve Ms. Coley—a non-resident—such that it complies with the minimum requirements of due process, Plaintiff instead contends that service by publication is sufficient to satisfy minimum due process requirements because Ms. Coley purportedly has actual notice of this lawsuit. That argument fails. "Unless there is 'substantial compliance' with Rule 4, even actual notice will not provide personal jurisdiction." *Graham* v. *United States*, 79 F. App'x 992, 993 (9th Cir. 2003). "While Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint, neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction absent substantial compliance with its requirements." *Kinsey* v. *Dep't of Veterans Affs.*, 2019 WL 4228478, at *2 (D. Ariz. Sept.

1  5, 2019) (Brnovich, J.) (internal citations and alterations omitted).  For the reasons
2  described herein and in the Motion, Plaintiff has not substantially complied with the time
3  limits set out in Fed. R. Civ. P. 4 and Arizona law, and Plaintiff has no good reason for his
4  failure to timely effectuate service.  *See id.* (dismissing complaint for lack of jurisdiction
5  because "Service of Process had to be completed within 90 days of filing under either the
6  Arizona Rules of Civil Procedure, Rule 4.1 and 4, or Federal Rules of Civil Procedure,
7  Rule 4.").  Accordingly, whether or not Ms. Coley had actual notice is irrelevant, because
8  Plaintiff did not substantially comply with the Federal and Arizona rules of civil procedure.

**C. The Motion Is Not Moot, Because the Court Did Not Consider the Dispositive Issues Raised by the Motion Prior to Extending the Time to Serve Ms. Coley.**

11  The Court's September 16, 2021 Order (ECF No. 6) set a deadline for service
12  of December 13, 2021, which Plaintiff admits he missed even under the most permissive
13  reading of the statute for service by publication.  (*See* Opposition at 5 ("December 19, 2021
14  is when service was perfected").)  The September 16 Order also provided that an extension
15  would be granted only if Plaintiff provides "good reason" for his delay by "set[ting] forth
16  the reason why you have not accomplished service."  (ECF No. 6, at 1.)  But instead of
17  providing any reasoning at all for his delay, Plaintiff chose to request an extension of time
18  to serve Ms. Coley via a footnote to his December 10, 2021 *ex parte* motion "only out of
19  an abundance of caution."  (ECF No. 27, at 2 n.1.)  Plaintiff therefore presented no
20  reasoning, much less "good reason," for failing to timely serve Ms. Coley.

21  On December 15, 2021—two days after the deadline to serve Ms. Coley
22  expired, and five days after Plaintiff filed his *ex parte* motion for an extension of time—
23  Ms. Coley filed the Motion, which included a request that "Plaintiff's Motion for Extension
24  of Time for Service (ECF No. 27) be denied as to Ms. Coley."  (Motion at 11.)  But while
25  the Motion was pending, and before it could be fully briefed and considered by the Court,
26  the Court granted Plaintiff's *ex parte* request for an extension.  Because the arguments in
27  the Motion bearing on the propriety of service and Plaintiff's lack of good reason for an
28  extension were not fully considered by the Court, the Motion is not moot.  *See Vasquez-*

*Mendoza* v. *Ryan*, 2013 WL 5446784, at *1 (D. Ariz. Sept. 30, 2013) (Rosenblatt, J.) (referring case back to magistrate judge for further consideration "[b]ecause it appears that the issue of exhaustion of remedies was not fully briefed by the parties prior to the issuance of the Report and Recommendation"). Ms. Coley respectfully submits that a stay of the Court's subsequent December 16 Order (ECF No. 33) extending the time to serve Ms. Coley would be appropriate, pending the resolution of the dispositive issues raised in the pending Motion. *See Toomey* v. *Ariz.*, 2021 WL 4710180, at *1 (D. Ariz. Oct. 8, 2021) (Márquez, J.) (staying order where motion was "not yet fully briefed . . . . in order to allow the Court to thoroughly consider the merits of [the] pending Motions.").

## Conclusion

For the foregoing reasons, and those set forth in the Motion, the undersigned respectfully requests that the Court's September 16 Order (ECF No. 6) be enforced such that Ms. Coley be dismissed from this case for lack of service. Ms. Coley further submits that a stay of the Court's December 16 Order (ECF No. 33) would be appropriate, pending resolution of the dispositive issues raised in the Motion.

January 4, 2022

/s/ *Ann-Elizabeth Ostrager*
Ann-Elizabeth Ostrager (admitted *pro hac vice*)

William S. Wolfe (admitted *pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
(212) 558-4000
ostragerae@sullcrom.com
wolfew@sullcrom.com

## **Certificate of Service**

I hereby certify that on January 4, 2022, I electronically submitted the foregoing document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

January 4, 2022

/s/ *Ann-Elizabeth Ostrager*
Ann-Elizabeth Ostrager (admitted *pro hac vice*)

William S. Wolfe (admitted *pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
(212) 558-4000
ostragerae@sullcrom.com
wolfew@sullcrom.com