IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ryan Cox,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CoinMarketCap OpCo LLC, et al.,<br><br>　　　　　Defendants. | No. CV-21-08197-PCT-SMB<br><br>**ORDER** |

　　　　Pending before the Court is Defendant Catherine Coley's Motion to Dismiss for Lack of Service, (Doc. 32), which has been fully briefed, (*see* Docs. 36; 37). The Court has reviewed parties' briefing and relevant case law and will deny the motion for the reasons explained below.

　　　　Rule 12(b)(5) allows a party to move to dismiss claims against it for insufficient service of process. Fed R. Civ. P. 12(b)(5). "A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) (citation omitted). While "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint," *Whidbee v. Pierce Cty.*, 857 F.3d 1019, 1023 (9th Cir. 2017) (citation omitted), "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction" absent substantial compliance with its requirements. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). The serving party bears the burden of establishing the validity of service.

*Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

Here, Plaintiffs attempted to effectuate service by filing an affidavit of publication. (Doc. 28.) Rule 4(e) of the Federal Rules of Civil Procedure provides that "an individual ... may be served in a judicial district of the United States by ... following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Arizona authorizes service by publication only if:

> (A) the last-known address of the person to be served is outside Arizona but:
>
> > (i) the serving party, despite reasonably diligent efforts, has not been able to ascertain the person's current address; or
> > (ii) the person has intentionally avoided service of process; and
>
> (B) service by publication is the best means practicable in the circumstances for providing notice to the person of the action's commencement.

Ariz. R. Civ. P. 4.2(f).[1] Rule 4.2 "also requires that the party who serves pleadings by publication 'shall file an affidavit showing the manner and dates of publication and mailing, and the circumstances warranting utilization of the procedure authorized by this subpart which shall be prima facie evidence of compliance herewith.'" *Barlage v. Valentine*, 110 P.3d 371, 374 (Ariz. Ct. App. 2005) (citation omitted).

Plaintiffs have not met Rule 4.2's requirements. First, Plaintiffs failed to file a motion seeking the Court's approval to serve by publication, which must be made either before or during publication. Ariz. R. Civ. P. 4.2(f)(1).

Second, Plaintiffs have not shown that they were unable to find out Defendant. Coley's current address, or that she intentionally avoided service of process. Plaintiffs made no attempt to follow up with the information provided by the investigator; were given

---

[1] Arizona amended its Rule of Civil Procedure 4.2 effective January 1, 2022. However, because service was attempted while the old rule was in effect, the Court's citation here is to the previous version of the rule, as the Court's analysis.

- 2 -

information about potential addresses, yet made no attempt at service; and jumped right to the conclusion that they would be unable to serve Defendant Coley. This is not sufficient to satisfy the requirements of diligence.

Third, Plaintiffs have not shown that service by publication in the Arizona Capitol Times was the best means practicable to notify Defendant Coley of this action, especially when she does not reside here. Accordingly, Defendant Coley was not properly served by publication.

Defendant Coley argues that—because the service was untimely—the previously granted extension of time should be reconsidered. The Court declines to vacate the previous order granting an extension of time. While Plaintiffs didn't provide any argument specifically related to Defendant Coley in the motion for an extension of time, an extension is warranted given the difficulties in locating many of the defendants. Even if Plaintiffs did not show good cause specifically as to Defendant Coley, district courts have broad discretion under Rule 4(m) to extend the time for service even in the absence of good cause. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). The Court chooses to exercise that discretion here, especially after review of the private investigator's affidavit describing the efforts to locate many of the defendants.

Therefore,

**IT IS ORDERED** denying Defendant Coley's Motion to Dismiss for Lack of Service. (Doc. 32.)

**IT IS FURTHER ORDERED** affirming the order granting an extension of time for service. (Doc. 33.)

Dated this 1st day of February, 2022.

_____
Honorable Susan M. Brnovich
United States District Judge