George Wentz, Jr. (*Pro hac vice*)
**The Davillier Law Group, LLC**
414 Church St Suite 308
Sandpoint, ID 83864
208-920-6140
Email: gwentz@davillierlawgroup.com

Alexander Kolodin (SBN 030826)
Arno Naeckel (SBN 026158)
**The Davillier Law Group LLC**
3443 N. Central Ave., Suite 1009
Phoenix, AZ 85012
620-730-2985
Email: akolodin@davillierlawgroup.com
         anaeckel@davillierlawgroup.com
         phxadmin@davillierlawgroup.com (file copies)

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ryan Cox, individually and on behalf of all others similarly situated, <br><br>          Plaintiff, <br><br> vs. <br><br> CoinMarketCap OpCo, LLC, Binance Capital Management Co., Ltd. d/b/a Binance and Binance.com, BAM Trading Services Inc. d/b/a Binance.US, Changpeng Zhao, Catherine Coley, Yi He, Ted Lin, and Does I-X; <br>          Defendants. | Case No.: 3:21-cv-08197-SMB <br><br> **PLAINTIFFS' SECOND MOTION FOR EXTENSION OF TIME FOR SERVICE AND FOR ALTERNATIVE SERVICE BY EMAIL, SOCIAL MEDIA, PUBLICATION, AND/OR OTHER METHODS [Defendants Changpeng Zhao, Catherine Coley, Yi He, And Ted Lin]** |

        Plaintiff, Ryan Cox *et al*., by and through his attorneys, the Davillier Law Group

LLC, moves this Honorable Court to extend the time to serve Defendants Changpeng

Zhao, Catherine Coley, Yi He, and Ted Lin (the "Individual Defendants"), and to permit Plaintiffs pursuant to Fed. R. Civ. P. 4(f)(3) and Ariz. R. Civ. P. 4.1(k)(1) or (3) to serve the Individual Defendants via Email, Social Media, Publication, and/or other methods ordered by the Court based upon the argument below.

### FACTS

On December 16, 2021, this Court granted Plaintiff's Motion for Extension of Time, extending time for service to sixty days after the entry of the Court's order denying Plaintiff's Motion for Alternative Service via Social Media. (Doc. 33). The order denying Plaintiff's Motion for Alternative Service via Social Media was entered December 14, 2021. (Doc. 29). Sixty days subsequent to December 14, 2021 would be February 12, 2022, which, falling on a Saturday, shifts the date to February 14, 2022. Fed. R. Civ. P. 6(a)(1)(C).

On February 1, 2022, this Court denied Defendant Coley's Motion to Dismiss for Insufficient Service and reaffirmed its order granting extension of service. (Doc. 49). This Court also found that, specifically with regard to Defendant Coley, Plaintiff did not file a motion seeking service by publication; failed to make a specific showing that they could not find Defendant or that she intentionally avoided service of process, and failed to show that service by publication in the Arizona Capitol Times was the best means practicable to notify Defendant Coley of the action. (Doc. 49), at 2, ll. 20-25, 3, ll. 1-7.

*Attempts to Locate Changpeng Zhao, Ted Lin, and Yi He Have Been Unsuccessful*

Changpeng Zhao, Ted Lin, and Yi He operate Binance, which has prided itself as a decentralized organization, untethered to conventional notions of headquarters and

offices. *See Generally* Complaint (Doc. 1), ¶¶ 27-34. In interviews Changpeng Zhao has been as vague as possible as to his location, saying in 2020 that he was "in Asia" and prefers not to disclose his location.[1] Changpeng Zhao recently tweeted a photograph of himself in Paris, France.[2] However, it is unclear whether this photograph was tweeted while he was still there or if he had already moved elsewhere. Some publications also say that he has become a "fixture" in meetings with royalty and other officials in Abu Dhabi in the United Arab Emirates, while abruptly shutting down the Binance Singapore exchange.[3] Ted Lin and Yi He are even less visible than Changpeng Zhao because they are not the public face of the company; their locations are entirely unknown, yet both Ted Lin and Yi He are active on Twitter, with both sending tweets or retweeting Binance corporate tweets several times in the month of February, 2022. In short, despite efforts by Plaintiff to locate Changpeng Zhao, Ted Lin, and Yi He, including the hiring of an additional investigator, they have to this date been unsuccessful, although efforts continue.

