**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ryan Cox, | No. CV-21-08197-PCT-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| CoinMarketCap OpCo LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Second Motion for Extension of Time for Service and For Alternative Service by Email, Social Media, Publication, and/or Other Methods ("Motion"). (Doc. 50.) The Court heard oral argument on the Motion on February 25, 2022. The Court has reviewed the Motion and applicable law and now issues this ruling granting the Motion.

**I.   BACKGROUND**

Plaintiff, Ryan Cox, filed a Complaint with this Court against CoinMarketCap OpCo, LLC ("CoinMarketCap.com"), Binance Capital Management Co. Ltd. ("Binance"), and Bam Trading Services Inc. d/b/a Binance.US ("BAM"), as well as individuals Changpeng Zhao, Catherine Coley, Yi He, Ted Lin, and Does I–X for artificially suppressing the value of the cryptocurrency HEX and artificially inflating the value of other cryptocurrencies. (Doc. 1 ¶ 3.) Plaintiff notes that Binance has been described as an international cryptocurrency exchange that hops around from jurisdiction to jurisdiction to avoid regulators. (Doc. 24 at 2.)

Plaintiff has successfully served process on the corporate entities in this lawsuit but has failed to serve each of the individual Defendants, who Plaintiff notes are Chinese nationals whose country of domicile cannot be ascertained. (*Id.* at 2.) Defendant Zhao, the CEO of Binance, has been on record as stating, "Binance.com has always operated in a decentralized manner as we reach out to our users across more than 180 nations worldwide. As well as pushing the envelope in experimenting on how to become a true DAO (decentralized autonomous organization)." (*Id.*) Plaintiff has taken extensive action to locate the whereabouts of the individual Defendants, who are officers of Binance. (*Id.* at 5.) All of Plaintiff's efforts have been fruitless. (*Id.* at 5.) Plaintiff describes these individual Defendants as "international ghosts." (*Id.* at 2 (internal quotation marks omitted).) A private investigator hired by Plaintiff could not even identify the country of residency for a single Binance officer. (*Id.*; Doc. 24-1 at 2.) The private investigator was, however, able to identify the Twitter accounts associated with Defendants Zhao, Ted Lin, and Yi He. (Doc. 24-1 at 6–7.) On November 12, 2021, undersigned counsel tweeted a copy of the summons and a link to the Complaint in this case to all three Twitter accounts. (Doc. 24 at 6.) Twitter has verified each individual account, and Plaintiff notes that each user utilizes their account on a regular basis. (*Id.* at 7.)

On December 13, 2021, the Court entered an order denying Plaintiff's Motion for Alternative Service, asking the Court for permission to serve the individual Defendants in this case via social media. (*See* Doc. 29.) On February 1, 2022, the Court denied Defendant Coley's Motion to Dismiss for lack of service, finding that an extension of the time to serve Defendant Coley was warranted given the difficulties in locating the individual Defendants in this case. (Doc. 49 at 3.)

Plaintiff once again moves this Court for an extension of time to serve the individual Defendants in this case and to serve the individual Defendants in this case via alternative means, including by email, social media, and publication. (Doc. 50.) Since Plaintiff's last motion to serve by alternate means, he has taken additional steps to locate and serve the individual Defendants. Despite Plaintiff's continued efforts to locate Defendants

Changpeng Zhao, Ted Lin, and Yi He by hiring an additional investigator and by following the Twitter accounts of all three, Plaintiff was, again, unsuccessful in located the whereabouts of all three. (Doc. 50 at 3.) Additionally, Plaintiff attempted to serve Defendant Coley at addresses in Puerto Rico, Florida, and North Carolina. (*Id.* at 4.) All efforts have been unsuccessful. (*Id.*)

## II.   DISCUSSION

### A. Good Cause Exists for an Extension

A court must extend the time for service if the plaintiff shows good cause for the failure to serve. Fed. R. Civ. P. 4(m). Rule 4(m) "*requires* a district court to grant an extension of time when the plaintiff shows good cause for the delay." *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007).

The Court will grant Plaintiff with an extension of time in which to serve the individual Defendants in this case. Plaintiff has shown good cause for its delay in failing to serve Defendant Coley. Plaintiff attempted to serve Defendant Coley in at three addresses associated her and were unsuccessful. Additionally, despite speaking with Defendant Coley's mother in North Carolina, Plaintiff was unable to get an address for Defendant Coley whose mother described her as a "nomad." (*Id.* at 5.) Further, Plaintiff has made extensive efforts to locate and serve Defendants Changpeng Zhao, Ted Lin, and Yi He, all of which have been unsuccessful. Accordingly, because Plaintiff has shown good cause for the delay, the Court will extend the time to serve the individual Defendants by 60 days.

### B. Alternate Service

Rule 4(f) provides three methods of serving an individual in a foreign country: (1) "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents" ("Hague Convention"); (2) "if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice …"; or (3) "by other means not

prohibited by international agreement, as the court orders."

