**HAHN LOESER & PARKS LLP**
MICHAEL J. GLEASON (CA SBN 279434)(*admitted pro hac vice*)
TREVOR S. LOCKO (CA SBN 323313)(*admitted pro hac vice*)
JEFFREY A. BRAUER (OH SBN 0069908) (*admitted pro hac vice*)
ONE AMERICA PLAZA
600 WEST BROADWAY, SUITE 1500
SAN DIEGO, CA  92101-3384
TELEPHONE:  (619) 810-4300
FACSIMILE:  (619) 810-4301
mgleason@hahnlaw.com
tlocko@hahnlaw.com
jabrauer@hahnlaw.com

Attorneys for Defendant BAM Trading Services Inc. d/b/a Binance.US

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ryan Cox, individually and on behalf of all other similarly situated; | **Case No. 3:21-cv-08197-SMB** *(Honorable Susan M Brnovich)* |
| Plaintiffs, | |
| v. | **MOTION TO DISMISS THE COMPLAINT ON BEHALF OF DEFENDANT BAM TRADING SERVICES INC. D/B/A BINANCE.US; MEMORANDUM IN SUPPORT** |
| CoinMarketCap OpCo, LLC; Binance Capital Management Co., Ltd. d/b/a/ Binance and Binance.com; BAM Trading Services Inc. d/b/a Binance.US; Changpeng Zhao; Catherine Coley; Yi He; Ted Lin; and Does I-X; | Oral Argument Requested |
| Defendants. | |

1

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................ ii

I.      Introduction ......................................................................................................... 1

II.     Allegations .......................................................................................................... 2

III.    Dismissal Is Warranted Under 12(b)(2) .............................................................. 3

        A.      Standard for a Motion To Dismiss Based on Lack of Personal Jurisdiction ........ 3

        B.      Exercising Personal Jurisdiction Over Binance.US Violates Due Process
                Because Plaintiff Cannot Show Binance.US Has Minimum Contacts With
                Arizona ...................................................................................................... 4

                1.      This Court Lacks General Personal Jurisdiction Over Binance.US ........... 4

                2.      This Court Lacks Specific Personal Jurisdiction Over Binance.US ........... 5

                        a.      Plaintiff Fails To Establish That Binance.US Purposefully
                                Directed Activities Toward Arizona .................................... 6

                        b.      The Claim Does Not Arise Out Of Binance.US's Activity
                                In Arizona ........................................................................... 8

                        c.      Exercising Specific Jurisdiction Over Binance.US Is
                                Unreasonable ...................................................................... 8

IV.     Dismissal Is Warranted Under 12(b)(6) .............................................................. 10

        A.      Standard for a Motion To Dismiss For Failure to State a Claim ........................ 10

        B.      Plaintiff Fails to Allege a Violation of the Commodity Exchange Act
                (Count 1) ................................................................................................... 10

        C.      Plaintiff Fails to State a Claim for Strict Liability for Violation of the
                Commodity Exchange Act (Count 2) ............................................................. 12

        D.      Plaintiff Fails to Allege a Violation of the Arizona Consumer Fraud Act
                (Count 3) ................................................................................................... 15

        E.      Plaintiff Fails to Allege a Consumer Fraud Claim Premised on Control
                Person Liability (Count 4) ........................................................................... 16

        F.      Plaintiff Fails to State an "Antitrust" Claim Against Binance.US ..................... 17

V.      Conclusion ........................................................................................................... 17

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Amaranth Nat. Gas Commodities Litig.,*
    730 F.3d 170 (2d Cir. 2013) ........................................................................12

*In re American Southwest Mortg. Litigation,*
    No. CIV 89-462 TUC-RMB, CIV89-471-TUC-RMB, 1991 WL 164473
    (D. Ariz. Aug. 14, 1991) ...............................................................................16

*Andrich v. Navient Solutions Inc.,*
    No. CV-18-02766-PHX-SMB, 2020 WL 1508449 (D. Ariz. Mar. 30, 2020)................... 13, 15

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)................................................................................3, 10

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.,*
    874 F.3d 1064 (9th Cir. 2017) .......................................................................5

*Ballard v. Savage,*
    65 F.3d 1495 (9th Cir. 1995)........................................................................8

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) .............................................................................10, 17

*BMA LLC v. HDR Glob. Trading Ltd.,*
    No. 20-CV03345-WHO, 2021 WL 949371 (N.D. Cal. Mar. 12, 2021) ...................11

*Boehm v. Airbus Helicopters Inc.,*
    527 F. Supp. 3d 1112 (D. Ariz. 2020) ............................................................7

*Cahill v. Liberty Mut. Ins. Co.,*
    80 F.3d 336 (9th Cir. 1996).........................................................................10

*Calder v. Jones,*
    465 U.S. 783 (1984).................................................................................6, 7

*Chandler v. Roy,*
    985 F. Supp. 1205 (D. Ariz. 1997)................................................................9

*Chapman v. Field,*
    602 P.2d 481 (Ariz. 1979) .........................................................................13

*In re Commodity Exch., Inc., Silver Futures and Options Trading Litig.,*
    No. 11 Md. 2213(RPP), 2012 WL 6700236 (S.D.N.Y. Dec. 21, 2012) ...................12

MOTION TO DISMISS

*Core-Vent Corp. v. Nobel Indus. AB*,
   11 F.3d 1482 (9th Cir. 1993).............................................................................9, 10

*Crosswood Magazine Inc. v. Times Books*,
   No. 96 Civ. 4550(SJ), 1997 WL 227998 (E.D.N.Y. May 5, 1997)............................11

*Cybersell, Inc., v. Cybersell, Inc.*,
   130 F.3d 414 (9th Cir. 1997).......................................................................4, 7

*Dietel v. Day*,
   492 P.2d 455 (Ariz. Ct. App. 1972) ...................................................................13

*Doe v. Am. Nat'l Red Cross*,
   112 F.3d 1048 (9th Cir. 1997) ..........................................................................8

*Ferren v. Westmed Inc.*,
   No. CV-19-00598-TUC-DCB, 2021 WL 2012654 (D. Ariz. May 20, 2021) .................15

*Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*,
   905 F.3d 597 (9th Cir. 2018)..............................................................................4

