**HAHN LOESER & PARKS LLP**
MICHAEL J. GLEASON (CA SBN 279434)(*admitted pro hac vice*)
TREVOR S. LOCKO (CA SBN 323313)(*admitted pro hac vice*)
JEFFREY A. BRAUER (OH SBN 0069908) (*admitted pro hac vice*)
ONE AMERICA PLAZA
600 WEST BROADWAY, SUITE 1500
SAN DIEGO, CA  92101-3384
TELEPHONE:  (619) 810-4300
FACSIMILE:  (619) 810-4301
mgleason@hahnlaw.com
tlocko@hahnlaw.com
jabrauer@hahnlaw.com

Attorneys for Defendant BAM Trading Services Inc. d/b/a Binance.US

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ryan Cox, individually and on behalf of all other similarly situated; | **Case No. 3:21-cv-08197-SMB**<br>*(Honorable Susan M Brnovich)* |
| Plaintiffs, | |
| v. | **REPLY IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT ON BEHALF OF DEFENDANT BAM TRADING SERVICES INC. D/B/A BINANCE.US** |
| CoinMarketCap OpCo, LLC; Binance Capital Management Co., Ltd. d/b/a/ Binance and Binance.com; BAM Trading Services Inc. d/b/a Binance.US; Changpeng Zhao; Catherine Coley; Yi He; Ted Lin; and Does I-X; | Oral Argument Requested |
| Defendants. | |

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................................ii

I.   Introduction ........................................................................................................................1

II.  Dismissal Is Warranted Under 12(b)(2) .............................................................................2

    A.   Exercising Personal Jurisdiction Over Binance.US Violates Due Process .............2

        1.   This Court Lacks General Personal Jurisdiction Over Binance.US ...........2

        2.   This Court Lacks Specific Personal Jurisdiction Over Binance.US...........2

            (a)   Binance.US Did Not Purposefully Direct Activity Toward Arizona ...........................................................................................2

            (b)   The Claim Does Not Arise Out of Binance.US's Activity in Arizona ...........................................................................................3

            (c)   Exercising Specific Jurisdiction Over Binance.US Is Unreasonable ....................................................................................4

        3.   The Commodities Exchange Act Does Not Establish Personal Jurisdiction................................................................................................4

III. Dismissal Is Warranted Under 12(b)(6) .............................................................................5

    A.   Plaintiff Fails to Allege a Violation of the Commodity Exchange Act (Count 1) .............................................................................................................5

    B.   Plaintiff Fails to State a Claim for Strict Liability for Violation of the Commodity Exchange Act (Count 2)......................................................................7

    C.   Plaintiff Fails to Allege an Arizona Consumer Fraud Act Violation (Count 3)............................................................................................................................9

    D.   Plaintiff Fails to Allege a Consumer Fraud Claim Premised on Control Person Liability (Count 4) ....................................................................................10

    E.   Plaintiff Fails to State an "Antitrust" Claim Against Binance.US (Count 5) ........11

IV.  Conclusion........................................................................................................................11

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

REPLY IN SUPPORT OF MOTION TO DISMISS

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Amaranth Nat. Gas. Commodities Litig.*,
   587 F.Supp.2d 513 (S.D.N.Y. 2008) ........................................................... 5, 6, 7, 8

*Bancroft & Masters, Inc. v. August Nat. Inc.*,
   223 F.3d 1082 (9th Cir. 2000) ........................................................................... 3

*Bergdale v. Countrywide Bank FSB*,
   No. CV-12-8057-PCT-GMS, 2013 WL 105295 (D. Ariz. Jan. 9, 2013) ................... 10

*Bulgo v. Munoz*,
   853 F.2d 710 (9th Cir. 1988) .............................................................................. 5

*In re Commodity Exch., Inc., Silver Futures and Options Trading Litig.*,
   No. 11 Md. 2213(RPP), 2012 WL 6700236 (S.D.N.Y. Dec. 21, 2012) ..................... 6

*Fire & Police Pension Ass'n of Colo. v. Bank of Montreal*,
   368 F. Supp.3d 681 (S.D.N.Y 2019) ..................................................................... 5

