KW LAW, LLP
Andrea S. Tazioli, SBN 026621
6122 N. 7th St., Suite D
Phoenix, AZ 85014
Telephone: (602) 609-7367
andrea@kwlaw.co

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Roberto J. Gonzalez (*pro hac vice*)
Jake E. Struebing (*pro hac vice*)
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
rgonzalez@paulweiss.com
jstruebing@paulweiss.com

*Attorneys for Defendant Binance Capital Management Co., Ltd., Changpeng Zhao, Yi He, and Ted Lin*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ryan Cox, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CoinMarketCap OpCo, LLC; Binance Capital Management Co., Ltd. d/b/a Binance and Binance.com; BAM Trading Services Inc. d/b/a Binance.US; Changpeng Zhao; Catherine Coley; Yi He; Ted Lin; and Does I-X;<br><br>Defendants. | Case No. 21-cv-08197-PCT-SMB<br><br>**DEFENDANTS BINANCE CAPITAL MANAGEMENT CO., LTD., CHANGPENG ZHAO, YI HE, AND TED LIN'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**<br><br>**(Oral Argument Requested)** |

# INTRODUCTION

Plaintiff's Response ignores the fundamental defect in his Complaint. Binance Capital Management Co., Ltd.'s ("BCM") only connection to this matter about cryptocurrency rankings is that it acquired CoinMarketCap OpCo, LLC ("CoinMarketCap") in 2020. Plaintiff nonetheless continues to conflate BCM with Binance Holdings Ltd. ("Binance"), a separate company and foreign cryptocurrency exchange platform that multiple courts have declined to exercise personal jurisdiction over based on similar allegations to those presented here. *See Reynolds* v. *Binance Holdings Ltd.*, 481 F. Supp. 3d 997 (N.D. Cal. 2020); *Guarini* v. *Doe*, No. 21-cv-81890-DMM (S.D. Fla. Apr. 5, 2022), ECF No. 25.

In his Response, Plaintiff essentially concedes that there is no general or specific personal jurisdiction in Arizona over BCM and Changpeng Zhao, Yi He, and Ted Lin (collectively, the "Binance Individual Defendants"). Instead, Plaintiff argues that personal jurisdiction is present under the Commodity Exchange Act ("CEA"), 7 U.S.C. § 25(c), because the statute authorizes nationwide service of process. But the statute's text makes clear that nationwide service of process is contingent on first satisfying venue. There is no venue here because BCM is a foreign investment company with no alleged employees, offices, or operations in the United States, much less Arizona. And even if Plaintiff's reading of the CEA were correct, BCM was not served in the United States and the alleged scheme to suppress the value of HEX has no connection to any alleged conduct by BCM in the United States. Plaintiff's alter ego theory of jurisdiction is also flawed because the Complaint fails to allege *both* that BCM exerts total control over the affairs of CoinMarketCap or BAM Trading Services Inc. ("BAM"), *and* that fraud has resulted from abuse of the corporate form. Plaintiff is not entitled to jurisdictional discovery where he cannot plead basic facts giving rise to personal jurisdiction.

The claims against BCM and the Binance Individual Defendants should also be dismissed because they are inadequately pled and lack any cognizable legal basis. The claim under the CEA fails because Plaintiff has not sufficiently pled any of the required

elements and *respondeat superior* liability cannot be used to hold a parent company liable for the acts of its subsidiary. The claim under the Arizona Consumer Fraud Act ("ACFA") also fails because there was no sale or advertisement of any merchandise within the meaning of the statute, and the allegations of control person liability are facially deficient. Finally, Plaintiff fails to grapple with the merits of the Binance Individual Defendants' argument that the attempt to serve them by Twitter alone was legally insufficient and violates due process.

## ARGUMENT

### I. PLAINTIFF'S ARGUMENTS FOR PERSONAL JURISDICTION ARE MERITLESS.

Plaintiff does not contest that this Court lacks general and specific personal jurisdiction over BCM. Instead, Plaintiff deflects from BCM's lack of jurisdictional contacts by arguing that jurisdiction is present under the CEA, and that BCM is the alter ego of BAM. Both arguments lack merit for the reasons explained below.