---

[1] Paddy Baker, *Binance Doesn't Have a Headquarters Because Bitcoin Doesn't, Says CEO*, COINDESK (May 8, 2020) (updated Sept. 14, 2021), https://www.coindesk.com/binance-doesnt-have-a-headquarters-because-bitcoin-doesnt-says-ceo (last visited February 14, 2022).

[2] Changpeng Zhao, (@cz_binance), Twitter (February 11, 2022, 7:59 AM), https://twitter.com/cz_binance/status/1492166435984056325?cxt=HHwWioC5qffdnrUpAAAA.

[3] Angela Teng, *Binance.sg to shut on Feb 13: Here's all you need to know about the S'pore crypto exchange*, VULCAN POST, February 10, 2022, https://vulcanpost.com/777783/binance-withdraw-licence-singapore-future-strategy/ (last visited February 14, 2022).

*Attempts to Serve Catherine Coley Have Been Unsuccessful*

Plaintiff's investigator initially located three possible addresses for Defendant Coley: one in Florida, one in North Carolina, and one in Puerto Rico. (Doc. 24-1), *Declaration of Dave Zinn*, at 5, I(A)(1)-(3). Plaintiff's investigator also discovered the address of individuals who may be Defendant Coley's parents. *Id.*, at 5, I(E)(1)(a) and I(E)(2)(a). Plaintiff sent process services to all three of the addresses listed as possible current addresses for Defendant Coley, and the address identified with the individuals who may be Defendant Coley's parents.

Plaintiff's server in Puerto Rico testified that she attempted service on January 11, 2022 at the address identified by Plaintiffs' investigator. Exhibit "A", *Affidavit of Juana Guerra*, at ¶4. She was informed by an individual named Olga Santiago and two other unnamed individuals who refused to give their names that the address belongs to a person named "Johana" but that it was rented out by Johana as an Airbnb. *Id.* The name "Johana" matches Plaintiff's investigator's information that the name "Johana Gimenez" is occasionally used as an alias by Defendant Coley. *See Declaration of Dave Zinn*, at 5, (I)(D)(1) *et seq.*

Plaintiff's server in Winter Park, Florida attempted service on January 20, 2022. Exhibit "B", *Affidavit of Non-Service of Amy Brown***.** The server testified that the home's new owner, Valerie Boos, told her that the home was sold by Defendant Coley approximately eight years ago and that Coley had moved to North Carolina. *Id*.

Plaintiff's server in Chapel Hill, North Carolina attempted service on January 13, 2022. Exhibit "C", *Proof of Service of Lindsey Oldham*. The address provided by

Plaintiff's investigator is the residence of Defendant Coley's mother, who said that Defendant Coley does not reside or receive mail at the address. *Id*. Defendant Coley's mother said she could not provide an address because Defendant Coley is a "nomad." *Id.* Melanie Coley was unable to provide any additional information about Defendant Coley's whereabouts.

Plaintiff's server in Wilmington, North Carolina was permitted to approach the residence only with police escort. Exhibit "D", *Affidavit of Attempted Service by Dwayne Page*. Nonetheless, when Plaintiff's server approached the house, it was apparent that it had not been lived in for some time, the home was unoccupied, and several months' worth of mail was piling up in the mailbox. *Id.*

## LEGAL STANDARD

### *Extension of Time*

Time for service must be extended for an "appropriate period" upon a showing of good cause for failure to serve within the specified time. Fed. R. Civ. P. 4(m). "RULE 4(M), AS AMENDED IN 1993, REQUIRES A DISTRICT COURT TO GRANT AN EXTENSION OF TIME WHEN THE PLAINTIFF SHOWS GOOD CAUSE FOR THE DELAY" AND "PERMITS THE DISTRICT COURT TO GRANT AN EXTENSION EVEN IN THE ABSENCE OF GOOD CAUSE." EFAW V. WILLIAMS, 473 F.3D 1038, 1040 (9TH CIR. 2007) (INTERNAL CITATIONS OMITTED, EMPHASIS IN ORIGINAL).