District courts are given discretion to determine when the particularities and necessities of a given case require alternative service of process under Rule 4(f). *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). A party does not need to attempt to serve process under Rule 4(f)(1) and (2) before requesting to serve under Rule 4(f)(3); it stands independently. *See id.* at 1014–1015 ("[S]ervice of process under Rule 4(f)(3) … is merely one means among several which enables service of process on an international defendant."). A court may order service under Rule 4(f)(3) so long as the service (1) comports with constitutional notions of due process and (2) is not prohibited by international agreement. *Id.* at 1015. "[T]rial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Id.* at 1016.

### 1. Defendants Zhao, Lin, and He

Plaintiff argues that the Court should allow it to serve Defendants Zhao, Lin, and He via Twitter pursuant to Rule 4(f)(3). The Court previously denied Plaintiff's attempt to serve via social media. (Doc. 29.) However, in light of the fact that Plaintiff's continued efforts to locate Defendants Zhao, Lin, and He—"international "ghosts"—have failed despite diligent efforts, the Court will now grant Plaintiff's request to serve the three Defendants via Twitter. As Plaintiff points out, the Hague Convention does not apply where, as here, "the address of the person to be served with the documents is not known." *Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*, art. 1, T.I.A.S. No. 6638 (Feb. 10, 1969). Further, other courts have authorized service by social media to international defendants. *See WhosHere, Inc. v. Orun*, No. 1:13-cv-00526-AJT-TRJ, 2014 WL 670817 (E.D. Va. Feb. 20, 2014) (authorizing service on an individual in Turkey by email and through Facebook and LinkedIn); *FTC v. PCCare247 Inc.*, No. 12 Civ. 7189(PAE), 2013 WL 841037 (S.D.N.Y. Mar. 7, 2013) (authorizing service on individuals in India by email and through Facebook);

*St. Francis Assisi v. Kuwait Finance House*, No. 3:16-CV-3240-LB, 2016 WL 5725002, at *1 (N.D. Cal. Sept. 30, 2016) (authorizing service via Twitter to individual in Kuwait and noting Kuwait was not a signatory to the Hague Convention). The Court finds that, under the circumstances, service via Twitter is the best method available to give notice to Defendants of the pendency of this action. Accordingly, the Court will authorize service by tweeting a copy of the summons and a link to the Complaint to the verified Twitter accounts of Defendants Zhao, Lin, and He pursuant to Rule 4(f)(3).

### 2. Defendant Coley

Plaintiff also requests to serve Defendant Coley by serving her counsel or by publication. (Doc. 50 at 12.) Plaintiff has undertaken extensive efforts to locate Defendant Coley but has been unsuccessful. The Court notes that serving Defendant Coley via publication is not the best method to give her notice of the pendency of this action because, as Plaintiff notes, her whereabouts are a mystery. (*Id.*) Thus, the Court will consider other alternate means of service.

Plaintiff requests authority to serve Defendant Coley's counsel. "Courts analyze the communications between a defendant and defendant's counsel in deciding whether, as a method of alternative service, a defendant's counsel may accept process that he would otherwise be unauthorized to accept." *BMO Harris Bank, N.A. v. Gunthmiller*, No. CV-14-00275-PHX-JAT, 2014 WL 2600362, at *4 (D. Ariz. June 10, 2014). Indeed, courts may authorize service on a defendant's counsel where the circumstances show that defendant was likely in communication with his or her counsel regarding the suit. *Rio Properties*, 284 F.3d at 1017 (authorizing service on defendant's lawyer, but noting the attorney "had been specifically consulted by [the defendant] regarding this lawsuit."); *Guthmiller*, 2014 WL 2600362, at *4 (authorizing service on a domestic defendant where defendant had notice of the suit through his attorney); *FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 536 (E.D. Va. 2005) (authorizing service on a defendant's attorney under Rule 4(f)(3) because his many motions evidenced that defendant had some form of notice of the action).

Here, service through Defendant Coley's counsel is appropriate. Plaintiff's extensive attempts to locate and serve Defendant Coley have been unfruitful. Even her own mother described her as a nomad. Defendant Coley clearly has notice of the suit as evidenced by her Motion to Dismiss for lack of service and by her counsel's subsequent appearance at oral argument. Under the circumstances, the Court finds that serving her counsel is the best method to apprise her of the pendency of this action. Service on Defendant Coley's counsel is appropriate under Rule 4(f)(3) if she is an international defendant, *see Dagra*, 228 F.R.D. at 536, but can also be authorized if she is a domestic defendant, *see Ginthmiller*, 2014 WL 2600362, at *4. Accordingly, the Court will authorize alternate service on Defendant Coley by emailing a copy of the summons and Complaint to her counsel of record in this case.

The Court will also require service by mailing a copy of the summons and Complaint to her mother's address in North Carolina and the second home in North Carolina by first class mail.

III. **CONCLUSION**

Accordingly,

**IT IS ORDERED** granting Plaintiff's Second Motion for Extension of Time for Service and for Alternative Service as outlined above. (Doc. 50.)

**IT IS FURTHER ORDERED** extending the time to serve Defendants Zhao, Lin, He, and Coley by 60 days.

Dated this 1st day of March, 2022.

Honorable Susan M. Brnovich
United States District Judge