*Gatecliff v. Great Republic Life Ins. Co.*,
   821 P.2d 725 (Ariz. 1991) ...............................................................................14

*Goodyear Dunlop Tires Ops., S.A. v. Brown*,
   564 U.S. 915 (2011).........................................................................................4

*Handsome Music, LLC v. Etoro USA LLC*,
   No. LACV 20-08059-VAP, 2020 WL 8455111 (C.D. Cal. Dec. 17, 2020)....................7

*Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.*,
   328 F.3d 1122 (9th Cir. 2003) ...........................................................................9

*Harter v. Ascension Health*,
   No. CV-15-00343-TUC-RM, 2018 WL 496911 (D. Ariz. Feb. 22, 2018).....................5

*Hendricks v. New Video Channel Am., LLC*,
   No. 2:14-CV-02989-RSWL-SSx, 2015 WL 3616983 (C.D. Cal. June 8, 2015)..............5

*Hershey v. Energy Transfer Partners, L.P.*,
   610 F.3d 239 (5th Cir. 2010).............................................................................10

*Holland America Line Inc. v. Wartsila N. Amer., Inc.*,
   485 F.3d 450 (9th Cir. 2007)..............................................................................7

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310 (1945)..........................................................................................4

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

iii

MOTION TO DISMISS

*Kingsley Capital Management, LLC v. Sly*,
   No. CV-10-02243-PHX-NVW, 2013 WL 3967615 (D. Ariz. Aug. 2, 2013)..........................16

*Leon v. Peterbilt Motors Co.*,
   No. CV-18-02122-PHX-ROS, 2019 WL 859580 (D. Ariz. Feb. 22, 2019) ..............................5

*LNS Enterprises LLC v. Continental Motors Inc.*,
   464 F. Supp. 3d 1065 (D. Ariz. 2020), *aff'd* 22 F.4th 852 (9th Cir. 2022)............................4, 6

*Malcomson v. IMVU, Inc.*,
   No. 1 CA-CV 18-0596, 2019 WL 2305013 (D. Ariz. May 30, 2019)...................................5, 7

*Morgan v. Freightliner of Az LLC*,
   No. CV-16-00498-TUC-CKJ, 2018 WL 3957745 (D. Ariz. Aug. 17, 2018) ..........................14

*Morrill v. Scott Fin. Corp.*,
   873 F.3d 1136 (9th Cir. 2017) ...............................................................................................6

*In re Nat. Gas Commodity Litig.*,
   337 F. Supp. 2d 498 (S.D.N.Y. 2004)...................................................................................13

*No. 84 Employer-Teamster Joint Council Pension Trust Fund v. America West Holding Corp.*,
   320 F.3d 920 (9th Cir. 2003)................................................................................................16

*Ocean Garden Products Inc. v. Blessings Incorp.*,
   No. CV-18-00322-TUC-RM, 2019 WL 4736928 (D. Ariz. Sept. 27, 2019) ..........................5

*Peterson v. Am. Express*,
   No. CV-14-02056-PHX-GMS, 2016 WL 1158881 (D. Ariz. March 23, 2016)......................16

*Picot v. Weston*,
   780 F.3d 1206 (9th Cir. 2015) .............................................................................................6, 8

*Rick-Mik Enterprises, Inc. v. Equilon Enterprises LLC*,
   532 F.3d 963 (9th Cir. 2008)................................................................................................17

*Rodriguez v. Whole Foods Market Inc.*,
   No. CV-18-08301-PCT-SMB, 2019 WL 3220538 (D. Ariz. July 17, 2019) ..........................13

*Schellenbach v. GoDaddy.com, LLC*,
   321 F.R.D. 613 (D. Ariz. 2017)............................................................................................15

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004)...............................................................................................3, 4

*Sutter Home Winery, Inc. v. Vintage Selections, Ltd.*,
   971 F.2d 401 (9th Cir. 1992)................................................................................................16

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

iv

MOTION TO DISMISS

*Taeger v. Catholic Family & Cmty. Servs.*,
    995 P.2d 721 (Ariz. Ct. App. 1999) .................................................. 14

*Telectronics Proprietary, Ltd. v. Medtronic, Inc.*,
    687 F. Supp. 832 (S.D.N.Y. 1988) .................................................. 11

*Terracom v. Valley Nat. Bank*,
    49 F.3d 555 (9th Cir. 1995) ........................................................ 8, 9

*In re Tether & Bitfinex Crypto Asset Litig.*,
    No. 19 CIV. 9236 (KPF), 2021 WL 4452181 (S.D.N.Y. Sept. 28, 2021) ........... 11, 12

*U.S. Commodity Futures Trading Comm'n v. Parnon Energy Inc.*,
    875 F. Supp. 2d 233 (S.D.N.Y. 2012) ............................................. 11

*U.S. Commodity Futures Trading Comm'n v. Wilson*,
    27 F. Supp. 3d 517 (S.D.N.Y. 2014) .............................................. 12

*U.S. v. Bestfoods*,
    524 U.S. 51 (1998) ................................................................ 13

*Wal-Mart Stores, Inc. v. LeMaire*,
    395 P.3d 1116 (Ariz. Ct. App. May 11, 2017) ..................................... 5

*Walden v. Fiore*,
    571 U.S. 277 (2014) ............................................................... 8

*Xcentric Ventures, LLC v. Bird*,
    683 F. Supp. 2d 1068 (D. Ariz. 2010) ............................................. 7

**Statutes**

A.R.S. § 44-1522 .................................................................... 15

A.R.S. § 44-1999(B) ................................................................. 16

15 U.S.C.A § 77o ................................................................... 16

15 U.S.C.A. § 78t .................................................................. 16

7 U.S.C. § 2(a)(1)(B) ........................................................... 12, 13

**Other Authorities**

Ariz. R. Civ. P. 4.2(a) ............................................................. 4

Fed. R. Civ. P. 9(b) ............................................................... 11

Fed. R. Civ. P. 12(b)(2) ...................................................... 1, 2, 3

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

v

MOTION TO DISMISS

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 1, 2, 10

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA  92101
Tel: (619) 810-4300 · Fax:  (619) 810-4301

MOTION TO DISMISS

Defendant BAM Trading Services Inc. d/b/a Binance.US ("Binance.US") moves to dismiss Plaintiff Ryan Cox's Complaint pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) because: (1) an exercise of personal jurisdiction in Arizona over Binance.US would violate due process and (2) Plaintiff fails to allege a claim against Binance.US.[1] The Motion is supported by the following Memorandum of Points and Authorities and Request for Judicial Notice.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Binance.US does not belong in this lawsuit. Plaintiff claims that the value of his HEX cryptocurrency was harmed by an artificially low rank of HEX compared to other cryptocurrencies on a ranking website of co-defendant CoinMarketCap. Plaintiff contends upon "information and belief" that the low rank occurred at the direction of co-defendant Binance.com (not Binance.US) after Binance.com purchased CoinMarketCap.