*Gatecliff v. Great Republic Life Ins. Co.*,
   170 Ariz. 34 (1991) ....................................................................................... 8, 9

*Go-Video, Inc. v. Akai Elec. Co., Ltd.*,
   885 F.2d 1406 (9th Cir. 1989) ............................................................................. 5

*Kingsley Capital Mgmt., LLC v. Sly*,
   No. CV-10-02243-PHX-NVW, 2013 WL 3967615 (D. Ariz. Aug. 2, 2013) ............... 11

*Montgomery v. Specialized Loan Servicing, LLC*,
   772 Fed.Appx. 476 (9th Cir. 2019) ..................................................................... 11

*Schwarzenegger v. Fred Martin Co.*,
   374 F.3d 797 (9th Cir. 2004) ............................................................................... 2

*Sirrah Enters., LLC, v. Wunderlich*,
   399 P.3d 89 (Ariz. 2017) .................................................................................... 9

*State Farm Fire & Cas. Co. v. Amazon.com Inc.*,
   No. CV17-01994-PHX-JAT, 2018 WL 1536390 (D. Ariz. Mar. 29, 2018) ................. 9

*Sullivan v. Pulte Home Corp.*,
   290 P.3d 446 (Ariz. Ct. App. 2012) ...................................................................... 9

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

ii

*Sullivan v. Pulte Home Corp.*,
    306 P.3d 1 (Ariz. 2013)......................................................................................9

*Thompson v. Isagenix Int'l, LLC*,
    No. CV-18-04599-PHX-SPL, 2020 WL 1432840 (D. Ariz. March 24, 2020)..................2, 11

*U-Haul Intern., Inc. v. Nat. Union Fire Ins. Co. of Pittsburgh, PA*,
    No. CV-10-1047 PHX-SMM, 2011 WL 9111 (D. Ariz. Jan. 3, 2011) ......................8

*Walsh v. Nev. Dep't of Human Resources*,
    471 F.3d 1033 (9th Cir. 2006) .............................................................................11

*Warfield v. Alaniz*,
    453 F. Supp. 2d 1118 (D. Ariz. 2006) (SEC Act of 1934)...............................5

**Statutes**

A.R.S. § 44-1522 ...............................................................................................9, 10

7 U.S.C. § 2(a)(1)(B) .........................................................................................7, 8

 7 U.S.C. § 25(c) ................................................................................................4

**Other Authorities**

Fed. R. Civ. P. 9(b)...........................................................................................5, 10

Fed. R. Civ. P. 12(b)(2)....................................................................................1, 2

Fed. R. Civ. P. 12(b)(6)....................................................................................1, 5

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

iii

REPLY IN SUPPORT OF MOTION TO DISMISS

## I.    INTRODUCTION

Plaintiff's opposition to BAM Trading Services Inc.'s d/b/a Binance.US ("Binance.US") motion to dismiss confirms that Binance.US does not belong in this lawsuit. Plaintiff argues that he purchased HEX cryptocurrency that he later sold at a lower value[1] due to a low ranking of HEX on a website operated by co-defendant, CoinMarketCap, which may have caused some unknown third parties to avoid purchasing HEX. Plaintiff does *not* allege Binance.US ranked HEX. Plaintiff does *not* allege that he purchased HEX from Binance.US. Plaintiff does *not* allege that he relied on any representations made by Binance.US. Indeed, Plaintiff does *not* allege that Binance.US made a single representation (false or otherwise) about HEX.

Instead, the opposition repeats two baseless theories. First, Plaintiff alleges that HEX's value decreased because Binance.US stated on its website that CoinMarketCap provides "objective" information, which then caused unknown third parties to go to CoinMarketCap for "objective" information, which then caused those unknown third parties to purchase one of the hundreds of other types of cryptocurrencies in the marketplace when they otherwise would have purchased HEX but for the "artificial" low ranking of HEX by CoinMarketCap. Alternatively, Plaintiff alleges that Binance.US is liable for the ranking of CoinMarketCap via a *double* veil piercing theory – which has never been applied by any court – in which CoinMarketCap's veil is pierced to reach its "parent", Binance Capital Management Co. ("Binance"), and then through which Binance's veil is pierced to reach its supposed "affiliate," Binance.US.