### A. The CEA Does Not Confer Personal Jurisdiction.

Plaintiff contends that this Court has personal jurisdiction over BCM because the CEA confers nationwide service of process. *See* Pl.'s Response to the Motion to Dismiss by Defs. Binance Capital Management Co., Ltd., Changpeng Zhao, Yi He, and Ted Lin. ECF No. 73 ("Resp.") at 8–9. This argument is flawed for at least two reasons.

*First*, while the CEA authorizes nationwide service of process and courts apply a nationwide contacts test to determine personal jurisdiction for CEA claims, the CEA's venue provision must be first satisfied. *See Fire & Police Pension Ass'n of Colo.* v. *Bank of Montreal*, 368 F. Supp. 3d 681, 695 n.11 (S.D.N.Y. 2019). The CEA's venue provision states that an action "may be brought in any judicial district wherein the defendant is found, resides, or transacts business, or in the judicial district wherein any act or transaction constituting the violation occurs." 7 U.S.C. § 25(c). In other words, the defendant must still have minimum contacts with the local district before nationwide service of process is permitted. As explained more fully in BCM's Motion to Dismiss

(ECF No. 71 at 5–9), BCM does not reside or transact any business in Arizona. The alleged scheme to deflate the value of HEX (*i.e.*, the alleged act constituting a violation under the venue provision) is not the result of any affirmative act by BCM expressly aimed at Arizona. And BCM was not even served in the United States; it was served in the British Virgin Islands where it is incorporated. *See* ECF No. 13.

*Second*, in any event, BCM does not have sufficient nationwide contacts to warrant the exercise of personal jurisdiction under the CEA. BCM is a foreign investment company with no alleged employees, offices, operations, or agent for service of process in the United States, much less Arizona. And the alleged suppression scheme has no nexus to any alleged conduct by BCM in the United States. *See Sullivan* v. *Barclays PLC*, No. 13-cv-2811 (PKC), 2017 WL 685570, at *45 (S.D.N.Y. Feb. 21, 2017) (holding that plaintiff failed to connect the elements of a CEA claim to any conduct occurring in the United States). Conflating BCM with Binance, Plaintiff's own allegations suggest that BCM has insufficient contacts with the United States. The Complaint alleges that the Binance platform has not been available to U.S. users since 2019—well before the alleged scheme began in September 2020. Compl. ¶¶ 36, 93.

The cases cited by Plaintiff are not to the contrary. *See* Resp. at 8–9. In both *Warfield* v. *Alaniz*, 453 F. Supp. 2d 1118 (D. Ariz. 2006), and *Bulgo* v. *Munoz*, 853 F.2d 710 (9th Cir. 1988), the courts considered the nationwide service of process provision in a different statute (the Securities and Exchange Act of 1934, 15 U.S.C. § 78aa), and it was not disputed that the defendants had sufficient contacts with the United States to exercise personal jurisdiction. Similarly, in *Go-Video, Inc.* v. *Akai Elec. Co., Ltd.*, 885 F.2d 1406, 1414 n.7 (9th Cir. 1989), foreign defendants did "not question the district court's conclusion that their contacts with the United States met the basic requirement . . . that a defendant maintain at least 'minimum contacts' with the relevant forum." These circumstances are far removed from the facts here where Plaintiff conflates BCM with Binance, a foreign cryptocurrency exchange, that, as alleged, has not conducted any business in the United States since 2019. *See* Compl. ¶ 36; *see also Lee* v. *Binance*, No.

20-cv-02803-ALC (S.D.N.Y. Mar. 31, 2022), ECF No. 77, at 8 (holding that Binance need not register as an exchange under federal securities law because it is not "within or subject to the jurisdiction of the United States").[1]

### B. BAM Trading Services Is Not BMC or Binance's Alter Ego.

With no plausible basis for personal jurisdiction over BCM itself, Plaintiff argues that BCM is the alter ego of BAM, and that this Court may exercise jurisdiction over BCM based on BAM's alleged contacts with Arizona. *See* Resp. at 9–10. Notwithstanding whether BAM has sufficient contacts in Arizona, Plaintiff's conclusory allegations are wholly insufficient to establish alter-ego status. Plaintiff again confuses BCM with Binance, a foreign cryptocurrency exchange platform that licenses the name "Binance" and certain technologies to BAM in order to operate a distinct trading platform in the United States. A federal court has already rejected the argument that Binance is the alter ego of BAM. *See Reynolds*, 481 F. Supp. 3d at 1004–09.