> The determination whether to extend time involves a two-step inquiry. The district court first determines whether good cause exists for a plaintiff's failure to effect timely service. If good cause exists, the extension must be granted. If good cause does not exist, the district court must consider whether to grant a discretionary extension of time.

*Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997) *cert. denied*, 522 U.S. 1109, 118 S. Ct. 1038, 140 L. Ed. 2d 104, 1998 U.S. LEXIS 893 (1998). "In making extension

decisions under Rule 4(m) a district court may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service. *Efaw v. Williams.*, at 1041 (citing *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)) (internal quotation marks omitted).

"If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service." *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). Service under Rule 4 is "a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Scott v. Sebelius*, 379 F. App'x 603, 604 (9th Cir. 2010) (internal citation omitted).

*Alternative Service / Service by Publication*

Fed. R. Civ. P. Rule 4(f) governs service by alternative means. "By its plain terms, Rule 4(f)(3) does not require exhaustion of all possible methods of service before a court may authorize service by 'other means,' such as service through counsel and by email. Given that the district court was presented with an elusive international defendant, striving to evade service of process, the court acted within its discretion when it authorized alternative service under Rule 4(f)(3)." *AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 420, 429 (1st Cir. 2015). The Hague Convention on service "shall not apply where the address of the person to be served with the document is not known." Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or

Commercial Matters, art. 1, *adopted* November 15, 1965, 20 UST 361; TIAS 6638; 658 UNTS 163.

## ARGUMENT

*a. Plaintiff Has Demonstrated Good Cause for an Additional Extension of Time*

 i. <u>Plaintiffs have expended reasonable efforts to locate Changpeng Zhao, Ted Lin, and Yi He; or, in the alternative, discretionary extension of time is warranted</u>

As established above, Changpeng Zhao, Yi He, and Ted Lin have ordered their affairs to maintain inaccessibility to the general public. With vast wealth at their command, they have been able to dodge regulators and investigations funded by governments, let alone private citizens seeking to hold them accountable for their actions. Therefore, it is appropriate that this Court permit Plaintiff additional time to locate these individuals, particularly because there is no injury to the Corporate Defendants to wait further for the service to be accomplished.

 ii. <u>Plaintiff has expended reasonable efforts to serve Catherine Coley</u>

Plaintiff has detailed at length above and in Exhibits "A" through "D" their efforts to locate Catherine Coley. Plaintiff initially hired a private investigator to attempt to locate Defendant Coley's current address and location, but after extensive efforts he was only able to locate several properties potentially associated with her. *See generally,* Doc. 24-1, p. 5, I. Subsequently, during the period of the first extension of time, Plaintiff hired four process servers to approach all three of the properties associated with Defendant Coley, and the one associated specifically with her parents, believed to be Melanie and Elwood.

These servers confirmed what the investigator suspected, which is that Defendant Coley is, in the words of her own mother, a "nomad" without a permanent address. Exhibit "D".

The Ninth Circuit has declined to "articulate a specific test that a court must apply in exercising its discretion under Rule 4(m)[,]" noting "only that, under the terms of the rule, the court's discretion is broad." *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 513 (9th Cir. 2001). An order by this Court to extend time by 120 days is appropriate given the discovery by Plaintiff of the inaccessibility of all individual Defendants. As the corporate Defendants signed the Stipulation for Scheduling Order (Doc. 16), entered as an order by this Court on November 5, 2021 (Doc. 17), granting the Corporate Defendants sixty days to answer Plaintiff's complaint after service upon all of the Individual Defendants has been perfected, there is no discriminatory effect upon the interests of the Corporate Defendants to provide additional time. Given the status of the Individual Defendants as international nomads, the vast resources at their disposal, and their demonstrated willingness to evade service and even public scrutiny, a longer time for perfection of service is appropriate.