While the claims premised upon improper rankings against all defendants are fatally flawed, the inclusion of Binance.US in this lawsuit is particularly baffling. Binance.US is not alleged to have ranked HEX. Nor is Binance.US even alleged to be the parent of the ranking website CoinMarketCap. Rather, Plaintiff merely alleges that Binance.US is a "US Affiliate" of Binance.com (which it is not) and that the website of Binance.US directed unidentified potential investors to CoinMarketCap for information. Compl. ¶¶ 5(c), 164, 188. Such allegations do not support or explain the unnecessary inclusion of Binance.US. No legal or factual basis supports holding an alleged "affiliate" of a "parent" liable for the conduct of the parent's subsidiary. And the allegation that unknown potential investors may have reviewed the website of Binance.US, may have then reviewed the rankings on CoinMarketCap, and may have then not purchased HEX when they otherwise would have is far too attenuated to include Binance.US in this lawsuit. Binance.US should be dismissed for two primary reasons.

---

[1] Pursuant to LR Civ 12.1(c), Michael Gleason (counsel for Binance.US ) and Plaintiff's counsel met and conferred in good faith regarding this motion on May 18, 2022. The parties have been unable to agree the pleading is curable by a permissible amendment.

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

**First,** this Court lacks personal jurisdiction over Binance.US. Binance.US is neither incorporated nor does it have it principal place of business in Arizona. In addition, Plaintiff has not shown sufficient "minimum contacts" to subject Binance.US to personal jurisdiction in Arizona. Allegations of operating a national website which directed unidentified users from unidentified states to CoinMarketCap does not establish personal jurisdiction in Arizona.

**Second,** the allegations fail to state a claim against Binance.US. Plaintiff fails to allege the requisite elements for his claims premised on the allegedly low ranking of HEX against any defendant. And his attempt to link Binance.US to the "artificial" ranking by virtue of being either (1) an "affiliate" of a parent of a ranking site or (2) a company that pointed unidentified investors to CoinMarketCap, lacks legal and factual support.

For these reasons, set forth in more detail below, Binance.US respectfully requests that this Court dismiss the claims against it based on Fed. R. Civ. P. 12(b)(2) or 12(b)(6).

## II.    ALLEGATIONS

Plaintiff alleges that from September 27, 2020 until today (the "Suppression Period"), the value of HEX has been "artificially suppress[ed]" while values of other cryptocurrencies were "artificially inflate[d]" through rankings by CoinMarketCap. Compl. ¶¶ 1-3, 90-94.

CoinMarketCap is a "price-tracking website for cryptoassets" that ranks cryptocurrency. Compl. ¶¶ 5, 14, 89. Since September 27, 2020, HEX's rank by CoinMarketCap remains "locked" at 201. *Id.* ¶¶ 90, 93-94. Plaintiff alleges that HEX should rank higher based on its performance compared to other cryptocurrencies but CoinMarketCap has refused to adjust the ranking. *Id.* ¶¶ 93-94, 106-111, 113.

Plaintiff alleges the devaluation of HEX was intentional after co-defendant Binance (referred to herein as Binance.com for clarity) purchased CoinMarketCap. Compl. ¶ 16-17, 20. Binance.com is the "largest cryptocurrency exchange in the world[.]" *Id.* ¶ 26. It "facilitates trades in cryptocurrency by providing a marketplace and facilities for bringing together buyers and sellers of cryptocurrency in exchange for Binance[.com] taking a fee for every transaction it facilitates." *Id.* Plaintiff alleges a low ranking of HEX benefits Binance.com because: (1) HEX is not traded on the Binance.com exchange and Binance.com charges transaction fees to those

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

MOTION TO DISMISS

who trade cryptocurrencies on the Binance.com exchange (*id.* ¶ 69-70); (2) Binance.com issued its own cryptocurrencies which compete against HEX (*id.* at ¶¶ 99-101, 103-105); and (3) officers of Binance.com hold cryptocurrencies that compete against HEX (*id.* ¶¶ 130-132).

Binance.US (generally referred to as BAM, but referred to herein as "Binance.US") is alleged to be the "US affiliate" of Binance. Compl. ¶ 5(c). The complaint attempts to blame Binance.US for the ranking of HEX on CoinMarketCap for two reasons. **First,** it alleges that the "veil" between CoinMarketCap and its parent, Binance.com, should be pierced to hold Binance.com accountable for any unlawful ranking and that the "veil" between Binance.com and its alleged "affiliate" Binance.US should be pierced to hold Binance.US accountable for CoinMarketCap's ranking. Compl. ¶¶ 42, 67, 216.[2] **Second,** Plaintiff alleges that Binance.US directed unidentified investors to CoinMarketCap for "objective" information despite being "aware" of issues with CoinMarketCap's rankings. *Id.* ¶¶ 164, 188.

Plaintiff purchased HEX prior to the "Suppression Period" and sold HEX after the "Suppression Period." Compl. ¶¶ 2, 9-11. The lower ranking harmed Plaintiff by causing "HEX to trade at lower prices than it would have had the ranking not been locked" and directed "at least some individuals" who would have purchased HEX to instead purchase higher ranked cryptocurrencies. *Id.* ¶¶ 96, 114-116.