The opposition does not support these speculative theories with factual allegations or a cognizable legal basis. Plaintiff simply repeats the conclusions—over and over—without addressing the law and rationale set forth by Binance.US as to why these allegations fail to state a claim or to establish personal jurisdiction over Binance.US. For these reasons, set forth in more detail in the moving papers and below, Binance.US respectfully requests that this Court dismiss the claims against Binance.US based on Fed. R. Civ. P. 12(b)(2) or 12(b)(6).

---

[1] Plaintiff alleges that had he been aware of the artificial value of HEX caused by Binance.US, that he (and other similarly situated) would not have sold HEX at the prices he (and they) did.

REPLY IN SUPPORT OF MOTION TO DISMISS

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

## II.      DISMISSAL IS WARRANTED UNDER 12(B)(2)

**A.      Exercising Personal Jurisdiction Over Binance.US Violates Due Process**

### 1.      This Court Lacks General Personal Jurisdiction Over Binance.US

Plaintiff does not dispute the lack of general personal jurisdiction, thereby conceding the lack of general personal jurisdiction. *Thompson v. Isagenix Int'l, LLC*, No. CV-18-04599-PHX-SPL, 2020 WL 1432840, at *4 (D. Ariz. March 24, 2020) ("It is a well-settled principle that by failing to address arguments in an opposition, a party effectively concedes a claim."). Plaintiff's silence is not surprising given that Binance.US is a Delaware corporation with its principal place of business in California. (Memo. 4:26-28.)

### 2.      This Court Lacks Specific Personal Jurisdiction Over Binance.US

Plaintiff also does not satisfy his burden of showing specific personal jurisdiction—*i.e.* (1) Binance.US purposefully directed activities toward Arizona; (2) the claims arise out of those activities; and (3) jurisdiction is reasonable. *Schwarzenegger v. Fred Martin Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

#### (a)      Binance.US Did Not Purposefully Direct Activity Toward Arizona

For purposeful direction, Plaintiff must show that Binance.US "(1) committed an intentional act, (2) expressly directed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger*, 374 F.3d at 805.

For the **first** element, Plaintiff contends the "intentional act" consists of Binance.US making a statement "on its website directing users to [CoinMarketCap's] website[.]" (Opp. 10:7-14.)[2] But then for the **second** element, which requires showing how that "intentional act" was expressly directed at Arizona, Plaintiff shifts focus away from the online statement. Instead, he argues the "intentional act" is obtaining a license in Arizona as a money transmitter. (Opp. 10:15-11:3.) Likewise, for the **third** element, where Plaintiff needs to show foreseeable harm in Arizona from the "intentional act," Plaintiff remains focused on the license to conclude that holding a money transmitter license in Arizona makes it reasonably foreseeable that harm would be caused

---

[2] The opposition argues that Binance.US is responsible for CoinMarketCap's compliance with "American law." If this statement is intended to identify an "intentional act," this vague and conclusory statement fails to identify any "intentional act" by Binance.US.

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

in Arizona. (Opp. 11:4-13.)

Plaintiff's argument is a bait-and-switch: he identifies an "intentional act" of operating a website for the first element, but then addresses an unrelated "act" of holding a money transmitter license for the second and third elements. Specific personal jurisdiction dictates that all three elements must be read together. Plaintiff needed to show that the "intentional act" of making online statements was expressly directed at Arizona with reasonable foreseeability of harm to Arizonians. The case he cites confirms this requirement. *Bancroft & Masters, Inc. v. August Nat. Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000) (requiring a showing by plaintiff that "the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state.") Plaintiff has not done so. And the reason for this bait-and-switch is obvious—Plaintiff cannot and does not dispute the plethora of cases (including Ninth Circuit authority) cited by Binance.US which hold that operating a website accessible to Arizonians does not qualify as an intentional act directed at Arizona. (Memo. 7:1-21.) Therefore, the "intentional act" identified in the first element (making a statement on a website) cannot satisfy the remaining elements that the intentional act must be purposefully directed at Arizona with reasonable foreseeability of harm occurring in Arizona. In addition, given that Plaintiff does not allege that he relied on any representations from Binance.US, or that he purchased HEX from Binance.US, or identify anyone else in Arizona that did so, Plaintiff's argument of reasonable foreseeability of harm in Arizona fails for this additional reason.