"[T]he alter ego test may be used to extend personal jurisdiction to a foreign parent or subsidiary when, in actuality, the foreign entity is not really separate from its domestic affiliate." *Williams* v. *Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1021 (9th Cir. 2017) (quoting *Ranza* v. *Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015)). To satisfy this test, a plaintiff must make out a prima facie case (1) that there is such unity of interest and ownership that the separate personalities of the two entities no longer exist and (2) that failure to disregard their separate identities would result in fraud or injustice. *See Ranza*, 793 F.3d at 1073 (quoting *Doe* v. *Unocal Corp.*, 248 F.3d 915, 926 (9th Cir. 2001)). "Conclusory allegations of 'alter ego' status are insufficient to state a claim. Rather, a plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each." *Rodriguez* v. *Whole Foods Market Inc.*, No. CV-18-

---

[1] Because Binance is not a domestic exchange, Plaintiff's CEA claims are also "predominately foreign" and "impermissibly extraterritorial." *In re Platinum and Palladium Antitrust Litig.*, 449 F. Supp. 3d 290, 331 (S.D.N.Y. 2020) (citing *Morrison* v. *Nat'l Australia Bank Ltd.*, 561 U.S. 247 (2010)).

08301-PCT-SMB, 2019 WL 3220538, at *4 (D. Ariz. July 17, 2019) (quoting *Neilson* v. *Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003)).

### 1.     Unity-of-Interest

Here, Plaintiff offers only the conclusory statement that BCM and BAM have a unity of interest, and fails to explain how the Complaint's allegations are applicable to any of the unity-of-interest factors. Courts in Arizona generally consider several factors in assessing whether the unity-of-interest prong is satisfied: (1) stock ownership by the parent, (2) common officers or directors, (3) financing of subsidiary by the parent, (4) payment of salaries and other expenses of subsidiary by the parent, (5) failure of subsidiary to maintain formalities of separate corporate existence, (6) similarity of logo, and (7) plaintiff's lack of knowledge of the subsidiary's separate corporate existence. *See Rodriguez*, 2019 WL 3220538, at *3. Under Arizona law, "corporate status will not be lightly disregarded" because the alter-ego test envisions "substantially total control over the management and activities" and "isolated occurrences of some of these factors are not enough." *Id.* (cleaned up).

Considering each of these factors, Plaintiff fails to meet his burden of demonstrating a "unity of interest" between BCM and BAM:

- <u>Stock Ownership</u>: The Complaint alleges, "upon information and belief," that Binance or Changpeng Zhao own a significant portion of BAM. Compl. ¶ 42.[2] But the Complaint does not allege that BAM is a subsidiary of BCM or Binance. It merely alleges that BAM is an "affiliate" of Binance. *Id.* ¶ 5(c). Even assuming Binance has an ownership interest in BAM, "total ownership" is "alone insufficient to establish the requisite level of control." *Ranza*, 793 F.3d at 1073. And even if it were true that Zhao had an ownership interest in BAM, it "does not support an inference that *Binance* has an ownership interest in BAM." *Reynolds*, 491 F. Supp. 3d at 1008 n.7 (emphasis in original).

---

[2]   *See also Sandoval* v. *Ali*, 34 F. Supp. 3d 1031, 1040 (N.D. Cal. 2014) (rejecting conclusory allegations "on information and belief" of a unity of interest between two corporate entities).