    b.  *An Order for Alternative Service is Appropriate for Changpeng Zhao, Ted Lin, Yi He, and Catherine Coley because Plaintiff has Exhausted Traditional Avenues of Service*

Fed. R. Civ. P. 4(f) provides three different avenues for service of an individual in a foreign country. However, the sequence of avenues is merely numerical, not preferential; "by its plain language and syntax, Rule 4(f)(3)'s alternative is not a last resort, nor is it any less favored than service under subsections (1) and (2). Rule 4(f)'s plain language unambiguously indicates that the only limit it imposes on court-directed service under Rule 4(f)(3) is that the means must not be prohibited by international

agreement." *Forum Fin. Grp. v. President & Fellows of Harvard Coll.*, 199 F.R.D. 22, 23-24 (D. Me. 2001).

Fed. R. Civ. P. 4(f)(1) is not available in this case, as the Hague Convention, the key international agreement governing international service, does not apply where the address of the party to be served is unknown. The second avenue, proceeding as "prescribed by the foreign country's law for service," is also unavailable for the same reason. Therefore, the only acceptable remaining avenue is the third, Rule 4(f)(3). "Applying this proper construction of Rule 4(f)(3) and its predecessor, trial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (including list of cases where each method was permitted).

With regard to service by publication specifically, "the fundamental requisite of due process of law is the opportunity to be heard." *SEC v. Tome*, 833 F.2d 1086, 1094 (2d Cir. 1987) (internal cite omitted). Arizona law provides requirements for service by publication. Specifically, Plaintiff must demonstrate that alternative means of service are "impracticable" for the Court to, "upon motion, order that service be accomplished by publication. Ariz. R. Civ. P. 4.2(l)(1). Arizona law provides three requirements to demonstrate this: first, that the address of the individual cannot be determined, or if the individual has intentionally avoided service of process; second, that service by publication is the best means practicable in the circumstances; and third, that this motion

is supported by an affidavit setting forth the "reasonably diligent efforts" to serve the person. *Id.*, at (l)(1)(A) – (C). [4]

"It is well settled that a finding of due diligence prior to service by publication is a jurisdictional prerequisite." *Omega II Inv. Co. v. McLeod*, 153 Ariz. 341, 342, 736 P.2d 824, 825 (Ct. App. 1987). "A 'due diligent effort' requires such pointed measures as an examination of telephone company records, utility company records, and records maintained by the county treasurer, county recorder, or similar record keepers." *Sprang v. Petersen Lumber,* 165 Ariz. 257, 261, 798 P.2d 395, 399 (Ct. App. 1990). "It has been recognized that, in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 317, 70 S. Ct. 652, 658 (1950).

     i.    <u>Approval of Service by Alternative Means is Appropriate for Changpeng Zhao, Ted Lin, and Yi He</u>

This Court found, in its order of December 14, 2021, that Plaintiff has expended "extensive action" to locate these individual Defendants, and that the efforts have been fruitless. *Order Denying Motion for Alternative Service,* (Doc. 29), at 2, ll. 5-7. The Court

---

[4] When Plaintiff initially elected to accomplish service by publication, concluding the final publication on December 10, 2021, Ariz. R. Civ. P. 4.2(f) did not require a motion to the Court for permission to serve by publication, nor did it require a showing that publication was the "best means practicable" or that it was accompanied by an affidavit setting forth the "reasonably diligent efforts" to serve the person. These requirements were added in the amendment of Rule 4.2 that went into effect on January 1, 2022. Subsequent to this Motion, and dependent upon the Court's decision here, Plaintiff may elect to file a Motion to Reconsider the Court's order (Doc. 49) finding that the service by publication was defective, on these grounds.

further acknowledged that each individual Defendant has a verified Twitter account, and that counsel tweeted a copy of the summons and link to the Complaint to the Twitter accounts of Changpeng Zhao, Ted Lin, and Yi He. *Id.*, at 2, ll. 12-15. This Court based its finding that service by Twitter was inappropriate because "Plaintiff has not presented the Court with enough information to determine the country in which Defendants reside or, by extension, determine if service via Twitter would violate international law." *Id.*, at 4, ll. 7-10. Yet as Plaintiff has demonstrated *supra*, the basis to argue that service by alternative means would potentially be a violation of international law, the Hague Convention, states that it does not apply in cases where the address of the party is not known. *Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*, art. 1, *adopted* November 15, 1965, 20 UST 361; TIAS 6638; 658 UNTS 163.