## III.   DISMISSAL IS WARRANTED UNDER 12(B)(2)

### A.   Standard for a Motion To Dismiss Based on Lack of Personal Jurisdiction

A defendant may move prior to trial to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

---

[2] Binance.US interprets the allegations as a double veil-piercing theory but the allegations are unclear as the phrase "alter ego" is never used and the term "veil" is described in an apparent catch-all allegation in a single paragraph. The Complaint does not adequately set forth any legal theory to support Binance.US's status as an alter-ego of other defendants and for this reason alone the claims should be dismissed. *See id.* ¶ 216; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

When, as in this case, "no federal statute governs personal jurisdiction, the district court applies the law of the forum state." *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 602 (9th Cir. 2018). Here, Arizona's long-arm statute permits the exercise of jurisdiction to the full extent permissible under the United States Constitution. Ariz. R. Civ. P. 4.2(a); see also *LNS Enterprises LLC v. Continental Motors Inc.*, 464 F. Supp. 3d 1065, 1071 (D. Ariz. 2020), *aff'd* 22 F.4th 852 (9th Cir. 2022) (noting that the analysis for determining personal jurisdiction under Arizona law and federal due process are "identical.") This means that "[f]or a court to exercise personal jurisdiction over a nonresident defendant, the defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger*, 374 F.3d at 801 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

**B.** **Exercising Personal Jurisdiction Over Binance.US Violates Due Process Because Plaintiff Cannot Show Binance.US Has Minimum Contacts With Arizona**

Under the minimum contacts standard, personal jurisdiction can exist in two forms: general and specific jurisdiction. *Cybersell, Inc., v. Cybersell, Inc.*, 130 F.3d 414, 416 (9th Cir. 1997). Here, Plaintiff fails to allege facts that support personal jurisdiction of either variety.

**1.**     **This Court Lacks General Personal Jurisdiction Over Binance.US**

For general personal jurisdiction to exist, the defendant must have "continuous and systematic" contacts with the forum state. *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co., supra,* 326 U.S. at 317). The standard for general jurisdiction is an "exacting" one, as the defendant's contacts must be so pervasive that they "approximate physical presence" in the forum state. *Schwarzenegger*, 374 F.3d at 801. Indeed, "only in an exceptional case will general jurisdiction be available anywhere other than the corporation's place of incorporation and principal place of business." *LNS Enterprises LLC*, 464 F. Supp. 3d at 1072 (internal quotations and citations omitted).

Here, Plaintiff does not identify any state of incorporation or principal place of business. In addition, Binance.US concurrently submits a Request for Judicial Notice showing that it is a Delaware corporation with its principal place of business in California. (RJN Ex. A.) Plaintiff

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

4

does not allege—and cannot show—that Binance.US, as a non-resident defendant, maintains such a substantial presence in the State of Arizona that it could be considered its home state. At best, Plaintiff can show that Binance.US operates in Arizona and has a money transmitter license from the Arizona Department of Financial Institutions. Compl. ¶¶ 46-47. However, "merely doing business in a forum does not a 'home' make . . ." for purposes of establishing general personal jurisdiction. *Hendricks v. New Video Channel Am., LLC*, No. 2:14-CV-02989-RSWL-SSx, 2015 WL 3616983, at *3 (C.D. Cal. June 8, 2015). Similarly, registering or being licensed to do business in a state does not establish general personal jurisdiction. *Wal-Mart Stores, Inc. v. LeMaire*, 395 P.3d 1116, 1118-1119 (Ariz. Ct. App. May 11, 2017). Indeed, to "confer general jurisdiction over every foreign corporation with a large commercial presence in Arizona" would "neither be fair, rational nor consistent with" the precedent on general personal jurisdiction. *Id.* at 1121-1122 (no general jurisdiction based on its business operations, despite the fact that Wal-Mart was the largest employer in Arizona in 2014, spent billions of dollars in Arizona, and operated hundreds of locations).[3]

Without facts to show that Binance.US has such a substantial presence in Arizona as to be tantamount to having its principal operations there, Plaintiff cannot establish that general personal jurisdiction exists. Given this conclusion, the Court must next consider whether personal jurisdiction exists under a specific jurisdiction theory, which is analyzed below.

**2.      This Court Lacks Specific Personal Jurisdiction Over Binance.US**

The analysis of specific jurisdiction involves an inquiry into the relationship between the defendant, the forum, and the litigation. *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064,

---

[3] *See, e.g., Ocean Garden Products Inc. v. Blessings Incorp.*, No. CV-18-00322-TUC-RM, 2019 WL 4736928, at *4 (D. Ariz. Sept. 27, 2019) ["Accordingly, the Court does not find that ADAB Mexico's act of registering with the Arizona Corporation Commission and appointing an agent of service of process in Arizona constitutes consent to general personal jurisdiction in Arizona"]); *Leon v. Peterbilt Motors Co.*, No. CV-18-02122-PHX-ROS, 2019 WL 859580, at *3 (D. Ariz. Feb. 22, 2019) [same]; *Harter v. Ascension Health*, No. CV-15-00343-TUC-RM, 2018 WL 496911, at *3 (D. Ariz. Feb. 22, 2018) [same]; *see also Malcomson v. IMVU, Inc.*, No. 1 CA-CV 18-0596, 2019 WL 2305013, at *2 (D. Ariz. May 30, 2019) [citing *Wal-Mart* when holding business connections to Arizona based on online presence insufficient for general jurisdiction].

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

5

MOTION TO DISMISS

1068 (9th Cir. 2017). The Ninth Circuit requires satisfaction of three conditions for the exercise of specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its law;

> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; **and**

> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

*LNS Enterprises LLC*, 464 F. Supp. 3d at 1072 (emphasis added). Plaintiff bears the burden of satisfying the first two prongs of the test. *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017). Only if Plaintiff meets those two prongs does the burden then shift to Binance.US to show that the exercise of jurisdiction would not be reasonable. *Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015)

Here, Plaintiff alleges that Binance.US operates a website that "direct[s] users to [CoinMarketCap's] website for 'objective' information about the various cryptocurrencies Binance and/or Binance.US offers for sale." Compl. ¶ 164. Such allegations do not satisfy the three elements, as shown below.

### a. Plaintiff Fails To Establish That Binance.US Purposefully Directed Activities Toward Arizona

For purposeful direction, Plaintiff must show that (1) a defendant committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. *Calder v. Jones*, 465 U.S. 783, 789-790 (1984).

The Court need not address the merits of the allegations on the **first *Calder* element**, i.e. Binance.US acted intentionally in directing users to CoinMarketCap's website despite being "aware" of issues with CoinMarketCap's ranking. Although this allegation is baseless and expressly denied, Plaintiff cannot show the final two *Calder* factors and cannot meet his burden.