**(b)    The Claim Does Not Arise Out of Binance.US's Activity in Arizona**

Plaintiff concedes that he must sufficiently allege his harm would not have occurred "but for" the Arizona-directed activity of Binance.US. (Opp. 11:15-26). Yet, he simply concludes that his HEX would not have lost value but for the online statements of Binance.US which directed unknown users to CoinMarketCap's website for "objective" information, which the opposition oddly labels as a "disparaging statement." (*Id.* 11:22-26; Compl. ¶ 164.) As shown above, general online statements are not expressly directed at Arizona. In addition, Plaintiff does not allege he relied on the online statement to his detriment or purchased HEX from Binance.US. Nor does he identify any Arizonian who reviewed the online statement—let alone anyone who changed

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

3

REPLY IN SUPPORT OF MOTION TO DISMISS

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

course in purchasing HEX based on the online statement. As such, Plaintiff has not shown that his harm was caused by any supposed activity that Binance.US expressly directed at Arizona.

### (c)    Exercising Specific Jurisdiction Over Binance.US Is Unreasonable

This Court need not consider this third *Calder* element since Plaintiff has not carried his burden on the first two elements. For the sake of argument, however, in its motion to dismiss, Binance.US went through each of the seven factors that the Ninth Circuit weighs in determining reasonableness and showed why each factored weighed against exercising specific personal jurisdiction. (Memo. 9:3-10:7.) Plaintiff's opposition leaves these points wholly unrebutted. (Opp. 12:1-9.) Indeed, Plaintiff's opposition does not address—let alone rebut—the seven factors laid out in detail by Binance.US and, instead, simply repeats the singular fact that Binance.US had a money transmitter license. (*Id.*) Therefore, Binance.US has shown that the exercise of specific personal jurisdiction over it would be unreasonable.

### 3.    The Commodities Exchange Act Does Not Establish Personal Jurisdiction

Given his inability to show Arizona contacts, Plaintiff alternatively argues that the nationwide service of process provision for the Commodity Exchange Act allows him to establish personal jurisdiction in Arizona based on Binance.US's national contacts regardless of the lack of Arizona contacts. (Opp. 8:15-26.) Two flaws exist with this undeveloped argument.

**First,** § 25(c) only applies if Plaintiff sufficiently pleads a claim under the Commodity Exchange Act ("CEA"), which he has not.

**Second,** Plaintiff's interpretation ignores the plain language of § 25(c) which shows that forum contacts (rather than national ones) control:

> . . . Any action brought under subsection (a) of this section may be brought in any judicial district wherein the defendant is found, resides, or transacts business, or in the judicial district wherein any act or transaction constituting the violation occurs. Process in such action may be served in any judicial district of which the defendant is an inhabitant or wherever the defendant may be found.

The first sentence limits the venue to a specific judicial district while the second sentence authorizes nationwide service "in such action[s]" where the venue provision has been satisfied. In other words, nationwide service of process under the CEA remains contingent on first

4

satisfying the venue provision. Thus, the defendant must still have minimum contacts with the local district (here, Arizona). *See Fire & Police Pension Ass'n of Colo. v. Bank of Montreal*, 368 F. Supp.3d 681, 695, n. 11 (S.D.N.Y 2019). As discussed above, Binance.US does not have minimum contacts with Arizona which give rise to Plaintiff's CEA claim.

The cases cited by Plaintiff are inapposite. None of them even address the CEA. *Warfield v. Alaniz*, 453 F. Supp. 2d 1118, 1127-29 (D. Ariz. 2006) (SEC Act of 1934); *Bulgo v. Munoz*, 853 F.2d 710, 713 (9th Cir. 1988) (same); *Go-Video, Inc. v. Akai Elec. Co., Ltd.*, 885 F.2d 1406, 1414 (9th Cir. 1989) (Clayton Act).