- Common Officers and Directors: Plaintiff alleges that BAM's Board of Directors consists of the CEO and CFO of Binance. Compl. ¶ 201. It is well settled that the mere sharing of officers and directors "does not undermine the entities' formal separation." *Ranza*, 793 F.3d at 1074; *see also Kramer Motors, Inc.* v. *British Leyland, Ltd.*, 628 F.2d 1175, 1177 (9th Cir. 1980) (finding no alter ego relationship where parent and subsidiary had overlapping directors); *AMA Multimedia LLC* v. *Sagan Limited*, No. CV-16-01269-PHX-DGC, 2016 WL 5851622, at *4 (D. Ariz. Oct. 6, 2016) ("AMA does identify some common officers and directors, but such overlap is not sufficient to establish an alter ego relationship").
- Financing: The Complaint contains no allegations about BCM financing BAM, BCM paying the debts of BAM, or that BAM is otherwise inadequately capitalized. "A plaintiff's failure to discuss a unity of interest factor weighs against the finding of alter ego liability." *Reynolds*, 481 F. Supp. 3d at 1007.
- Payments: The Complaint does not allege that BCM pays the salaries and other expenses of BAM, or that the two entities commingle any funds or assets.
- Corporate Formalities: The Complaint alleges only that BAM "uses Binance's wallet, matching engine, and other technologies" and that it "offers a very similar interface." Compl. ¶¶ 41, 43. Plaintiff once again conflates BCM with Binance, and does not allege how this arrangement shows that BCM and BAM disregard corporate formalities such that one entity is a "mere instrumentality" of the other. *Rodriguez*, 2019 WL 3220538, at *3. BAM may license the name "Binance" and certain technologies from Binance, but a licensing arrangement is insufficient to confer personal jurisdiction. *See Bancroft & Masters, Inc.* v. *Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).
- Similarity of Logo: The Complaint makes a series of conclusory allegations about how the Binance website takes all U.S. users to BAM's website, and that BAM is bound by the terms of its "brand partnership" with Binance. Compl. ¶¶ 200, 203.

As a federal court has already held, the allegations concerning Binance and BAM's "websites and technological platforms do not weigh in favor of finding alter-ego liability." *Reynolds*, 481 F. Supp. 3d at 1007. Even separate entities representing themselves "as one online does not rise to the level of unity of interest required to show companies are alter egos." *Corcoran* v. *CVS Health Corp.*, 169 F. Supp. 3d 970, 984 (N.D. Cal. 2016).

- <u>Lack of Knowledge</u>: Plaintiff questions "whether there is any meaningful distinction" between BCM and BAM. Compl. ¶ 67. But Plaintiff "must do more [than] make conclusory statements regarding an alter ego relationship . . . the plaintiff must allege specific facts supporting application of the alter ego doctrine." *Barba* v. *Seung Heun Lee*, No. CV 09–1115–PHX–SRB, 2009 WL 8747368, at *4 (D. Ariz. Nov. 4, 2009).

Absent plausible factual allegations that BCM dominates the day-to-day affairs of BAM, Plaintiff cannot meet his burden of establishing alter ego jurisdiction. *See Ranza*, 793 F.3d at 1075; *see also Reynolds*, 481 F. Supp. 3d at 1007 (finding that plaintiff alleged "insufficient facts to demonstrate a unity of interest between Binance and BAM").

### 2. Fraud or Injustice

Plaintiff does not even attempt to plead facts under the second prong of the alter-ego test to show that failure to disregard the separate corporate identities "would result in fraud or injustice." *Williams*, 851 F.3d at 1021. This failure is independently fatal to his theory. Absent any allegation of fraud resulting from the failure to disregard the separation between BCM and BAM, the alter-ego theory must fail on this prong as well. *See Rodriguez*, 2019 WL 3220538, at *4 (noting that "Plaintiff does not even address how it would sanction a fraud or promote injustice"); *Gardner* v. *Starkist Co.*, 418 F. Supp. 3d 443, 465 (N.D. Cal. 2019) (finding that alter-ego theory failed because the Complaint failed to even "mention[] a possible inequitable result").

In an attempt to fix this pleading error, Plaintiff asserts in his Response that BAM "is bound by the Binance Terms as well as by the terms of its supposed 'brand

partnership' with Binance and technology licenses with Binance." Resp. at 10. Plaintiff does not allege how this business partnership amounts to fraud. In any event, "[t]he fraud or injustice must relate to the forming of the corporation or abuse of the corporate form, not a fraud or injustice generally." *In re Western States Wholesale Natural Gas Litig.*, 605 F. Supp. 2d 1118, 1133 (D. Nev. 2009). Plaintiff's own allegations undermine any inference of fraud or injustice. The Complaint alleges that BAM is "responsible for ensuring that Binance's U.S. operations . . . comply with American law." Compl. ¶ 204. For this reason alone, Plaintiff's alter ego theory of jurisdiction fails.

## C. Jurisdictional Discovery is Not Necessary to Resolve Binance's Motion to Dismiss for Lack of Personal Jurisdiction.