Therefore, in the absence of international law to the contrary, the provisions of Fed. R. Civ. P 4(f)(3) are appropriate in these extraordinary circumstances. International "ghosts" evading service and the legal repercussions of their actions need to be held accountable, and in a situation where the Corporate Defendants are already served and on notice of the proceedings, it is inconceivable that the Individual Defendants are not already on actual notice of the matter as well. Plaintiff therefore asks this Court to again consider the question of alternative service, and permit Plaintiff to serve Changpeng Zhao, Ted Lin, and Yi He by Twitter or other alternative means the Court deems appropriate.

ii.   Approval of Service by Publication is Appropriate for Catherine Coley

Plaintiff has exhausted traditional methods of service for Defendant Coley, establishing that even her own mother does not know her whereabouts. Her residence appears abandoned and has months of mail piling up. Even cryptocurrency-centric news media has noticed her disappearance: while before she was "one of the most prominent names in the crypto space," she has not been seen or heard from in months, has not been heard from on Twitter since April 19, 2021, and has not been in contact even with close friends or major players in the crypto space. Turner Wright, *Former Binance US CEO Catherine Coley is still missing, and no one seems to be talking*, COINTELEGRAPH, January 20, 2022, https://cointelegraph.com/news/former-binance-us-ceo-catherine-coley-is-still-missing-and-no-one-seems-to-be-talking (last visited February 14, 2022).

Yet Defendant Coley has attorneys specially appearing on her behalf in this matter to contest service, which may be the only discoverable link to her for the purposes of service. Therefore, it is appropriate to permit service upon her attorneys on her behalf. However, if the Court declines to permit service upon her attorneys, it would then be appropriate for the Court to permit service by publication. The affidavits included as Exhibits "B" through "E" of this Motion, and the Declaration of Dave Zinn, Doc. 24-1, illustrate the due diligent efforts to locate Defendant Coley, including examination of public and proprietary databases for property, online accounts, and acquaintances, and attempted service on all associated addresses. Therefore, in the absence of permission to serve her attorneys, Plaintiff requests that this Court grant permission to serve Catherine

Coley by publication in accordance with Arizona law, and that Plaintiff be permitted sufficient time to do so.

## CONCLUSION

Therefore, Plaintiff respectfully requests that this Court:

1) Extend the time for perfection of service for 120 days from the entry of the Court's order in response to this request; and

2) Authorize and permit Plaintiff to accomplish service upon Defendants in one or more of the following manners:

    a. In the case of Catherine Coley, service upon her by delivery to the Defendants' attorney(s), or, in the alternative, publication pursuant to Ariz. R. Civ. P. 4.1(l); and

    b. In the case of Changpeng Zhao, Ted Lin, and Yi He, publication by social media by way of Twitter, or some other form deemed appropriate and so ordered by the Court.

Respectfully submitted this 14th day of February, 2022.


/s/ Arno Naeckel
Arno Naeckel
DAVILLIER LAW GROUP, LLC
3443 N. Central Ave. Ste 1009
Phoenix, AZ 85012

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that this Motion, which is 13 pages, does not exceed the page limit set forth by LRCiv 7.2(e)(1) of 17 pages.

Dated this 14th day of February, 2022.

/s/ Arno Naeckel
Arno Naeckel
DAVILLIER LAW GROUP, LLC
3443 N. Central Ave. Ste 1009
Phoenix, AZ 85012

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 14th, 2022, I electronically submitted the foregoing document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.


Dated this 14th day of February, 2022.

<u>/s/ Arno Naeckel</u>
Arno Naeckel
DAVILLIER LAW GROUP, LLC
3443 N. Central Ave. Ste 1009
Phoenix, AZ 85012