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

With regard to the **second *Calder* element**, allegations of operating a website accessible to Arizonians do not establish that Binance.US expressly aimed its intentional act at Arizona. *See, e.g. Xcentric Ventures, LLC v. Bird,* 683 F. Supp. 2d 1068, 1072 (D. Ariz. 2010) (no specific personal jurisdiction over defendant based on defamatory online comments, in part, because defendant's article "was not targeted at Arizona residents); *Cybersell, Inc., supra,* 130 F.3d at 420 (website "simply was not aimed intentionally at Arizona" under the *Calder* test); *Handsome Music, LLC v. Etoro USA LLC*, No. LACV 20-08059-VAP (JCx), 2020 WL 8455111, at *9 (C.D. Cal. Dec. 17, 2020) (A defendant operating a website that sells cryptocurrencies, among other things, which is merely accessible in California is insufficient to demonstrate such conduct was "expressly aimed" at California.)

Indeed, "the Ninth Circuit has consistently found that 'a mere web presence is insufficient to establish personal jurisdiction.'" *Boehm v. Airbus Helicopters Inc.,* 527 F. Supp. 3d 1112, 1120 (D. Ariz. 2020), quoting *Holland America Line Inc. v. Wartsila N. Amer., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007); citing *Cybersell, Inc., supra*, 130 F.3d at 418. A corporation does not purposefully avail themselves to a forum state by using a website to "passively target potential and existing customers across North America." *Boehm, supra,* 527 F. Supp. 3d at 1120, citing *Holland, supra,* 485 F.3d at 460. Personal jurisdiction is not established based on allegations that a defendant is "operating a website that Arizonans could access, especially when Arizonans were not using the website disproportionally and were not singled out for solicitation." *Malcomson, supra,* 2019 WL 2305013, at *3; *see also, Holland, supra,* 485 F.3d at 459-460; *Cybersell, Inc., supra,* 130 F.3d at 418.

With regard to the **third *Calder* element**, Plaintiff has failed to demonstrate that Binance.US knowingly caused Plaintiff harm in Arizona. Indeed, Plaintiff does not even allege that he himself had contact with Binance.US in Arizona, but rather that unspecified potential investors throughout the United States may have relied on Binance.US in recommending the ranking on CoinMarketCap. Such allegations do not demonstrate that Plaintiff's claim arose out of harm that Binance.US knew was likely to be suffered in Arizona.

MOTION TO DISMISS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

### b.    The Claim Does Not Arise Out Of Binance.US's Activity In Arizona

To show that his claims arose out of Binance.US's activity in Arizona, Plaintiff must demonstrate that his claim would not have arose "but for" the defendant's forum-related activities. *Ballard v. Savage,* 65 F.3d 1495, 1500 (9th Cir. 1995); *Terracom v. Valley Nat. Bank,* 49 F.3d 555, 561 (9th Cir. 1995). Activities that are deemed "too attenuated" do not satisfy the "but for" test. *Doe v. Am. Nat'l Red Cross,* 112 F.3d 1048, 1051 (9th Cir. 1997). In addition, the claim must arise out of "contacts that the 'defendant himself' creates with the forum State." *Walden v. Fiore,* 571 U.S. 277, 284-85 (2014). "[T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.* at 285.

Plaintiff fails to show that the alleged artificial devaluation of HEX would not have arose "but for" the Arizona activity of Binance.US. Again, he alleges that Binance.US contributed to the devaluation by directing unknown potential investors to CoinMarketCap for information and those investors opted not to purchase HEX (as opposed to countless other options) based on the ranking of CoinMarketCap. Compl. ¶¶ 164, 174, 181. Those "but for" allegations are "too attenuated" for **any** causation attributed to Binance.US—let alone do they establish the claim would not have arose "but for" activity in Arizona by Binance.US. Neither the allegedly suppressed value of HEX nor the directions on Binance.US's website are "tethered to [Arizona] in any meaningful way." *Picot,* 780 F.3d at 1215. Indeed, none of Binance.US's "challenged conduct has anything to do with [Arizona] itself." *Id.* Plaintiff did not even rely on the rankings or Binance.US's website—he contends that others from unspecified areas (with no mention of Arizona) may have done so which impacted the value of HEX.

### c.    Exercising Specific Jurisdiction Over Binance.US Is Unreasonable

Plaintiff fails to establish the first two elements of specific jurisdiction so the Court need not inquire into the third element. Still, regarding the third element of the specific jurisdiction analysis, it would be unfair and unreasonable for personal jurisdiction to be found in the instance case. The Ninth Circuit considers seven factors in weighing the reasonableness of

exercising specific personal jurisdiction over an out-of-state defendant. *Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.,* 328 F.3d 1122, 1132 (9th Cir. 2003).

The seven factors are: "(1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum." *Harris, supra,* 328 F.3d at 1132.

Here, all seven factors show that exercising specific personal jurisdiction over Binance.US would be unreasonable.

**Factor 1:** purposeful interjection is evaluated in a manner akin to "purposeful direction," which weighs heavily in Binance.US's favor given the Complaint's failure to allege that Binance.US purposefully directed its business to Arizona. *Core-Vent Corp. v. Nobel Indus. AB,* 11 F.3d 1482, 1488 (9th Cir. 1993) (Even though purposeful availment was satisfied, the Ninth Circuit held that "[s]ince the [out-of-state defendants'] contacts were attenuated, this factor weighs in their favor.") **Factor 2:** Binance.US is not located in Arizona and faces a burden in defending this action in Arizona. *Terracom, supra,* 49 F.3d at 561 ("[T]he law of personal jurisdiction is asymmetrical and is primarily concerned with the defendant's burden.") **Factor 3:** given the limited contacts with Arizona alleged in the complaint and the fact that Binance.US is a Delaware corporation with its principal place of business in California, exercising personal jurisdiction in Arizona would conflict with the sovereignty of those states. **Factor 4:** Arizona's interest in adjudicating the dispute is minimal because the Complaint fails to allege that any Arizona resident, including Plaintiff, has even used Binance.US to their detriment. *See e.g. Chandler v. Roy*, 985 F. Supp. 1205, 1214 (D. Ariz. 1997) ("A state maintains a strong and special interest in exercising jurisdiction over those who commit tortious acts *within its borders* and in providing an effective means of redress *for its residents* who are tortiously injured")(emphasis in original). **Factor 5:** the efficiency of the forum is evaluated by looking "primarily at where the witness and evidence are likely to be located," which favors Binance.US

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

9

MOTION TO DISMISS

because the Complaint only alleges a single witness, the Plaintiff, who actually resides in Arizona and does not allege that any evidence unrelated to Plaintiff would be located in Arizona. *Core-Vent Corp, supra,* 11 F.3d at 1489. **Factor 6:** the effectiveness and convenience of relief favors Binance.US because the Ninth Circuit does not "give[] much weight to inconvenience to the plaintiff" and Plaintiff's preference for his "home forum" of Arizona "does not affect the balancing." *Id.* at 1490. **Factor 7:** alternative forums exist in Delaware or California where Binance.US is incorporated or has its principal place of business.