Given the plain language of the CEA which requires satisfaction of the venue provision before authorizing national service, the forum-based contacts are the only relevant contacts for assessing personal jurisdiction. Plaintiff has not evidenced those sufficient contacts by Binance.US within this district so, to the extent he has stated a CEA claim, he has not shown that this Court has personal jurisdiction over Binance.US.

## III.   DISMISSAL IS WARRANTED UNDER 12(B)(6)

### A.   Plaintiff Fails to Allege a Violation of the Commodity Exchange Act (Count 1)

For the CEA claim, the parties agree that Plaintiff must sufficiently allege: (1) Binance.US's ability to influence HEX's price, (2) an artificial HEX price existed, (3) Binance.US caused the artificial HEX price, and (4) Binance.US specifically intended to cause the artificial HEX price. (Opp. at 12:14-18.) Plaintiff does not dispute that the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) apply. (Memo. 10:27-11:2.)[3] And the parties agree that Plaintiff's "supporting" allegations against Binance.US are that unidentified persons declined to purchase HEX when they otherwise would have done so because Binance.US directed them to CoinMarketCap's website for "objective information," and CoinMarketCap did not rank HEX high enough. (Opp. 13:7-14:18.) The parties *disagree*, however, that these

---

[3] Plaintiff also relies on *In re Amaranth Nat. Gas. Commodities Litig.*, 587 F.Supp.2d 513, 535 (S.D.N.Y. 2008), which confirms the heightened pleading standard of Fed. R. Civ. P. 9(b) applies to allegations of "market manipulation" given that it is "inherently deceptive."

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

conclusory and tenuous allegations satisfy the heightened pleading requirements for a CEA claim.

**First,** Plaintiff's conclusory allegations that Binance.US had the ability to influence HEX's price based on a generic statement that CoinMarketCap had "objective" information as to various cryptocurrencies does not suffice. (Opp. 13:7-14.) Plaintiff provides no factual allegations as to the number of people that would rely on the generic statement. Nor does he explain how simply stating a website has "objective information"—without even mentioning HEX or any other specific information—demonstrate Binance.US's ability to influence HEX's price.

**Second,** those same conclusory allegations about the speculative market activity of unknown "users" based on the generic statement from Binance.US on its website does not set forth facts showing that Binance.US actually *caused* an artificial price for HEX. Plaintiff does not allege that Binance.US said anything about HEX—only that CoinMarketCap has "objective" information. Plaintiff does not identify a single "user" that changed course on a HEX investment based on Binance.US sending them to CoinMarketCap for "objective" information – let alone alleged that the volume of "users" taking the same action such that Binance.US caused an "artificial price" for HEX.

**Third,** Plaintiff has not sufficiently pled an artificial HEX price existed. Plaintiff simply concludes an artificial price existed based on speculation that "at least some individuals who purchased higher ranked cryptocurrencies would have purchased HEX instead, suppressing the price of HEX and inflating the price of one or more other cryptocurrencies." (Opp. at 13:15-23.) Nowhere are facts evidencing an artificial price existed—such as HEX's "historical prices, supply and demand factors, price spreads, and also the cash market for the commodity at issue." *In re Commodity Exch., Inc., Silver Futures and Options Trading Litig.*, No. 11 Md. 2213(RPP), 2012 WL 6700236, at *12 (S.D.N.Y. Dec. 21, 2012).

**Finally,** Plaintiff has not alleged a "specific intent to cause a market distortion" of Binance.US. *In re Amaranth Nat. Gas Commodities Litig.*, 587 F.Supp.2d 513, 530 (S.D.N.Y. 2008). Plaintiff cites *In re Amaranth*, which holds that "scienter" can "be pled by 'alleging facts (1) showing that the defendants had both motive and opportunity to commit the fraud or (2) constituting strong circumstantial evidence of conscious misbehavior or recklessness." *Id.*