Plaintiff's request for jurisdictional discovery should be denied. *See* Resp. at 10–11. The jurisdictional allegations in the Complaint are fundamentally flawed and Plaintiff does not make any showing that discovery would produce facts establishing personal jurisdiction. *See Pebble Beach Co.* v. *Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) ("Where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery") (quoting *Terracom* v. *Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995)). To obtain jurisdictional discovery, Plaintiff must demonstrate "more than a hunch that that it might yield jurisdictionally relevant facts." *Boschetto* v. *Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008).

Here, Plaintiff essentially concedes that there is no general or specific jurisdiction over BCM in Arizona, making his claim of personal jurisdiction attenuated. Plaintiff's alter ego claim fares no better. A federal court already denied jurisdictional discovery on an alter-ego theory between Binance and BAM where the plaintiff's "bare allegations [were] insufficient to justify jurisdictional discovery." *Reynolds*, 481 F. Supp. 3d at 1010. Plaintiff's allegations here are no different. He fails "to offer any details supporting the assertion that discovery will establish facts supporting this Court's jurisdiction over [BCM] under Plaintiff's alter-ego theory." *Id. See also Armstrong* v.

*General Motors LLC*, No. CV-20-00284-PHX-DLR, 2020 WL 8024424, at *3 (D. Ariz. Oct. 29, 2020) (denying jurisdictional discovery where plaintiff merely "postulates" that defendant "might not have followed all the corporate formalities"); *Sutcliffe* v. *Honeywell Int'l, Inc.*, No. CV-13-01029-PHX-PGR, 2015 WL 1442773, at *10 (D. Ariz. Mar. 30, 2015) (denying "jurisdictional discovery related to the internal relationships among the various Airbus-related entities").

## II. ALTERNATIVELY, THE CLAIMS AGAINST BCM SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.

BCM submits that Counts I, III, and V should be dismissed for the reasons stated in CoinMarketCap's motion to dismiss. *See* ECF No. 72 at 8–16. It writes separately to address Plaintiff's arguments with respect to the remaining counts.

Under Count II, Plaintiff argues that BCM is vicariously liable for CoinMarketCap's alleged violations of the CEA because *respondeat superior* liability applies to violations of the CEA. *See* ECF No. 74 at 14. Even assuming there is an actionable claim under the CEA (and there is not), BCM cannot be held liable for CoinMarketCap's alleged violation because 7 U.S.C. § 2(a)(1)(B) is not a mechanism through which parent companies can be held liable for the actions of their subsidiaries. *See In re Nat. Gas Commodity Litig.*, 337 F. Supp. 2d 498, 515 (S.D.N.Y. 2004) ("Plaintiffs have not identified, nor has the Court located, any case in which corporate parents were held liable for the actions of their corporate subsidiaries under §2(a)(1)(B)."). The cases cited by Plaintiff merely stand for the proposition that a company is strictly liable for the acts of its agents or employees under the CEA. *See In re Amaranth Nat'l Gas Commodities Litig.*, 587 F. Supp. 2d 513, 531 (S.D.N.Y. 2008); *see also Dohmen-Ramirez* v. *CFTC*, 837 F.2d 847, 858 (9th Cir. 1988) (citing *Rosenthal & Co.* v. *CFTC*, 802 F.2d 963, 966 (7th Cir. 1986). Plaintiff further argues that BCM is vicariously liable for CoinMarketCap's violations of the CEA based on an alter ego theory of liability. But, the Complaint is devoid of any allegations even suggesting that BCM exerts total control over the management and activities of CoinMarketCap.

Under Count IV, Plaintiff argues that BCM is jointly and severally liable for CoinMarketCap's alleged violations of the ACFA. *See* ECF No. 74 at 17. Even if there is an actionable claim under the ACFA (and there is not), the Complaint does not allege that BCM exercised actual power or control over CoinMarketCap, particularly with respect to the administration of its cryptocurrency rankings system.

Finally, to the extent Plaintiff claims that he can amend the pleadings to cure these deficiencies, the deadline for amending as a matter of course has lapsed, and he must now seek leave to amend. *See* Fed. R. Civ. P. 15(a).