*****

For all of the reasons described *supra,* this Court should not exercise personal jurisdiction over Binance.US.

## IV.   DISMISSAL IS WARRANTED UNDER 12(B)(6)

### A.   Standard for a Motion To Dismiss For Failure to State a Claim

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996). However, a court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678. Absent facial plausibility, a plaintiff's claims must be dismissed. *Twombly*, 550 U.S. at 570.

### B.   Plaintiff Fails to Allege a Violation of the Commodity Exchange Act (Count 1)

Plaintiff alleges a private cause of action under the Commodity Exchange Act ("CEA") for market manipulation in connection with the sale of a commodity. As such, Plaintiff must allege (1) defendants possess an ability to influence market prices, (2) an artificial price existed, (3) defendants caused the artificial prices, and (4) defendants specifically intended to cause the artificial price. *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 247 (5th Cir. 2010). "Manipulation claims that sound in fraud," as here, "are evaluated under the more stringent

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

10

pleading requirements of Federal Rule of Civil Procedure 9(b)." *In re Tether & Bitfinex Crypto Asset Litig.*, No. 19 CIV. 9236 (KPF), 2021 WL 4452181, at *33 (S.D.N.Y. Sept. 28, 2021).

Here, Plaintiff alleges that Binance.US—along with all other defendants—violated the CEA by manipulating commodity prices and providing false, misleading, or knowingly inaccurate reports affecting the price of HEX. Compl. ¶ 163. The allegedly "false" statements related to HEX's "artificially low" ranking by co-defendant CoinMarketCap. (*Id.* ¶¶ 162-163, 169-175.) Plaintiff does not allege that Binance.US provided any ranking (false or otherwise) of HEX. Rather, Plaintiff alleges that Binance.US violated the CEA by directing unspecified "users" to look to the ranking of CoinMarketCap for "objective information." (*Id.* ¶¶ 164, 174, 181). These allegations are insufficient to state a claim against Binance.US for several reasons.

**First,** Plaintiff has not sufficiently alleged Binance.US's ability to influence market prices. A plaintiff may demonstrate the ability to influence market prices "in various ways" including a defendant's ability to exercise its own market power, exclude competition or fix prices, or possession of a dominant position in a commodity. *U.S. Commodity Futures Trading Comm'n v. Parnon Energy Inc.*, 875 F. Supp. 2d 233, 245 (S.D.N.Y. 2012). No such allegations exist against Binance.US. Allegations that Binance.US encouraged an unidentified group of "users" to rely on a separate website for rankings does not suffice.

**Second,** Plaintiff has not sufficiently alleged Binance.US caused artificial prices. Allegations of market manipulation based on "rank speculation" or that are "wholly conclusory" fail. *BMA LLC v. HDR Glob. Trading Ltd.*, No. 20-CV03345-WHO, 2021 WL 949371, at *6-*7 (N.D. Cal. Mar. 12, 2021); *Crosswood Magazine Inc. v. Times Books*, No. 96 Civ. 4550(SJ), 1997 WL 227998, at *2 (E.D.N.Y. May 5, 1997) ("Plaintiffs . . . have pleaded no facts indicating that [defendant] has the power to fix prices or exclude competition in the alleged relevant market."); *Telectronics Proprietary, Ltd. v. Medtronic, Inc.*, 687 F. Supp. 832, 838 (S.D.N.Y. 1988)(dismissing conclusory market manipulation allegations). Here, conclusory "information and belief" allegations that Binance.US advised unknown "users" to rely on the rankings of a separate website CoinMarketCap, despite knowing of unspecified "issues" with the rankings (compl. ¶ 187), fail to explain how Binance.US caused artificial market prices for HEX.

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

**Third,** Plaintiff has not sufficiently pled that an artificial price existed. An artificial price is a price that "does not reflect basic forces of supply and demand." *U.S. Commodity Futures Trading Comm'n v. Wilson*, 27 F. Supp. 3d 517, 533 (S.D.N.Y. 2014). "When determining if artificial prices exists, a court may consider the underlying commodity's normal market forces, historical prices, supply and demand factors, price spreads, and also the cash market for the commodity at issue." *In re Commodity Exch., Inc., Silver Futures and Options Trading Litig.*, No. 11 Md. 2213(RPP), 2012 WL 6700236, at *12 (S.D.N.Y. Dec. 21, 2012). There are no allegations on any of these factors, so this element has not been sufficiently alleged.

**Finally,** Plaintiff has not sufficiently alleged an intent to defraud by Binance.US. "There is [] no manipulation without intent to cause artificial prices." *In re Amaranth Nat. Gas Commodities Litig.*, 730 F.3d 170, 183 (2d Cir. 2013). "Th[e] final element of scienter can be pled by alleging facts [i] showing that the defendants had both the motive and opportunity to commit the fraud or [ii] constituting strong circumstantial evidence of conscious misbehavior or recklessness." *In re Tether and Bitfinex Crypto Asset Litig.*, 2021 WL 4452181, at *34 (internal quotes omitted). Once again—Plaintiff's allegation that Binance.US instructed unknown users to rely on information from a separate website does not sufficiently allege an intent to cause artificial prices for HEX. And additional generic allegations that all "defendants" acted intentionally are conclusory and insufficient. See, e.g. Compl. ¶ 191.