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

REPLY IN SUPPORT OF MOTION TO DISMISS

"'Sufficient motive allegations entail concrete benefits that could be realized by one or more of the false statements and wrongful nondisclosures alleged. [citation]." *Id.* Alternatively, "'[w]here motive is not apparent, it is still possible to plead scienter by identifying circumstances indicating conscious behavior by the defendant, though the strength of the circumstantial allegations must be correspondingly greater.' [citation]." *Id.* at 530-531. "Under this theory of scienter, a plaintiff must show that the defendant's conduct is 'at the least, conduct which is highly unreasonable and which represents an extreme departure from the standards of ordinary care to the extent that the danger was either known to the defendant or so obvious that the defendant must have been aware of it.' [citation]." *Id.* at 531.

Plaintiff has not sufficiently alleged scienter by Binance.US. There are no allegations of any affirmative representations made by or acts taken by Binance.US related specifically to HEX. Rather, Plaintiff alleges Binance.US made a general referral to CoinMarketCap for "objective" information. Such a generalized statement does not show an intent to cause a market distortion for HEX. Nor does the general statement align with Binance.US's supposed "motive" of profiting off other cryptocurrency investments. For example, Plaintiff alleges that there were 200 cryptocurrencies ranked above HEX, but Plaintiff does not allege facts showing how those rankings led to profitably for Binance.US and how the general statement about "objective" information increased such profit to Binance.US.

**B.** **Plaintiff Fails to State a Claim for Strict Liability for Violation of the Commodity Exchange Act (Count 2)**

Plaintiff's opposition fails to salvage his deficient claim against Binance.US for violation of 7 U.S.C. § 2(a)(1)(B).

**First,** as shown above, Plaintiff fails to sufficiently allege an underlying CEA violation, so the § 2(a)(1)(B) claim necessarily fails.

**Second,** Plaintiff fails to address the inapplicability of § 2(a)(1)(B). To the contrary, Plaintiff relies on case law that reaffirms Binance.US's point that § 2(a)(1)(B) holds employers or principals liable for CEA violations of employees or agents. *See In re Amaranth Nat. Gas Commodities Litig.*, 587 F.Supp.2d 513, 546 (cited by Opp. at 14:23-25.) Indeed, in *Amaranth*, the

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

district court granted a 12(b)(6) dismissal in favor of defendant [AGI] due to the failure "to allege that the [alleged CEA violators] were operating within the scope of any employment by AGI, this claim is dismissed as to AGI." *Id.* at 546. Other defendants were dismissed when the allegations were insufficient "to allege a principal-agent relationship." *Id.* at 547. Here, no allegations show that CoinMarketCap was an employee or agent of Binance.US. Also, no allegations show that CoinMarketCap's ranking of HEX was within a scope of its employment/agency of Binance.US. Thus, Count 2 against Binance.US should be dismissed.

**Third,** Plaintiff points to no authority that would allow for liability under § 2(a)(1)(B) based on an alter ego relationship. (Opp. at 15:3-18.) Again, § 2(a)(1)(B) depends on an employer/employee or principal/agent relationship. So the claims remains deficient.

Even if some authority allowed for a § 2(a)(1)(B) claims based on an alter ego relationship, and Plaintiff points to none, Plaintiff does not sufficiently allege facts which would establish an alter ego relationship between CoinMarketCap and Binance.US.

The parties agree on what is required for Plaintiff to sufficiently allege alter ego liability. (See Memo. at 13:17-14:13, Opp. at 15:5-16.) The cases cited in Plaintiff's opposition address a parent company's liability for a subsidiary under certain circumstances. *Gatecliff v. Great Republic Life Ins. Co.*, 170 Ariz. 34, 37 (1991); *U-Haul Intern., Inc. v. Nat. Union Fire Ins. Co. of Pittsburgh, PA*, No. CV-10-1047 PHX-SMM, 2011 WL 9111, at *3 (D. Ariz. Jan. 3, 2011). Plaintiff must establish "***both:*** (1) 'unity of control' and (2) 'that observance of the corporate form would sanction a fraud or promote injustice.'" *U-Haul Intern.*, 2011 WL 9111, at *3; *Gatecliff*, 170 Ariz. at 37 (emphasis added). The Arizona Supreme Court emphasized that ***both*** elements must exist for a court to disregard the corporate entity. *Gatecliff*, 170 Ariz. at 38-39.