### III. THE CLAIMS AGAINST THE BINANCE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED.

#### A. Plaintiff Does Not Address Jurisdiction Over the Binance Individuals.

Plaintiff does not contest that this Court lacks general and specific personal jurisdiction over the Binance Individual Defendants. To the extent Plaintiff claims that jurisdiction exists under the CEA, the Complaint does not allege that the Binance Individual Defendants have any nationwide contacts—let alone sufficient contacts—to confer personal jurisdiction. To the contrary, the Complaint alleges only that Changpeng Zhao resides in Taiwan, Yi He resides in Malta, and that Ted Lin is not a resident of Arizona. Compl. ¶¶ 32, 33, 34. And to the extent Plaintiff attempts to assert personal jurisdiction over the Binance Individual Defendants based on an alter ego theory, the Complaint does not even attempt to plead that the Binance Individual Defendants abused the corporate form of BCM or CoinMarketCap, or were the primary participants the alleged wrongdoing. *See* ECF No. 71 at 12–13.

#### B. Plaintiff Does Not Address the Claims Against the Binance Individuals.

Plaintiff also does not contest that its claims against the Binance Individual Defendants are legally insufficient. Count I should be dismissed for the reasons stated in CoinMarketCap's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See* ECF No. 72 at 9–13. The Complaint does not plead with particularity that any of the Binance Individual Defendants intended to manipulate cryptocurrency prices. And, Count IV

should be dismissed because Plaintiff fails to allege that any of the Binance Individual Defendants actually had any involvement in the day-to-day affairs of CoinMarketCap in general, but also in CoinMarketCap's rankings system in particular. *See Paracor Finance, Inc.* v. *General Elec. Capital Corp.*, 96 F.3d 1151, 1163–64 (9th Cir. 1996).

### C. Plaintiff Does Not Address the Legal Sufficiency of Service by Twitter.

Plaintiff does not address the argument that alternative service by social media *alone* is inconsistent with due process. Instead, Plaintiff argues—without citing any case law—that alternative service was proper because the Binance Individual Defendants are "international ghosts" and "have ordered their affairs to maintain inaccessibility to the general public." Resp. at 3, 11. Plaintiff casts aspersions that are not relevant. The issue is whether service by Twitter alone is legally and constitutionally sufficient, and the Binance Individual Defendants respectfully submit it is not for the reasons stated in their Motion to Dismiss. *See* ECF No. 71 at 14–17. Plaintiff also fails to address the argument that the Twitter accounts for Yi He and Ted Lin are unverified. *See* ECF No. 24-2 at 5, 6. Plaintiff's attempt to serve two unverified accounts is why service by social media alone raises serious due process concerns. Although this Court permitted alternative service (*see* ECF No. 54), the Binance Individual Defendants respectfully preserve their opposition to service through Twitter.

### **CONCLUSION**

For these reasons, BCM and the Binance Individual Defendants respectfully request that the Court dismiss Plaintiff's Complaint in its entirety with prejudice for lack of personal jurisdiction or, in the alternative, for failure to state a claim. The claims against the Binance Individual Defendants should also be dismissed for insufficient service. Plaintiff's request for jurisdictional discovery should be denied.

DATED: August 22, 2022

                                                      KW LAW, LLP

                                                      By: /s/ *Andrea S. Tazioli*
                                                      Andrea S. Tazioli, SBN 026621
                                                        6122 N. 7th St., Suite D
                                                        Phoenix, AZ 85014
                                                        Telephone: (602) 609-7367
                                                        andrea@kwlaw.co

                                                       PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
                                                       Roberto J. Gonzalez (*pro hac vice*)
                                                        Jake E. Struebing (*pro hac vice*)
                                                       2001 K Street, NW
                                                       Washington, DC 20006
                                                       Telephone: (202) 223-7300
                                                       Facsimile: (202) 223-7420
                                                       rgonzalez@paulweiss.com
                                                       jstruebing@paulweiss.com

                                                       *Attorneys for Defendant Binance Capital Management Co., Ltd., Changpeng Zhao, Yi He, and Ted Lin*

**CERTIFICATE OF SERVICE**

I certify that on August 22, 2022, I electronically transmitted the foregoing document to the Office of the Clerk of the Court, using the CM/EFC System, for filing and for transmittal of a Notice of Electronic Filing to the CM/EFC registrants on record.

/s/ Blake Scheffey