**C.**   **Plaintiff Fails to State a Claim for Strict Liability for Violation of the Commodity Exchange Act (Count 2)**

Plaintiff also alleges a CEA claim against Binance.US premised on 7 U.S.C. § 2(a)(1)(B):

The act, omission, or failure of any official, agent, or other person acting for any individual, association, partnership, corporation, or trust within the scope of his employment or office shall be deemed the act, omission, or failure of such individual, association, partnership, corporation, or trust, as well as of such official, agent, or other person.

Here, Plaintiff alleges that Binance.US is liable for any CEA violation of CoinMarketCap because (a) Binance.com owns CoinMarketCap and (b) Binance.US is an "affiliate" of Binance.com. (Compl. ¶¶ 5(c), 199, 200.) Plaintiff alleges that liability stems from either a

MOTION TO DISMISS

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

"respondeat superior" theory (*id.* ¶ 215), or because "the corporate veil should be pierced between Binance, Binance.US, and CoinMarketCap.com." (*Id.* ¶ 216.) Plaintiff's claim fails for several, independent reasons.

**First,** as shown above, Plaintiff fails to sufficiently allege an underlying CEA violation so the §2(a)(1)(B) claim necessarily fails.

**Second,** Plaintiff's allegations of respondeat superior against Binance.US are entirely baseless. Section 2(a)(1)(B) is not a mechanism through which a parent can be held liable for actions of a subsidiary—nor one through which the alleged "affiliate" of a parent can be held liable for the actions of a parent. *In re Nat. Gas Commodity Litig.*, 337 F. Supp. 2d 498, 515 (S.D.N.Y. 2004)(section 2(a)(1)(B) is "used as the doctrine of respondent superior has traditionally been applied—to hold employers liable for the wrongs of their employees in certain situations" and not to hold "corporate parents . . . liable for the actions of their corporate subsidiaries.") To be clear, Binance.US is **not** an affiliate of Binance.com and no factual allegations indicate otherwise. But even accepting as true the conclusory allegation that Binance.US is the "US affiliate" of Binance.com, no basis of liability exists under § 2(a)(1)(B) against an alleged affiliate of a corporation whose subsidiary allegedly violated the CEA.

**Finally,** Plaintiff cannot hold Binance.US liable for CoinMarketCap's ranking under a "veil piercing" theory. "'It is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation . . . is not liable for the acts of its subsidiaries." *Andrich v. Navient Solutions Inc.*, No. CV-18-02766-PHX-SMB, 2020 WL 1508449, at *7 (D. Ariz. Mar. 30, 2020) (Brnovich, J.), quoting *U.S. v. Bestfoods*, 524 U.S. 51, 61 (1998); *Chapman v. Field*, 602 P.2d 481, 483 (Ariz. 1979) ("Under Arizona law, corporate status will not be lightly disregarded.") The exception to this principle is alter ego liability. Alter ego status exists "'when there is such unity of interest and ownership that separate personalities of the corporation and owners cease to exist.'" *Rodriguez v. Whole Foods Market Inc.*, No. CV-18-08301-PCT-SMB, 2019 WL 3220538, at *3 (D. Ariz. July 17, 2019) (Brnovich, J.) quoting *Dietel v. Day*, 492 P.2d 455, 457 (Ariz. Ct. App. 1972). A plaintiff "must prove both (1) unity of control and (2) that observance of the corporate form would sanction a fraud or promote injustice." *Id.*

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

13

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

quoting *Gatecliff v. Great Republic Life Ins. Co.*, 821 P.2d 725, 728 (Ariz. 1991). "Unity of control occurs when a parent exerts 'substantially total control over the management and activities' of its subsidiary." *Id.* "Substantially total control" can be shown by, among other things: "stock ownership by the parent; common officers or directors; financing of subsidiary by the parent; payment of salaries and other expenses of subsidiary by the parent; failure of subsidiary to maintain formalities of separate corporate existence; similarity of logo, and plaintiff's lack of knowledge of subsidiary's separate corporate existence." *Id.* "'To be held responsible for actions of its subsidiary, the parent must actually exercise this control so that the subsidiary becomes 'a mere instrumentality.''" *Id.* quoting *Taeger v. Catholic Family & Cmty. Servs.*, 995 P.2d 721, 733-34 (Ariz. Ct. App. 1999). "'[C]onclusory allegations of alter ego status are insufficient to state a claim because a plaintiff must allege specifically the facts and elements of an alter ego claim." *Id.* quoting *Morgan v. Freightliner of Az LLC*, No. CV-16-00498-TUC-CKJ, 2018 WL 3957745, at *4 (D. Ariz. Aug. 17, 2018)(citation and internal quotations omitted).

Here, Plaintiff would need to somehow pierce two separate "veils" to hold Binance.US liable for any CEA violation of CoinMarketCap. Plaintiff alleges Binance.com (not Binance.US) is the "parent" of CoinMarketCap—so he initially must pierce CoinMarketCap's veil to reach Binance.com. He then alleges Binance.US is the "US affiliate" of Binance.com (which it is not)—so he must then pierce Binance.com's veil to somehow hold an Binance.US liable for that alleged actions of Binance.com's subsidiary CoinMarketCap. The law does not support such a double veil piercing theory. Nor do the factual allegations. No allegations address any of the alter ego requirements for piercing the corporate veil of CoinMarketCap to reach Binance.com. Likewise, Plaintiff has pled no facts sufficient to state any claim premised on piercing Binance.com's corporate veil to reach Binance.US. Plaintiff does not even allege a parent-subsidiary relationship, which it is not,  but rather that Binance.US is an "affiliate" of Binance. (Compl. ¶ 5(c).) Plaintiff alleges that "Binance and or Zhao own a significant portion of Binance.US" (*id.* ¶ 42) and that the Binance.US exchange site "supposedly operated" by Binance.US uses "Binance's wallet, matching engine, and other technologies" and "offers a very similar interface and feature set" as the international exchange site operated by Binance (*id.* ¶¶

14

41, 43). However, Plaintiff's allegations regarding partial ownership and similar website features are insufficient to support disregarding the separate corporate status of Binance.US.

Such insufficient claims premised on alter ego liability are properly dismissed at the 12(b)(6) stage. See *Andrich*, 2020 WL 1508449, at *7.

**D.  Plaintiff Fails to Allege an Arizona Consumer Fraud Act Violation (Count 3)**

Plaintiff's third cause of action alleges that the Corporate Defendants—including Binance.US—violated the Arizona Consumer Fraud Act through alleged "suppression" of HEX via the rankings on CoinMarketCap.com.