Here, Plaintiff wants to hold Binance.US liable for the rankings of CoinMarketCap. Yet, his allegations and opposition do not even address any "unity of interest" between the two entities. Rather, Plaintiff focuses on the relationship between Binance.US and Binance—the latter being the alleged parent of CoinMarketCap. (Opp. at 15:19-16:4.) The opposition does not justify—or even address—how an alleged "affiliate" of a parent can be the alter ego of the parent's subsidiary. (*Id.*) Indeed, his unsubstantiated argument that Binance.US used the same

REPLY IN SUPPORT OF MOTION TO DISMISS

"technologies," share some board members, and provided reports to Binance does not prove that Binance.US was the alter ego of Binance. (*Id.*)

In addition, Plaintiff fails to even address the second requirement for alter ego liability—an injustice arising from respecting the corporate form – nor could Plaintiff point to any such injustice. Plaintiff accuses CoinMarketCap of false rankings of HEX and is suing CoinMarketCap for the purported loss. Therefore, he cannot allege that "[o]bservance of the corporate form in this case could deny [him] recovery from the party [allegedly] responsible for [his loss]." *Gatecliff*, 170 Ariz. at 38. For these reasons, the alter ego theory against Binance.US fails.

## C.   Plaintiff Fails to Allege an Arizona Consumer Fraud Act Violation (Count 3)

The parties concur on the elements necessary for Plaintiff to state a claim for violation of the Arizona Consumer Fraud Act ("CFA") against Binance.US. (Memo. at 15:9-13; Opp. at 16:8-11.) But neither the complaint nor Plaintiff's opposition identify sufficient factual allegations to support such a claim against Binance.US.

**First,** Binance.US did not make a "false promise [or] misrepresentation," as required by A.R.S. § 44-1522. The only "representation" attributed to Binance.US is a statement to unidentified users that CoinMarketCap has "objective" information. (Opp. 16:15-17.) But such a generic statement does not constitute a definitive misrepresentation. And, regardless, Plaintiff needed to allege a misrepresentation made to *him*—not some unidentified and speculative user that may have abstained from purchasing HEX based on this generic statement. *See State Farm Fire & Cas. Co. v. Amazon.com Inc.*, No. CV17-01994-PHX-JAT, 2018 WL 1536390, at *4-5 (D. Ariz. Mar. 29, 2018); *Sullivan v. Pulte Home Corp.*, 290 P.3d 446, 454 (Ariz. Ct. App. 2012) (vacated in part on other grounds by *Sullivan v. Pulte Home Corp.*, 306 P.3d 1 (Ariz. 2013), and overruled in part on other grounds by *Sirrah Enters., LLC, v. Wunderlich*, 399 P.3d 89, 93-94 (Ariz. 2017)). Both *State Farm* and *Sullivan* dismissed CFA claims when the alleged misrepresentation was not made to the plaintiff. Plaintiff's claim has the same defect.[4]

---

[4] Again, Plaintiff does not allege that he purchased HEX from Binance.US and there is a lack of causation between the purported misrepresentation and Plaintiff's harm.

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

9

**Second,** Plaintiff has not alleged that Binance.US made the statement "in connection with the sale or advertisement of any merchandise." A.R.S. § 44-1522. Plaintiff's opposition devotes a single sentence to this essential element: "Binance.US's misrepresentation occurred in connection the advertisement because CoinMarketCap.Com advertised Binance.US' services as a place to buy and sell cryptocurrency and liked users who were interested in purchasing such cryptocurrency to that website. (sic)" (Opp. 16:19-22.) This confusing sentence and undeveloped rationale does not carry Plaintiff's burden. It does not identify any sale or advertisement of merchandise by Binance.US made in connection with the "objective" information representation. Instead, it seemingly references an advertisement by CoinMarketCap about a service from Binance.US that Plaintiff does not even allege that he used.