"The elements of a private claim under the Arizona Consumer Fraud Act, A.R.S. § 44-1522, are a [1] false promise or misrepresentation, [2] made in connection with the sale or advertisement of merchandise, and [3] the plaintiff's consequent and proximate injury from reliance on such a misrepresentation; such reliance need not be reasonable." *Ferren v. Westmed Inc.*, No. CV-19-00598-TUC-DCB, 2021 WL 2012654, at *4 (D. Ariz. May 20, 2021.) Plaintiff fails to sufficiently allege any of the three elements against Binance.US.

**First,** Plaintiff does not allege a false promise or misrepresentation. He simply recites the statutory elements. Compl. ¶ 225. But the complaint is devoid of *factual* allegations as to any misrepresentation by Binance.US. *See* generally, Compl. Third Cause of Action ¶¶ 224-235.

**Second,** Plaintiff does not identify any sales or advertisements of Binance.US—let alone any connected with a false promise or misrepresentation.

**Third,** Plaintiff does not allege any reliance on a misrepresentation by Binance.US—let alone any injury caused by his reliance. Plaintiff alleges that he sold HEX during the "suppression period" which could have been sold at a higher price had other investors not relied on the inaccurate HEX ranking of CoinMarketCap.com. Again—such allegations do not allege any misrepresentation by Binance.US which Plaintiff relied on.

At most, Plaintiff alleges that other unidentified people in unidentified locations may have relied on the rankings. That is insufficient to state a claim because the Plaintiff must be the one exposed to the alleged misrepresentation. *See Schellenbach v. GoDaddy.com, LLC*, 321 F.R.D. 613, 624 (D. Ariz. 2017) ("[reliance under the Act] must be based on the plaintiff's

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

15

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

actual exposure to the omission."); *Sutter Home Winery, Inc. v. Vintage Selections, Ltd.*, 971 F.2d 401, 407 (9th Cir. 1992) (same); *Peterson v. Am. Express,* No. CV-14-02056-PHX-GMS, 2016 WL 1158881, at *10 (D. Ariz. March 23, 2016) (no claim under the Act where Plaintiff alleged that credit report stated inaccurate information; any deception was "suffered by third-party users of his credit report.").

### E.   Plaintiff Fails to Allege a Consumer Fraud Claim Premised on Control Person Liability (Count 4)

Plaintiff attempts to allege a claim for "control person liability for violations of the Arizona Consumer Fraud Act" against all defendants other than CoinMarketCap. Plaintiff makes a conclusory allegation that all of these defendants "by virtue of their offices, stock ownership, agency, agreements or understandings, specific acts, or other means had the ability to exercise direct or indirect control over the management and activities of CoinMarketCap.com and its employees complained of herein." (Compl. ¶ 238.)

**First,** the claim has no legal basis. The Consumer Fraud Act does not provide for a claim based on "control person" liability alone. Arizona courts have only considered "control person" liability under the Consumer Fraud Act if connected with an alleged securities violation. *See, e.g. Kingsley Capital Management, LLC v. Sly*, No. CV-10-02243-PHX-NVW, 2013 WL 3967615, at *10 (D. Ariz. Aug. 2, 2013) [Considering "control person liability" pursuant to A.R.S. § 44-1999(B)]; *In re American Southwest Mortg. Litigation,* No. CIV 89-462 TUC-RMB, CIV89-471-TUC-RMB, 1991 WL 164473, at *3-*4 (D. Ariz. Aug. 14, 1991) [same].[4]

**Second,** even if the Consumer Fraud Act had a "control person liability" provision, Plaintiff fails to allege facts demonstrating that Binance.US qualifies as a "control person" over

---

[4] And for good reason – control person liability is only applied in securities claims when authorized via statute. *See, e.g.* A.R.S. § 44-1999(B) (authorizing control person liability for securities violations); 15 U.S.C.A. § 78t (same); 15 U.S.C.A § 77o (same); *No. 84 Employer-Teamster Joint Council Pension Trust Fund v. America West Holding Corp.,* 320 F.3d 920, 945 (9th Cir. 2003) ("In order to prove a prima facie case [for control person liability] under Section 20(a), a plaintiff must prove: (1) a primary violation **of federal securities law** and (2) that the defendant exercised actual power or control over the primary violator") (emphasis added) (internal quotations omitted).

16

the ranking of CoinMarketCap. Plaintiff repeats his allegations from his second cause of action that Binance.US is a U.S. "affiliate" of CoinMarketCap's parent Binance.com (Compl. ¶¶ 240-242). For the same reasons set forth in addressing the respondeat superior theory, however, such allegations are insufficient to hold Binance.US accountable as a "control person" of CoinMarketCap. *See supra* § IV(C).

**F.    Plaintiff Fails to State an "Antitrust" Claim Against Binance.US**

Plaintiff alleges unspecified "private causes of action for antitrust violations" of both federal and Arizona law against Binance.US. (Compl. ¶¶ 257-262.) Plaintiff does not identify which federal and Arizona antitrust laws are alleged to have been violated, how Binance.US violated any such law, or how Plaintiff experienced an antitrust injury caused by such a violation. Even if the Complaint had set forth the specific statutory basis for Plaintiff's antitrust claims, the Complaint's "conclusory allegation[s]" are insufficiently pled under *Twombly* because they are "unaccompanied by supporting facts." *Rick-Mik Enterprises, Inc. v. Equilon Enterprises LLC,* 532 F.3d 963, 973 (9th Cir. 2008). As such, Plaintiff's antitrust claim fails to comply with the pleading standards provided in *Twombly* of "provide the 'grounds' of his 'entitle[ment] to relief' [which] requires more than labels and conclusions[.]" *Twombly*, 550 U.S. at 555.

## V.    CONCLUSION

This Court should dismiss all claims against Binance.US due to lack of personal jurisdiction or failure to state a claim.

Dated: May 23, 2022                    HAHN LOESER & PARKS LLP


                                       By: s/Michael J. Gleason
                                           Michael J. Gleason
                                           Jeffrey A. Brauer
                                           Trevor S. Locko
                                           Attorneys for Defendant BAM Trading Services Inc.
                                           d/b/a Binance.US

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301