**Third,** Plaintiff fails to address the argument that he has failed to allege reliance on any misrepresentation made by Binance.US to him. (Memo. 15:20-16:5.) Instead, the opposition repeats the allegations that other unknown individuals may have relied on Binance.US pointing them to CoinMarketCap for "objective" information and those unknown individuals may have otherwise purchased HEX. (Opp. 16:15-17:2.) But, as pointed out by Binance.US, Plaintiff must show *he* relied on a misrepresentation and not some unknown individual. (Memo. 15:25-16:5.) And, in addition, his speculative and vague allegations about other unidentified users that may have purchased HEX fail to satisfy the heightened pleading requirements for a consumer fraud claim. *Bergdale v. Countrywide Bank FSB*, No. CV-12-8057-PCT-GMS, 2013 WL 105295, at *3-4 (D. Ariz. Jan. 9, 2013) (Rule 9 requirements apply to Arizona's Consumer Fraud Act).

For all of these reasons, Plaintiff's CFA claim against Binance.US fails.

**D.   Plaintiff Fails to Allege a Consumer Fraud Claim Premised on Control Person Liability (Count 4)**

Plaintiff's opposition also fails to support a Consumer Fraud Act claim against Binance.US as a "control person" over CoinMarketCap.

**First,** the claim has no legal basis. The opposition does not cite any authority recognizing control person liability under the Arizona Consumer Fraud Act. Rather, Plaintiff only cites claims for violations of the federal and state securities code which he has not alleged.

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

**Second,** even if "control person" liability existed, Plaintiff fails to allege facts that would establish Binance.US as controlling CoinMarketCap. The inapplicable securities cases cited in the opposition state that "the person targeted as a controlling person must have 'had the legal power, either individually or as part of a control group, to control the activities of the primary violator.' (citation)" *Kingsley Capital Mgmt., LLC v. Sly*, No. CV-10-02243-PHX-NVW, 2013 WL 3967615, at *10 (D. Ariz. Aug. 2, 2013). Conclusory allegations that Binance.US is a "strategic partner[]" of CoinMarketCap do not suffice. (Compl. ¶ 250.) Nor do the repeated allegations that fail to establish respondeat superior. Plaintiff's opposition does not respond to this point and, therefore, he implicitly concedes it.

**Finally,** Plaintiff has not alleged a primary violation of the Consumer Fraud Act by CoinMarketCap. Therefore, Binance.US cannot be liable.

**E.   Plaintiff Fails to State an "Antitrust" Claim Against Binance.US (Count 5)**

Plaintiff does not oppose the argument to dismiss his antitrust claims. He simply states that he "reserves his rights to amend the Complaint and to include additional claims under federal and state antitrust law." (Opp. 17:19-20.) By failing to dispute the arguments raised in the motion to dismiss, Plaintiff has "effectively abandoned" his antitrust claims and dismissal is appropriate. *Walsh v. Nev. Dep't of Human Resources*, 471 F.3d 1033, 1037 (9th Cir. 2006) (where opposition to motion to dismiss failed to address arguments in the motion to dismiss, the plaintiff "effectively abandoned" the claim); *Montgomery v. Specialized Loan Servicing, LLC*, 772 Fed.Appx. 476, 477 (9th Cir. 2019) ("The district court properly dismissed plaintiffs' remaining claims because plaintiffs failed to respond to the arguments raised in defendants' motion to dismiss these claims."); *Thompson*, 2020 WL 1432840, at *4 ("It is a well-settled principle that by failing to address arguments in an opposition, a party effectively concedes a claim.").

## IV.   CONCLUSION

This Court should dismiss all claims against Binance.US due to lack of personal jurisdiction or failure to state a claim.

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

1    DATED:  August 22, 2022         HAHN LOESER & PARKS LLP

2

3                          By: s/Michael J. Gleason

4                              Michael J. Gleason
                                Jeffrey A. Brauer

5                              Trevor S. Locko
                              Attorneys for Defendant BAM Trading Services Inc.

6                              d/b/a Binance.US

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA  92101
Tel: (619) 810-4300 · Fax:  (619) 810-4301

REPLY IN SUPPORT OF MOTION TO DISMISS